UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. 2:13-cr-00072-JES-UAM

UNITED STATES OF AMERICA,

Plaintiff

v.

DAVID LEON FREDRICK, and
PATRICIA LYNN HOUGH,

Defendants.
_____________________________________/

**RESPONSE OF DEFENDANT PATRICIA HOUGH TO MOTION TO DETERMINE CONFLICT OF INTEREST**

COMES NOW, Defendant Patricia Lynn Hough ("Dr. Hough"), by and through the undersigned counsel, and in response to the Government's Motion to Determine Conflict of Interest [DE 14] and request to conduct a *Garcia* hearing, pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), submits the following:

Dr. Hough has a constitutional right under the Sixth Amendment to representation by counsel of her choice. She may, and did, voluntarily and knowingly waive the right to conflict-free representation in deciding that Bingham McCutchen LLP ("Bingham") and Charles E. Falk may represent her in this case once co-defendant David Leon Fredrick ("Dr. Fredrick") terminated Bingham's representation. Both Dr. Fredrick and Dr. Hough signed detailed written explicit waivers allowing such representation after having the opportunity to consult with separate, independent counsel, and the Court should find that the waivers were made knowingly and voluntarily.

## I. BACKGROUND

Dr. Fredrick engaged Bingham in March 2011, and Dr. Hough engaged Mr. Falk on March 5, 2011 to represent them in connection with the investigation which resulted in the indictment in this case. Nathan Hochman, Esq., a partner at Bingham, was the primary attorney representing Dr. Fredrick. Between 2011 and May 15, 2013, both Mr. Hochman and Mr. Falk met with and had ongoing discussions with the United States Department of Justice Tax Division Attorneys Caryn Finley and Mark Daly, as well as their predecessor Michelle Petersen, regarding the criminal investigation of Dr. Hough and Dr. Fredrick. During this time, communications between Dr. Hough's counsel and Dr. Fredrick's counsel and their respective clients regarding the investigation were protected by a common interest agreement. While Drs. Hough and Fredrick were married during the government's investigation, they are currently separated.

On May 15, 2013, the grand jury returned an indictment charging Dr. Fredrick and Dr. Hough with one count of Conspiracy to Defraud the Internal Revenue Service and four counts each of Filing False Tax Returns. On May 28, 2013, Dr. Fredrick terminated the legal services of Bingham, effective immediately. *See*, Frederick letter attached hereto as Exhibit "A". In response to, and confirmation of this directive, Mr. Hochman provided Dr. Fredrick with a letter outlining the termination of services and waiver of conflicts. In that letter, Dr. Fredrick was advised in detail of the potential conflict of interest in having Bingham represent Dr. Hough in this case and of the potential consequences of such representation, including that Bingham may take positions adverse to him on Dr. Hough's behalf; that Bingham could use any information gathered during its representation of Dr. Fredrick on Dr. Hough's behalf; and that Bingham would be able to cross-examine him and any witnesses he may present in his case based on that information. Dr. Fredrick was advised to consult with separate, independent counsel before agreeing to waive any conflict


*Bruce L. Udolf, PA*
*Broward Financial Centre, 500 East Broward Blvd., Suite 1400, Fort Lauderdale, Florida 33394*
*(954) 858-8831/ budolf@udolflaw.com*

of interest and to consent to the use of information gathered during his representation on Dr. Hough's behalf.

After having had this opportunity for consultation, Dr. Fredrick signed the waiver of conflict of interest. A true and correct copy of the signed Termination of Services, Waiver of Conflict of Interest, and Agreement to Allow Information to Be Used on behalf of Dr. Patricia Hough's Defense to Indictment ("Waiver of Conflict of Interest") is attached hereto as Exhibit "B".

Dr. Hough engaged Bingham upon Dr. Fredrick's termination. Dr. Hough's retention agreement included a waiver of conflict of interests as they pertain to Bingham's prior representation of Dr. Fredrick. Dr. Hough was advised of the potential issues relating to that prior representation and was encouraged to seek separate, independent counsel before agreeing to waive any conflict of interest. *See*, Dr. Hough's signed Retention Agreement dated May 28, 2013 ("Hough Retention Agreement") attached hereto as Exhibit "C".

