IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:13-cr-00072-FtM-JES-UAM |
| ) | |
| DAVID LEON FREDRICK and ) | |
| PATRICIA LYNN HOUGH, ) | |

**UNITED STATES' NOTICE OF INTENT TO INTRODUCE SUMMARY/EXPERT WITNESS TESTIMONY AND SUMMARIES OF VOLUMINOUS EVIDENCE**

COMES NOW, the United States of America, by and through its undersigned attorneys, and hereby gives notice of its intent to introduce expert witness testimony and summary evidence pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rule of Evidence 1006.

I.   Notice of Intent to Use Summary/Expert Witness Testimony Pursuant to Fed. R. Crim. P. 16(a)(1)(G)

During its case in chief, the government will present a summary expert witness trained in taxation and accounting. This witness, Internal Revenue Agent (IRS) Revenue Agent Sheila Maurer, will, among other areas of testimony, provide an analysis of the financial records introduced into evidence, including foreign bank records, provide a summary of unreported income received by each defendant, and the tax consequences of the unreported income. The scope of Revenue Agent Maurer's testimony will include a substantive review of relevant domestic and foreign bank account records and financial transactions, accounting records, and other trial evidence, including witness testimony. Revenue Agent Maurer will also testify generally about events that trigger a duty to report foreign bank accounts to the IRS and the

1

10138242.1

Department of the Treasury. Revenue Agent Maurer's *curriculum vitae* has been produced to counsel for Defendant Hough as part of the government's discovery.

The Federal Rules of Evidence provide that an expert witness may testify "if . . . other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. Courts have consistently approved the use of an IRS agent as an expert witness in criminal tax prosecutions. *See United States v. Gold*, 743 F.2d 800, 817 (11th Cir. 1984); *United States v. Fogg*, 652 F.2d 551, 555056 (5th Cir. 1981); *United States v. Schafer*, 580 F.2d 774, 778 (5th Cir. 1978). Expert testimony by an IRS Revenue Agent that is based upon testimony and documents admitted at trial, and that expresses an opinion as to the proper tax consequence of a transaction, is admissible evidence. *See Schafer*, 580 F.2d 778 ("expert testimony is permissible in a tax evasion case, provided, of course, that the expert testifies on the basis of facts in evidence"); *see also United States v. Pree*, 408 F.3d 855, 870 (7th Cir. 2005) ("As a summary witness, an IRS agent may testify as to the agent's analysis of the transaction which may necessarily stem from the testimony of other witnesses." (citation omitted)). An IRS expert's analysis of a particular transaction, which necessarily precedes his evaluation of the tax consequences, is also admissible. *Pree*, 408 F.3d at 870.

Moreover, if the government decides not to qualify Revenue Agent Maurer as an expert witness, her testimony would still be admissible as a summary witness. Courts of Appeals have approved the use of summary witnesses under Federal Rule of Evidence 611(a). *See e.g. United States v. Paulino*, 953 F.2d 739, 752-53 (6th Cir. 1991) superseded by statute, as explained in *United States v. Caseslorente*, 220 F.3d 227 (6th Cir. 2000) (allowing non-expert summary witness testimony to explain organizational chart reflecting various players and roles in the conspiracy, and another exhibit reflecting the cash generated from cocaine sales, under Rule

611(a), since they organized the jury's examination of testimony and documents already admitted into evidence, and since the court gave a limiting instruction and defense had an opportunity to cross-examine the witness); *Pree*, 408 F.3d at 869 ("It is well established that [t]he nature of a summary witness' (sic) testimony requires that he draw conclusions from the evidence presented at trial . . . When a summary witness simply testifies as to what the Government's evidence shows, he does not testify as an expert witness." (internal citations omitted)); *United States v. Sabino,* 274 F.3d 1053, 1067 (6th Cir. 2001), amended on other grounds by 307 F.3d 446 (6th Cir. 2002) (explaining that summary testimony is admissible in income tax prosecutions when the judge charges the jury as to the elements of the crime, and where the summary is intended to aid the jury in organizing proof and is not inflammatory or prejudicially worded.)

