IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 2:13-cr-00072-FtM-JES-UAM |
| ) | |
| DAVID LEON FREDRICK and ) | |
| PATRICIA LYNN HOUGH, ) | |

**GOVERNMENT'S RESPONSE AND MEMORANDUM OF LAW TO DEFENDANT PATRICIA LYNN HOUGH'S MOTION TO DISMISS COUNT ONE OF INDICTMENT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, the United States of America, by and through its undersigned attorneys, and hereby moves this Court to deny Defendant Patricia Lynn Hough's Motion to Dismiss Count One of the Indictment ("Defendant's Motion") because the Indictment properly charges a conspiracy to defraud under *Haas v. Henckel*, 216 U.S. 462 (1910), *Hammerschmidt v. United States*, 265 U.S. 182 (1924) and *United States v. Kottwitz*, 614 F.3d 1241, 1264, *modified in part*, 627 F.3d 1383 (11th Cir. 2010).

**MEMORANDUM OF LAW**[1]

**I.    INTRODUCTION**

Defendant Hough and Defendant Fredrick are charged with one count of conspiracy in violation of 18 USC § 371 and four counts each of filing false tax returns for 2005 through 2008 in violation of 26 USC § 7206(1). *See* Indictment, Dkt. #1. The charged conspiracy alleges that

---

[1] The government could, as the defendant did, "cut and paste" the United States' brief in opposition to Coplan's petition for writ of certiorari. However, since Supreme Court and Eleventh Circuit precedent establish that Section 371 encompases a conspiracy to defraud the United States and this Court is bound by that precedent, the government does not believe the United States' brief in opposition is helpful, other than as a recitation of the relevant case law and legislative history. Therefore, in lieu of a verbatim recitation, the government attaches the brief in opposition as Exhibit A.

1

Defendants Hough and Fredrick conspired to impede, impair, obstruct and defeat the lawful government functions of the Internal Revenue Service (IRS) in the ascertainment, computation, assessment and collection of their income taxes. *Id*. at p. 7. Defendant Hough argues that the conspiracy charge should be dismissed because the *Klein* conspiracy doctrine is invalid and inconsistent with the Supreme Court's ruling in *Skilling v. United States*, 130 S. Ct. 2896 (2010). Defendant's Motion at pp. 3-4.

II.   **LAW**

"Federal district court and circuit courts are bound to adhere to the controlling decisions of the Supreme Court." *Jeffree v. Wallace*, 705 F.2d 1526, 1532 (11th Cir. 1983); *Hutto v. Davis*, 454 U.S. 370, 375 (1982). Furthermore, the Eleventh Circuit adheres to the prior panel precedent rule which states that "the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v. GTE Corp.*, 236 F.3d 1292, 1302-03 (11th Cir. 2001).

The Supreme Court, in two cases from the early 1900s, *Haas v. Henckel,* 216 U.S. 462 (1910), and *Hammerschmidt v. United States*, 265 U.S. 182 (1924), held that Section 371 applies to "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." *Dennis v. United States*, 384 U.S. 855, 861 (1966).

Subsequent Supreme Court decisions have repeatedly recognized and reaffirmed the construction of the defraud clause of the conspiracy statute as adopted in *Haas* and *Hammerschmidt*. *See, e.g. Glasser v. United States*, 315 U.S. 60, 66 (1942) ("The indictment charges that the United States was defrauded by depriving it of its lawful governmental functions by dishonest means; it is settled that this is a 'defrauding' within the meaning of Section 37 of

the Criminal Code."); *Dennis v. United States*, 384 U.S. 855, 961 (1966) ("It has long been established that this statutory language [in the defraud clause of Section 371] . . .reaches 'any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government") *quoting Haas*, 216 U.S. at 479); *McNally v. United States*, 483 U.S. 250, 359 n.8 (1987) (explaining that *Haas* and *Glaser* "held that § 371 reaches conspiracies other than those directed at property interests").

Furthermore, the Eleventh Circuit has recognized a *Klein* conspiracy under the "defraud clause". *Kottwitz*, 614 F.3d at 1264; *United States v. Adkinson*, 158 F.3d 1147, 1154 (11th Cir. 1998) (the essence of a *Klein* conspiracy is "an agreement among the conspirators with the intent to obstruct the government's knowledge and collection of revenue due").

### III.  CONCLUSION

Pursuant to Supreme Court precedent and the Eleventh Circuit prior panel precedent rule, the government respectfully moves the Court to (1) deny Defendant Hough's challenge to the validity of the *Klein* conspiracy, and (2) rule as the Second Circuit did in *United States v. Coplan* that "the *Klein* doctrine derives from and falls within the scope of the law of [this] Circuit (itself grounded on long-lived Supreme Court decisions)" and is a valid theory of criminal liability. *United States v. Coplan*, 703 F.3d 46, 61-62 (2d Cir. 2012).

        ROBERT E. O'NEILL
        United States Attorney

    By:    /s/ Caryn D. Finley
           CARYN D. FINLEY
           Trial Attorney, Department of Justice, Tax Division
           New York Bar No. 3953882
           2110 First Street, Suite 3-137
           Fort Myers, Florida 33901
           Telephone: (202) 514-5051

        Facsimile:  (202) 514-0961
        E-mail: caryn.finley@usdoj.gov


By: /s/ Margaret Leigh Kessler
   MARGARET LEIGH KESSLER
   Trial Attorney, Department of Justice, Tax Division
   2110 First Street, Suite 3-137
   Fort Myers, Florida  33901
   Telephone:  (202) 514-5193
   Facsimile:  (202) 514-9623
   Margaret.Leigh.Kessler@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 5, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Bruce L. Udolf
Bruce L. Udolf, P.A.
500 E. Broward Blvd.
Suite 1400
Ft. Lauderdale, FL 33394
Budolf@udolflaw.com

Brianna L. Abrams
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

      In addition, I have served copies of this filing on the following parties using email:

Nathan J. Hochman
Daniel Saunders
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

Charles Edward Falk
Law Office of Charles Edward Falk
25 Devonshire Lane
Mendham, NJ 07945

      /s/ Caryn D. Finley
      CARYN D. FINLEY
      Trial Attorney, Department of Justice, Tax Division
      New York Bar No. 3953882
      2110 First Street, Suite 3-137
      Fort Myers, Florida  33901
      Telephone:  (202) 514-5051
      Facsimile:  (202) 514-0961
      E-mail: caryn.finley@usdoj.gov