UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.  2:13-cr-00072-JES-UAM

UNITED STATES OF AMERICA,

    Plaintiff

v.

DAVID LEON FREDERICK, and
PATRICIA LYNN HOUGH

    Defendants.
_____/

**DEFENDANT PATRICIA LYNN HOUGH'S RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY COUNSEL**

COMES NOW, Defendant Patricia Lynn Hough, by and through the undersigned counsel, and hereby submits this Response in Opposition to the Government's Motion to Disqualify Counsel [DE 35].  This opposition is based on the incorporated memorandum of law, the files and records in this case, and such further evidence and argument as may be presented at any hearing on the government's motion and in support thereof states as follows:

**MEMORANDUM OF LAW**

I.    **INTRODUCTION**

Defendant Patricia Lynn Hough ("Dr. Hough") is charged in this case with one count of conspiracy, in violation of Title 18, United States Code, Section 371, and four counts of subscribing to a false tax return, in violation of Title 26, United States Code, Section 7206(1).  Dr. Hough's husband, David Leon Fredrick ("Dr. Fredrick"), is jointly charged in the conspiracy count and separately charged in four § 7206(1) counts.

On June 7, 2013, prior to Dr. Hough's initial appearance in this case, the government filed a "Motion to Determine Conflict of Interest" based on the fact that co-counsel for Dr. Hough, the firm of Bingham McCutchen LLP ("Bingham"), formerly represented Dr. Fredrick in connection with the government's pre-indictment investigation prior to being terminated by Dr. Fredrick in May 2013. In response to the government's motion, Dr. Hough submitted detailed conflict waivers executed by her and by Dr. Fredrick demonstrating that both had knowingly and voluntarily waived any potential conflict of interest resulting from Bingham's successive representation of Dr. Hough. When Dr. Fredrick failed to appear as scheduled at the initial appearance on June 13, 2013, United States Magistrate Judge Douglas N. Frazier issued a warrant for his arrest and denied the government's conflict motion as "moot." *See*, Order attached hereto as Exhibit "A".

Nothing has changed to call the magistrate judge's ruling into question. Dr. Fredrick still is not before the Court, and therefore there is no actual, or even potential, conflict of interest. Moreover, even were the conflict issue not moot, any potential conflict is so remote and speculative at this point that denying Dr. Hough her choice of counsel would constitute a Sixth Amendment violation. The government's Motion to Disqualify Counsel should be denied.[1]

**II.    BACKGROUND**

Dr. Fredrick engaged Bingham in March 2011, and Dr. Hough engaged Charles E. Falk on March 5, 2011, to represent them in connection with the investigation that resulted in the indictment in this case. Nathan Hochman, Esq., a partner at Bingham, was the primary attorney

---

[1] Fed R Crim P 59(a) provides that a party may serve and file objections to a magistrate judge's non-dispositive oral or written order within 14 days after the order, and that the district judge must "set aside any part of the order that is contrary to law or clearly erroneous." Although the government has captioned the instant pleading as a new motion, it is in fact no more than a renewal of the motion previously denied by the magistrate judge, which motion was *not* objected to, or appealed from, pursuant to Rule 59(a) and is based on the same law and operative facts.

representing Dr. Fredrick. Between 2011 and May 15, 2013, both Mr. Hochman and Mr. Falk met with and had ongoing discussions with the United States Department of Justice Tax Division Attorneys Caryn Finley and Mark Daly, as well as their predecessor Michelle Petersen, regarding the criminal investigation of Dr. Hough and Dr. Fredrick. During this time, communications between Dr. Hough's counsel, Dr. Fredrick's counsel, and their respective clients regarding the investigation were protected by a common interest agreement. While Drs. Hough and Fredrick were married during the government's investigation, they are currently separated.

On May 15, 2013, the grand jury returned an indictment charging Dr. Fredrick and Dr. Hough with one count of Conspiracy to Defraud the Internal Revenue Service and four counts each of Filing False Tax Returns. On May 28, 2013, Dr. Fredrick terminated the legal services of Bingham, effective immediately. *See*, Fredrick letter attached hereto as Exhibit "B". In response to and in confirmation of this directive, Mr. Hochman provided Dr. Fredrick with a letter outlining the termination of services and waiver of conflicts. In that letter, Dr. Fredrick was advised in detail of the potential conflict of interest in having Bingham represent Dr. Hough in this case and of the potential consequences of such representation, including: that Bingham may take positions adverse to him on Dr. Hough's behalf; that Bingham could use any information gathered during its representation of Dr. Fredrick on Dr. Hough's behalf; and that Bingham would be able to cross-examine him and any witnesses he may present in his case based on that information. Dr. Fredrick was advised to consult with separate, independent counsel before agreeing to waive any conflict of interest and to consent to the use of information gathered during his representation on Dr. Hough's behalf.

