IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:13-cr-00072-FtM-JES-UAM |
| | ) |
| DAVID LEON FREDRICK and | ) |
| PATRICIA LYNN HOUGH, | ) |

**REPLY TO RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY COUNSEL**

COMES NOW, the United States of America, by and through its undersigned counsel, and replies to Defendant Hough's Response in Opposition to Motion to Disqualify ("Response").[1]  Dkt. #38.

**MEMORANDUM OF LAW**

    I.    **INTRODUCTION**

The crux of Defendant Hough's Response is that she is available for the Court to conduct a *Garcia* hearing as to her and since Defendant Fredrick's whereabouts are unknown and he has not subjected himself to the jurisdiction of this Court, "his right to conflict-free counsel" is not before this Court.  Dkt. #38 at p. 5 and 6.

    II.    **LAW AND ARGUMENT**

This Court must protect both Defendants' constitutional rights.  Defendant Fredrick's ultimate right to receive a fair trial with conflict-free counsel cannot be disregarded because he is a fugitive.  *United States v. Voigt*, 89 F.3df 1050, 1078 (3d Cir. 1996); *see also* Model Rules of Professional Conduct Rule 1.7 cmt. at ¶ 5 ("When more than one client is involved, the question of conflict must be resolved as to each client."); Rule 1.9 cmt. at ¶ 12 ("Disqualification from

---

[1] The government's instant motion is different from its Motion to Determine Conflict of Interest because it seeks different relief and therefore does not fall under Fed.R.Crim.P. 59.

1

subsequent representation is for the protection of former clients."). While Defendant Hough has a Sixth Amendment right to be represented by her counsel of choice, that right is not absolute. The purpose of the Sixth Amendment is to "guarantee an effective advocate for each criminal defendant." *Wheat v. United States*, 486 U.S. 153, 159 (1988).

The district court has a "duty to advise defendants of possible conflicts of interest before a valid waiver can be obtained." *United States v. Newell*, 315 F.3d 510, 519-20 (5th Cir. 2002).

> After [thirty-eight] years, the requirements of *United States v. Garcia* are at the hand of every trial judge in the circuit. It commands that the district court address each defendant personally and forthrightly advise him of the potential dangers of representation by a counsel with a conflict of interest and detail specifics about potential conflicts that are then foreseeable. The trial court should then seek to elicit a response from each defendant that he understands the details of the attorney's possible conflict of interest and the potential perils of such a conflict.

*Id*. (internal quotations omitted). The Eleventh Circuit has never held that *Garcia* hearings are reserved for conflict situations involving only a finite set of facts.

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1970). A defendant's right to waive conflict-free counsel is not absolute. *Wheat*, 486 U.S. at 164. Even where a defendant chooses to waive the conflict, the Court is empowered to reject the waiver. *Id.* at 162-63. This Court "has substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the" case progresses. *Id*.

Mr. Hochman's prior and current representations are substantially related and he has divided loyalties that "prevent him from effectively representing" Defendant Hough. *Wheat*, 486

2

U.S. at 164; *United States v. Culp*, 934 F.Supp. 394, 398 (M.D.Fla. 1996).  The government submits that, absent a waiver, Mr. Hochman's successive representation of Defendant Hough in the same matter that he previously represented Defendant Fredrick rises to the level of an actual conflict of interest in that Defendant Frederick's interests are materially adverse to those of Defendant Hough.  *United States v. Campbell*, 491 F.3d 1306, 1311 (11th Cir. 2007); Model Rules of Professional Conduct Rule 1.9.  Given the allegations in the indictment, the government reasonably anticipates that Defendant Hough would assert a defense that she was not involved in the financial dealings of her husband, as they filed separate tax returns, or of the medical schools, and that Defendant Fredrick handled such matters.  This "point the finger" defense would be directly adverse to Defendant Fredrick and would implicate him in the charged criminal conduct.  Mr. Hochman would have knowledge of Defendant Fredrick's position and control over these finances through his prior representation of Defendant Fredrick and would use this information to shift blame from his present client to his former client.  *See also* Dkt. #19-2, p. 2 and 19-3, p. 4.  Additionally, the government is concerned that if either or both Defendants were to testify at trial, that Mr. Hochman could use privileged information he learned in his representation of Defendant Fredrick to Defendant Fredrick's disadvantage or be forced to forgo a line of cross-examination because of his prior representation.  *Id.*   This conflict of interest must be waived in a knowing, voluntary and intelligent way by <u>both</u> Defendant Hough and Defendant Fredrick.  *See* Model Rules of Professional Conduct Rules 1.7 and 1.9; s*ee also Campbell*, 491 F.3d at 1312 (co-defendant refused to waive potential conflict); *Culp*, 934 F.Supp. at 400 (disqualification of the defendant's attorney where, among other reasons, the former clients refused to waive the conflict).

