UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                       2:13-cr-72-FtM-29DNF

PATRICIA LYNN HOUGH
_____

**OPINION AND ORDER**

This matter comes before the Court on the government's Motion to Disqualify Counsel (Doc. #35) filed on June 26, 2013. Defendant Patricia Lynn Hough (defendant or Dr. Hough) filed a Response in Opposition (Doc. #38), and the government filed a Reply (Doc. #39). On August 6, 2013, the Court conducted a Garcia[1]-type hearing and heard argument from counsel and testimony from Dr. Hough.

**I.**

Defendant Hough and her co-defendant husband defendant David Leon Fredrick (Dr. Fredrick) were the subject of a federal investigation regarding fraud upon the United States in connection with tax returns. Beginning in March 2011, Dr. Hough was represented by attorney Charles Falk and Dr. Fredrick was represented by attorney Nathan Hochman of Bingham McCutchen, LLP in connection with this investigation. Drs. Hough and Fredrick and their respective attorneys had an oral common interest agreement pursuant to which confidential information was shared between the

_____
[1]United States v. Garcia, 517 F.2d 272 (5th Cir. 1975), abrogated on other grounds, Flanagan v. United States, 465 U.S. 259, 263 n.2 (1984).

defendants and their respective counsel during the government's investigative phase.

A grand jury returned an Indictment against both individuals on May 15, 2013. (Doc. #1.) Both defendants were charged jointly with one count of conspiracy, and each was charged with four separate substantive tax counts. In due course, a summons was issued to each defendant for an initial appearance. (Doc. #12.)

On or about May 28, 2013, Dr. Fredrick sent a letter to Mr. Hochman asking Mr. Hochman to withdraw as his attorney "in the case of David Fredrick vs. Department of Justice" effective immediately (Doc. #19-1.) On the same day, Mr. Hochman responded by an email letter to confirm the firm's termination as counsel "in connection with the federal criminal investigation" that led to the Indictment. In the letter, Mr. Hochman stated that he had been requested to represent Dr. Hough in connection with the Indictment and "advised that there is a potential for conflict of interest" in the Firm's representation of Dr. Hough. (Doc. #19-2.) As examples of such conflicts, Mr. Hochman explained that Dr. Hough may take positions, introduce evidence, testify, or argue in a manner adverse to Dr. Fredrick. The letter continued that if Dr. Fredrick agreed to waive the conflict of interest, Dr. Fredrick would be agreeing to the use of any information developed as part of a common interest privilege, including during cross-examination of Dr. Fredrick and any other witness. The letter summarized:

"Indeed, the agreement sought from you is to waive any restrictions on the Firm's use of Information for Dr. Hough's behalf, knowing that the Firm may take positions on Dr. Hough's behalf that are potentially adverse to your positions." (Id., p. 2.) Dr. Fredrick was advised in all capital letters that he was under no obligation to waive the conflict of interest or consent to the use of the information. He was strongly encouraged to seek the advice of counsel before considering waiver. If he agreed to waive the conflict of interest, he was requested to sign the bottom of the letter. Dr. Fredrick signed the letter and returned it to Mr. Hochman. (Id., p. 3.) Mr. Hocham entered a Retention Agreement with Dr. Hough on the same day. (Doc. #19-3.)

On May 30, 2013, five attorneys filed Notices of Appearance on behalf of Dr. Hough (Docs. ## 4-8), three from the firm of Bingham McCutchen, LLP (including Mr. Hochman) and two from separate firms. Dr. Fredrick never appeared in court pursuant to his summons. There is currently a warrant for his arrest, and he remains a fugitive.

The government seeks to disqualify Nathan Hochman, Esq., and the firm of Bingham McCutchen, LLP, from representing Dr. Hough based on his prior representation of Dr. Fredrick. The government argues that since Dr. Fredrick is a fugitive, there can be no effective waiver of any conflict by either Dr. Hough or Dr. Fredrick.

**II.**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right. . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. An important component of this constitutional right to counsel is that a defendant who does not require appointed counsel may choose who will represent her. United States v. Gonzalez-Lopez, 548 U.S. 140, (2006)(citing Wheat v. United States, 486 U.S. 153, 159 (1988)). "Thus, a criminal defendant has a presumptive right to counsel of choice." United States v. Campbell, 491 F.3d 1306, 1310 (11th Cir. 2007)(quoting United States v. Ross, 33 F.3d 1507, 1522 (11th Cir. 1994)).