## II. DR. HOUGH'S WAIVER WAS KNOWING, INTELLIGENT AND VOLUNTARY.

"[A] criminal defendant has a presumptive right to counsel of choice, and courts should hesitate to disqualify defense counsel." *United States v. Ross*, 33 F.3d 1507, 1522-23 (11th Cir. 1990) (citation omitted). A defendant may waive his or her constitutional right to conflict-free representation so long as the waiver is knowing, intelligent and voluntary. *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006).

The Court is not required to hold a *Garcia* hearing based on a mere speculative or potential conflict of interest. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); s*ee also Ross*, 33 F.3d at 1523 (explaining circumstances when a court may infringe upon a defendant's Sixth Amendment right to choose counsel include "where an attorney has an ***actual*** conflict of


*Bruce L. Udolf, PA*
*Broward Financial Centre, 500 East Broward Blvd., Suite 1400, Fort Lauderdale, Florida 33394*
*(954) 858-8831/ budolf@udolflaw.com*

interest. . .")(emphasis added). In *Garcia-Jasso*, the court held that a *Garcia* hearing was not required when the alleged conflict of interest stemming from counsel's prior representation of the spouse co-defendant was based upon "speculation and inferences." If the Court determines a present need for a *Garcia* hearing, it will examine whether the defendant: (1) was aware that a conflict of interest existed; (2) realized the consequences of continuing his or her defense with that counsel; and (3) was aware of his or her right to obtain other counsel. *Garcia*, 447 F.3d at 1337. As evidenced by the Waiver of Conflict of Interest and the Hough Retention Agreement, Dr. Hough and Dr. Fredrick have satisfied these three requirements.

Unlike the *Garcia* case decided by the Fifth Circuit, in which the retained counsel represented both the defendant and multiple potential adverse witnesses, including a prior client-turned government witness, neither Dr. Hough nor Dr. Fredrick is a cooperating government witness. Unlike the defendant in *Garcia*, there is no indication that either Dr. Hough or Dr. Fredrick intends to proceed *pro se*; rather, Dr. Hough's intention was to retain the same counsel who participated in her two-year grand jury investigation through a common interest agreement.

The Government raises the hypothetical possibility that Mr. Hochman may be forced to forgo a line of cross-examination because of his prior representation of Dr. Fredrick. *See,* [DE 14] Gov't. Motion at page 2. This issue is specifically addressed and satisfied in the Waiver of Conflict of Interest signed by Dr. Fredrick, which specifically states that:

> [Bingham] would be able to cross-examine you should you take the stand in your own defense using the Information and cross-examine any witnesses you may present using the Information. Indeed, the agreement sought from you is to waive any restrictions on the Firm's use of the Information for Dr. Hough's behalf, knowing that the Firm may take positions on Dr. Hough's behalf that are potentially adverse to your positions.


*Bruce L. Udolf, PA*
*Broward Financial Centre, 500 East Broward Blvd., Suite 1400, Fort Lauderdale, Florida 33394*
*(954) 858-8831/ budolf@udolflaw.com*

Exhibit B at 2. Similarly, Dr. Hough also was made aware of such a possible cross-examination of Dr. Fredrick, and knowingly and voluntarily waived any potential conflict of interest. Exhibit C at 4.

Moreover, even if the Court were to decide that Mr. Hochman should not be permitted to cross-examine Dr. Frederick (if he were to testify), there is a far less restrictive alternative remedy to a general disqualification of Dr. Hough's counsel of choice. For example, counsel with no prior representation of Dr. Fredrick, such as local counsel Bruce Udolf, could perform the cross-examination of Dr. Fredrick. This solution would allow the Court to address concerns of a conflict of interest while maintaining Dr. Hough's constitutional right to be represented by the counsel of her choice.

WHEREFORE, for the reasons set forth herein, Defendant Hough respectfully requests that the Government's Motion to Determine Conflict of Interest [DE 14] be **DENIED**, and for all other and further relief as this this Court deems just and appropriate under the circumstances.

Dated: June 12, 2013

Respectfully submitted,

**BRUCE L. UDOLF, P.A.**
*Counsel for Defendant Hough*
Broward Financial Centre
500 East Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33394
Tel: (954) 858-8831/ Fax (954) 525-2134
budolf@udolflaw.com
Fla. Bar No. 0899933

By: /s/ Bruce L. Udolf

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, on this 12th day of June, 2013.

By: /s/ Bruce L. Udolf