Revenue Agent Maurer's testimony will assist the jury by providing specialized tax and accounting expertise in order to explain the tax consequences of the transactions contained in the government's evidence, which is a subject matter for which expert testimony is admissible and relevant.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G) and the Court's Scheduling Order ¶ (I)(G), the government has provided the defendant with Revenue Agent Maurer's draft schedules, summaries and tax computations which are based upon Revenue Agent Maurer's review of the discovery materials provided to defense counsel pursuant to Fed. R. Crim. P. 16 and the Court's Scheduling Order.  Revenue Agent Maurer reserves the right to amend her computations, summaries and schedules once she has heard all testimony and reviewed all exhibits that are actually admitted at trial.  The finalized copies of these schedules will be provided shortly before Revenue Agent Maurer's testimony.  The government further reserves the right to offer additional computations, summaries and schedules and to amend any draft tax computations,

summaries and schedules provided to the defense in advance of trial. The schedules and summaries contain Revenue Agent Maurer's preliminary conclusions as to the tax consequences of the government's evidence.

The anticipated basis for Revenue Agent Maurer's opinions will be the documents and oral testimony offered at trial, the summaries of voluminous evidence admissible pursuant to Fed. R. Evid. 1006, and her experience and training in the field of taxation. Her opinions will have their basis in the Internal Revenue Code and its accompanying regulations, and will include her understanding of the relevant law and application of the facts as she understands them.

II.     Notice of Intent to Use Summaries Pursuant to Fed. R. Evid. 1006

Through its summary expert witness, the government intends to offer summaries of voluminous evidence during the presentation of its case-in-chief, consisting of summary schedules of voluminous bank and other records, including but not limited to deposits, withdrawals and wire transfers from various domestic and foreign bank accounts. Rule 1006 provides that "the contents of voluminous writings, records, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation . . ." Fed. R. Evid. 1006. Rule 1006 permits the introduction of such summary charts where the voluminous writings underlying the chart cannot be easily examined in court. *Peat, Inc. v. Vanguard Research, Incorporated*, 378 F.3d 1154, 1159 (11th Cir. 2004). "Once admitted, a Rule 1006 exhibit constitutes substantive evidence. *Id*; *see also*, *United States. v. Smyth*, 556 F.2d 1179, 1184 (5th Cir. 1977); *United States v. Francis*, 131 F.3d 1452, 1457 (11th Cir. 1997). The information in the government's summary exhibits will be derived from admissible evidence and in some cases from exhibits the government will introduce at trial. The Eleventh Circuit has indicated that summary charts comply with Rule 1006 if the chart summarizing evidence is accurate and the underlying records are otherwise admissible in

evidence.  *Peat*, 378 F.3d at 1159.  Additionally, the underlying documentation must be made available to the opposing party for examination.  *Id*.  The government has produced to defendant Hough the documents underlying the summary charts and has already provided draft versions of many of these summaries.

III.     Reciprocal Discovery Request Pursuant to Fed. R. Crim. P. 16(b)(1)(C)

Pursuant to Fed. R. Crim. P. 16(b)(1)(C), the Court's Scheduling Order ¶ (I)(S), and the expert disclosures provided herein and in the government's production on June 20, 2013, the government has and does request reciprocal disclosure of the defendant's expert or experts, if any, including a *curriculum vitae* for any such expert and a written summary of the proposed testimony within twenty-one days of the Court's Scheduling Order.

        ROBERT E. O'NEILL
        United States Attorney

By:     /s/ Caryn D. Finley
        CARYN D. FINLEY
        Trial Attorney, Department of Justice, Tax Division
        New York Bar No. 3953882
        2110 First Street, Suite 3-137
        Fort Myers, Florida  33901
        Telephone:  (239) 461-2200
        Telephone:  (202) 514-5051
        Facsimile:  (239) 461-2219
        E-mail: caryn.finley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Bruce L. Udolf
Bruce L. Udolf, P.A.
500 E. Broward Blvd.
Suite 1400
Ft. Lauderdale, FL 33394
Budolf@udolflaw.com

Brianna L. Abrams
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

In addition, I have served copies of this filing on the following parties using email:

Nathan J. Hochman
Daniel Saunders
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

Charles Edward Falk
Law Office of Charles Edward Falk
25 Devonshire Lane
Mendham, NJ 07945

/s/ Caryn D. Finley
CARYN D. FINLEY
Trial Attorney, Department of Justice, Tax Division
New York Bar No. 3953882
2110 First Street, Suite 3-137
Fort Myers, Florida  33901
Telephone:  (239) 461-2200
Telephone:  (202) 514-5051
Facsimile:  (239) 461-2219
E-mail: caryn.finley@usdoj.gov

10138242.1