After having had this opportunity for consultation, Dr. Fredrick signed the waiver of conflict of interest. A true and correct copy of the signed Termination of Services, Waiver of

Conflict of Interest, and Agreement to Allow Information to Be Used on behalf of Dr. Patricia Hough's Defense to Indictment ("Waiver of Conflict of Interest") is attached hereto as Exhibit "C".

Dr. Hough engaged Bingham upon Dr. Fredrick's termination. Dr. Hough's retention agreement included a waiver of conflicts of interest as they pertain to Bingham's prior representation of Dr. Fredrick. Dr. Hough was advised of the potential issues relating to that prior representation and was encouraged to seek separate, independent counsel before agreeing to waive any conflict of interest. *See*, Dr. Hough's signed Retention Agreement dated May 28, 2013 ("Hough Retention Agreement") attached hereto as Exhibit "D".

### III. ARGUMENT

"[A] criminal defendant has a presumptive right to counsel of choice, and courts should hesitate to disqualify defense counsel." *United States v. Ross*, 33 F.3d 1507, 1522-23 (11th Cir. 1990) (citation omitted). A defendant may waive his or her constitutional right to conflict-free representation so long as the waiver is knowing, intelligent, and voluntary. *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006). Here, Dr. Hough has made the knowing, intelligent, and voluntary choice to be represented by the same counsel who participated in her two-year grand jury investigation through a common interest agreement.

The government cites *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), for the proposition that the court must hold an in-person hearing and question the defendant regarding her understanding of the possible conflict of interest. (*Motion* at 5). However, the court is not even required to hold a *Garcia* hearing based on a mere speculative or potential conflict of interest. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); s*ee also Ross*, 33 F.3d at 1523 (explaining that circumstances under which a court may infringe upon a defendant's Sixth

Amendment right to choose counsel include "where an attorney has an ***actual*** conflict of interest") (emphasis added).  In *Garcia-Jasso*, on facts similar to those in this case, the court held that a *Garcia* hearing was not required when the alleged conflict of interest stemming from counsel's prior representation of the spouse co-defendant was based upon "speculation and inferences."  The court underscored that "[a] conflict will exist only when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client."  *Id*.

Here, the government has failed to allege any actual conflict of interest or to present any facts suggesting that Bingham's duty of loyalty or zealous advocacy is compromised.  Nevertheless, Dr. Hough has no objection to the court questioning her on the record about the knowing and voluntary nature of her conflict waiver.  Because Dr. Hough is available for such an inquiry, the validity of her waiver is readily capable of determination and provides no basis for disqualification.  Thus, the crux of the government's motion is that disqualification is necessary to protect *Dr. Fredrick's* rights.  (*Motion* at 7).  Dr. Fredrick, however, is not even before the court, his whereabouts are unknown, no counsel has appeared on his behalf, and, as the government acknowledges, "it is presently uncertain if and when he will become available."  (*Id.*)  Because Dr. Fredrick is not before the Court, neither is his right to conflict-free counsel.  Therefore, as Magistrate Judge Frazier properly found, the conflict issue is moot.  Certainly, Dr. Fredrick's apparent fugitive status should not result in depriving Dr. Hough of her constitutional rights by prematurely disqualifying her counsel of choice.

The cases cited by the government in support of a purported "universal requirement" of an "on the record [*Garcia*] inquiry" (*Motion* at 6) are factually distinguishable from the instant case.  Specifically, in *Garcia*, *supra*, *United States v. Rodriguez*, 982 F.2d 474 (11th Cir. 1993), and

*United States v. Zajax*, 677 F.2d 61 (11th Cir. 1982), the conflict issues arose from one counsel representing multiple defendants at trial (in *Garcia*, additionally, defense counsel had represented anticipated government witnesses). Because all defendants were before the court, an inquiry was required of each of them to ensure that they understood the dangers of joint representation and waived conflicts arising therefrom. Dr. Fredrick's absence, the lack of any simultaneous joint representation, and the fact that Dr. Fredrick is not a cooperating government witness readily distinguish each of these cases.[2] The only other case cited by the government in support of its claimed "universal requirement," *United States v. Petz*, 764 F.2d 1390 (11th Cir. 1985), involved a single defendant and his defense counsel who had previously represented two government witnesses. The court there did not state that the former clients needed to be the subject of any on-the-record conflict inquiry; rather, the inquiry related only to the defendant *before the court* and to the validity of his waiver of the right to conflict-free assistance of counsel.