Even if this Court finds that there is not yet an actual conflict of interest, at a minimum Mr. Hochman's representation of Defendant Hough presents this Court with a serious potential for conflict of interest. *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987). This serious potential for conflict of interest alone warrants disqualification even if Defendants Fredrick and Hough executed valid waivers as the court in its independent interest in ensuring the integrity of the trial can reject them. *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994).

In either case, whether there is an actual conflict of interest or a substantial potential conflict of interest requiring disqualification, the Court must assess whether Defendants Fredrick and Hough fully comprehend the consequences of their waivers, and *Garcia* directs that "the court should actively participate in the waiver decision." *United States v. Garcia*, 517 F.2d 272, 277 (5th Cir. 1975). For example, does Defendant Fredrick truly understand that his waiver gives Mr. Hochman unfettered permission to use attorney-client privileged information, information Mr. Hochman obtained during his representation of Defendant Frederick and which might not otherwise be disclosed, against and to Defendant Fredrick's detriment both to exculpate Defendant Hough and inculpate Defendant Fredrick? "[A]ttorneys are forbidden without *informed consent* from using information relating to a prior representation to their former client's disadvantage." *United States v. Massimino*, 832 F.Supp.2d 510, 516 (E.D.Pa. 2011); *see also* Model Rules of Professional Conduct Rule 1.7(b)(4).

*Massimino* is a highly instructive case. Defendant Massimino desired to have Attorney Santaguida represent him at a conspiracy trial, however, Santaguida had previously represented two of Massimino's co-defendants – Manacello and Ligambi. Santaguida represented Monacello in state proceedings which were going to be at issue in the federal trial and he represented Ligambi in the federal case, including at a pretrial detention hearing. *Massimino*, 832 F.Supp.2d

at 517.  The court, "[h]aving decided that Mr. Santaguida's prior representations place him in the fork of divided loyalties" determined that the next issue was whether informed waivers could be obtained.  *Id*. at 518.  The court held that waivers were possible and appointed independent counsel for Ligambi and Massimino to assist them in making a knowing and voluntary waiver of their rights to conflict-free counsel.  *Id*.  The Court held that it "will hold hearings with each affected party on the issue of informed waivers." *Id.* at 519.  According to the docket, the court conducted a Waiver of Conflict Hearing and with the assistance of independent counsel accepted Ligambi's waiver of his right to conflict free counsel.  *United States v. Staino, et. al.* 2:09-cr-00496-ER (E.D.Pa.) Dkt. #792.  This further supports the government's argument that an on-the-record waiver is critical.

      The timeline detailed in the government's Motion to Disqualify and the Defendant's Response make clear that Defendant Fredrick likely was not represented by counsel at the time he executed the waiver.  Almost simultaneously with Mr. Hochman's termination Defendant Hough requested Mr. Hochman's Firm ("the Firm") represent her and Defendant Hough was then represented by Mr. Hochman when she executed the waiver.  Mr. Hochman appears to be the only attorney giving both Defendants counsel, again calling into question the knowing, intelligent and voluntary nature of Defendant Fredrick's waiver.  This is why the Eleventh Circuit requires an in-court inquiry to ensure that both defendants are fully aware of the potential conflict and knowingly and intelligently waive their constitutional rights.  Given the likelihood that Defendant Fredrick was not represented by independent counsel at the time that he signed the waiver and his failure to appear at arraignment, the Court should not give substantial weight to the written waiver.  *Wheat*, 486 U.S. at 163 (in the context of joint representation, the Supreme Court, in holding that waivers can be rejected by district courts held that it is not "amiss to

5

observe that the willingness of an attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information to them.").