Nonetheless, "a defendant's right to the counsel of his choice is not absolute." Campbell, 491 F.3d at 1310. "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat, 486 U.S. at 159. Thus, the right to counsel of choice is "circumscribed in several important respects." Wheat, 486 U.S. at 159. One of the restrictions on counsel of choice is the notion that "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession

and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160. Even when a conflict is waived, "where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented." Wheat, 486 U.S. at 162.

Every attorney appearing in the Middle District of Florida is governed by the Code of Professional Responsibility and other ethical limitations or requirements governing the professional behavior of members of The Florida Bar. Local Rules, United States District Court Middle District of Florida, Rule 2.02(c). Under The Florida Bar Rules of Professional Conduct, a lawyer shall not represent a client if representation of the client will be materially limited by the lawyer's responsibilities to a former client. Rules of Prof'l Conduct R. 4-1.7(a) (2012). A lawyer may represent a client, however, if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
>
> (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

Rules of Prof'l Conduct R. 4-1.7(b) (2012). As to a former client, a lawyer shall not:

>   (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or
>
>   (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
>   (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Rules of Prof'l Conduct R. 4-1.9 (2012).

A conflict of interest by counsel of choice may justify the disqualification of counsel and counsel's entire firm. Campbell, 491 F.3d at 1311. In determining whether a conflict warrants disqualification, the Court considers whether counsel has divided loyalties; whether the conflict could cause counsel to improperly use privileged communications in cross-examination; and if the conflict could deter counsel from intense cross-examination to protect the former client. Ross, 33 F.3d 1507 at 1523. The decision whether to disqualify counsel is committed to the sound discretion of the court. Wheat, 486 U.S. at 163-64.

It is undisputed that Mr. Hochman previously represented Dr. Fredrick during the investigative phase of this prosecution. Thus, it is clear that the subject matter of the prior representation of Dr. Fredrick was substantially related to the current

representation of Dr. Hough.  It is also undisputed that Mr. Hochman received confidential information from Dr. Fredrick during this representation.  Mr. Hochman also informed that Court that all such privilege communications were shared with Dr. Hough and her attorneys pursuant to the verbal common interest agreement.  While confidential information was disclosed to Dr. Hough's counsel pursuant to the common interest agreement, there is no evidence that the oral common interest agreement allows the use of the confidential information against the other person.  These circumstances create a potential conflict of interest.  <u>United States v. Almeida</u>, 341 F.3d 1318, 1323-24 (11th Cir. 2003).

Dr. Fredrick has, however, waived any potential conflict of interest by waiving his attorney client privilege in connection with the representation during the investigative phase of the prosecution.  Dr. Fredrick has provided a written waiver of his rights and informed consent to Mr. Hochman representing Dr. Hough in the case.  The government worries that Dr. Fredrick may take issue with his written consent and waiver, and asserts that the Court may not accept it without personally examining Dr. Fredrick.  As noted earlier, Dr. Fredrick is currently a fugitive and therefore is not entitled to the protections of the court.  His fugitive status cannot preclude a co-defendant from counsel of her choice merely on the chance that he may take a different position once in court.  If the government's fears materialize, courts

routinely determine matters that involve conflicting evidence. The government has not cited any binding authority holding that a fugitive can prevent a co-defendant from retaining counsel of choice under the circumstances of this case.

At the hearing, the Court heard from counsel and from Dr. Hough. Counsel indicated that his representation would be without reservation or hesitation and to completion. Dr. Hough stated, under oath, that she understood the discussions with regard to the conflict of interest and potential conflict of interest, that she had consulted separate counsel concerning the decision to waive the conflict, or potential conflict, and that she waived the conflict knowingly and voluntarily without reservation. The Court finds that Dr. Hough's waiver was made voluntarily, knowingly, and intelligently, and with the understanding of the consequences. The Court accepts the waiver.

Accordingly, it is now

**ORDERED:**

The government's Motion to Disqualify Counsel (Doc. #35) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2013.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record