The government's motion does not allege an actual conflict of interest, but rather relies on a *potential* conflict resulting from Bingham's successive representation of Dr. Fredrick and Dr. Hough. (*Motion* at 5 n.2). While a court may refuse a waiver based on a potential conflict that may develop into an actual one during trial, *Wheat v. United States*, 486 U.S. 153, 163 (1987), any potential conflict in this case is far too remote and speculative to justify denying Dr. Hough her Sixth Amendment right to counsel of choice. Indeed, in this case, it is uncertain whether Dr. Fredrick will ever appear at the trial in this matter, and thus it is even more uncertain whether any of the circumstances that could potentially give rise to a conflict of interest (*e.g.,* including Dr.

---

[2] *United States v. McCutcheon*, 86 F.3d 187, 189 (11th Cir. 1996), cited by the government for the proposition that Dr. Fredrick's rights must be protected in this instance (*Motion* at 7), similarly involved two defendants who were *both present before the court*. Notably, one of these two defendants refused to waive the conflict that would result from his former counsel representing his co-defendant.

Fredrick taking the stand at such a trial, and being subject to cross-examination by Bingham attorneys with information obtained through the prior representation, or the presentation of inconsistent defenses at trial) will ever come to pass.

It is curious that the government would court risk of error so early on into these proceedings.  *See, United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) (erroneous deprivation of criminal defendant's choice of counsel is structural error requiring reversal of conviction and is *not* subject to harmless-error analysis).

### IV.   CONCLUSION

Because any determination of actual or potential conflict of interest is premature as long as Dr. Fredrick remains a fugitive, the magistrate judge properly denied the government's first conflict motion as moot.  For those same reasons, the government's Motion to Disqualify should also be denied.[3]

Dated: July 8, 2013                                                  Respectfully submitted,

                                                                                      **BRUCE L. UDOLF, P.A**.
                                                                                      *Counsel for Defendant Hough*
                                                                                      Broward Financial Centre
                                                                                      500 East Broward Blvd., Suite 1400
                                                                                      Fort Lauderdale, Florida 33394
                                                                                      Tel: (954) 858-8831/ Fax (954) 525-2134
                                                                                      budolf@udolflaw.com
                                                                                      Fla. Bar No. 0899933

                                                                                      By: /s/ Bruce L. Udolf

---

[3] Should Dr. Fredrick ever appear in this case, a *Garcia* hearing may be held at that time, and the Court may inquire into the knowing and voluntary nature of Dr. Fredrick's conflict waiver.  Even if the Court were to determine at that time that an impermissible conflict of interest would exist should Mr. Hochman cross-examine Dr. Fredrick, a far less restrictive alternative exists to the disqualification of an entire law firm that has been involved in this complex investigation for over two years.  For example, co-counsel, Bruce Udolf, who has never represented Dr. Fredrick, could perform his cross-examination.  This would be a more tailored solution than the Draconian one urged by the government which would effectively deny Dr. Hough her constitutional right to counsel of her choice – counsel invested with as many years in this investigation as his government adversaries.

                **BINGHAM MCCUTCHEN LLP**
*Counsel for Defendant Hough*
The Water Garden, Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA 90404-4082
Telephone: (310) 255-9087
Facsimile: (310) 907-2087


By: /s/ Nathan J. Hochman
    Nathan J. Hochman
    nathan.hochman@bingham.com

    Daniel A. Saunders
    daniel.saunders@bingham.com


## CERTIFICATE OF COMPLIANCE

    WE HEREBY CERTIFY that the undersigned has conferred with opposing counsel prior to the filing of this motion, that counsel has been unable to resolve the issues by agreement, and that the motion concerns matters which are not covered by the scheduling order, as directed in the Court's Criminal Scheduling Order [DE 22], at ¶ II (D).

                By: /s/ Bruce L. Udolf


## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, on this 8th day of July, 2013.
                By: /s/ Bruce L. Udolf