Moreover, presuming that Defendant Fredrick was not represented by counsel when he signed the termination and waiver of his right to conflict-free counsel and that this process was likely done via email as the letters imply, given the seriousness of firing counsel as well as the constitutional implications of waiving both attorney-client privilege and conflict-free representation, the government argues that completing all of these tasks in one day leaves little time for reflection or independent consultation, let alone a knowing and intelligent waiver. This is especially true given the extremely expansive waiver detailed in the termination letter, to include the right to cross-examine Defendant Fredrick or any of his witnesses using information obtained during the Firm's representation of him.

Nothing prevents Defendant Fredrick from reappearing on the eve of trial or even after the conclusion of Defendant Hough's trial and alleging that he did not fully comprehend the rights he was giving up in the written waiver and did not understand the expansive use Mr. Hochman was authorized therein to make of attorney-client privileged information. At that point, depending on the posture of the case, if Mr. Hochman and the Firm are not disqualified, Defendant Hough would be required to find new counsel, certainly delaying any trial date, or, if after a conviction, she most certainly would file a motion for ineffective assistance of counsel. Furthermore, and more important, Defendant Fredrick would argue that his Sixth Amendment rights were violated and that he never knowingly waived either the attorney-client privilege or the right to conflict-free counsel. *See Wheat*, 486 U.S. at 161 (trial courts confronted with multiple representations face the prospect of being 'whip-sawed' by assertions of error no matter which way they rule. If a district court agrees to the multiple representation, and the advocacy of

counsel is thereafter impaired as a result, the defendant may well claim that he did not receive effective assistance of counsel . . . On the other hand, a district court's refusal to accede to the multiple representation may result in a challenge" to disqualification.).

### III.     CONCLUSION

Defendant Fredrick's right to conflict-free counsel must be knowingly, intelligently and voluntarily waived on the record.  Defendant Fredrick is presently unavailable for a *Garcia* hearing and the Court is within its discretion to refuse to accept Defendant Fredrick's written waiver.  Therefore, because Defendant Hough is "incapable of waiving either the rights" of Defendant Fredrick "or the interests of the Court in the integrity of its procedures and the fair and efficient administration of justice" the government respectfully moves the Court to grant the Government's Motion to Disqualify Mr. Hochman and the Firm.  *Culp* 934 F.Supp. at 400.

        ROBERT E. O'NEILL
        United States Attorney

By:    /s/ Caryn D. Finley
        CARYN D. FINLEY
        Trial Attorney, Department of Justice, Tax Division
        New York Bar No. 3953882
        2110 First Street, Suite 3-137
        Fort Myers, Florida  33901
        Telephone:  (202) 514-5051
        Facsimile:  (202) 514-0961
        E-mail: caryn.finley@usdoj.gov

By:    /s/ Margaret Leigh Kessler
        MARGARET LEIGH KESSLER
        Trial Attorney, Department of Justice, Tax Division
        2110 First Street, Suite 3-137
        Fort Myers, Florida  33901
        Telephone:  (202) 514-5193
        Facsimile:  (202) 514-9623
        Margaret.Leigh.Kessler@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on July 10, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Bruce L. Udolf  
Bruce L. Udolf, P.A.  
500 E. Broward Blvd.  
Suite 1400  
Ft. Lauderdale, FL 33394  

Brianna L. Abrams  
Bingham McCutchen, LLP  
The Water Garden  
1601 Cloverfield Blvd., Suite 2050 North  
Santa Monica, CA 90404-4082  

Charles Edward Falk  
Law Office of Charles Edward Falk  
25 Devonshire Lane  
Mendham, NJ 07945  

      In addition, I have served copies of this filing on the following parties using email:

Nathan J. Hochman  
Daniel Saunders  
Bingham McCutchen, LLP  
The Water Garden  
1601 Cloverfield Blvd., Suite 2050 North  
Santa Monica, CA 90404-4082  

      /s/ Caryn D. Finley  
      CARYN D. FINLEY  
      Trial Attorney, Department of Justice, Tax Division  
      New York Bar No. 3953882  
      2110 First Street, Suite 3-137  
      Fort Myers, Florida  33901  
      Telephone:  (239) 461-2200  
      Telephone:  (202) 514-5051  
      Facsimile:  (239) 461-2219  
      E-mail: caryn.finley@usdoj.gov