FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2013 SEP -4 AM 10: 33

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES OF AMERICA,

v.

DAVID LEON FREDRICK and
PATRICIA LYNN HOUGH,

Case No. 2:13-cr-72-FtM-JES-UAM

**UNDER SEAL**

## MOTION FOR DETERMINATION OF PRIVILEGE

COMES NOW, the United States of America, by and through the undersigned attorneys, and hereby moves this Court to make a final determination regarding privilege of two Memoranda of Interview due to Defendant David Fredrick's non-appearance in this matter.

I.  BACKGROUND

On May 15, 2013, David Fredrick ("Fredrick") and Patricia Hough ("Hough") were indicted on four counts of false returns each and one count of conspiracy. Dkt. #1. Trial is currently set for October 8, 2013. However, Fredrick is not expected to be present as he failed to appear for arraignment. Dkt. #24. During the grand jury investigation, Fredrick was represented by Nathan Hochman of Bingham McCutchen, LLC, while Hough was represented by Charles Faulk. On May 28, 2013, Hochman ceased to represent Fredrick. Dkt. #19-1, Exhibit A. On that same date, Hochman was hired to represent Hough. Dkt. #19-3, Exhibit C.

During the grand jury investigation, David Minchenberg, ("Minchenberg"), a former employee, and Schneider & Associates ("S&A"), an accounting firm, provided the government with documents that potentially contained attorney client communications

1

and attorney work product. In January 2012, the Government advised the Court of its intent to implement proposed procedures for the review of potentially privileged documents. The Court issued an Order on February 2, 2012, declining to approve taint procedures.

To balance the interests of the Government and the Defendants, the Government arranged for a team of attorneys (the "taint team") from the Department of Justice, Tax Division, who do not have responsibility for the prosecution of this case, to review the documents obtained from Minchenberg and S&A to determine whether the attorney-client privilege or work product protection may apply. The taint team attorneys, Erin Mellen and Kimberly Shartar, were briefed on the facts of this case. The taint team attorneys have not communicated with the prosecution team regarding the contents of documents claimed to be privileged.

In order for the taint team to ascertain whether attorney-client privilege or work product protections applied, the taint team interviewed Jerry Schneider, the named partner of S&A. During the March 16, 2013 interview, the prosecution team, including the assigned investigative agent, was not present. However, an IRS agent assigned out of a local New York office attended as a witness of the interview. Shortly after the interview, the agent wrote a Memoranda of Interview ("MOI"). Exhibit A. Subsequently, on April 18, 2013, a follow up phone conversation was had between the taint team and Schneider. The agent wrote a second MOI of the phone conversation. Exhibit B.

During the interview with the taint team, Schneider explained how he was retained by Fredrick and Hough. Exhibit A. He further detailed the scope of his work. Id. However, when the engagement letters were sent, the letters listed attorneys as the

2

client.[1] Id. Schneider explained that it is very unusual for the engagement letters to include an attorney's name. Id. Schneider further noted that the only reason an attorney would have been listed as the engaging party would have been at the client's request. Id.

According to Schneider, part of the audit involved determining the impact of certain tax liabilities. Id. In order to gain a greater understanding of those tax liabilities, Schneider recommended to Fredrick that he engage the services of Peter Glicklich of Davies, Ward, Phillips & Vineberg LLP[2]. Id. As a result of Schneider's recommendation, Glicklich's advice was sought. Id.

After indictment, in order to comply with the Government's discovery obligations, the taint team provided Hough's Defense counsel with the two MOIs. The prosecution team has not been provided with the MOIs. On August 30, 2013, Defense counsel for Hough confirmed that the MOIs, Exhibits A and B, do not contained any privileged material and therefore may be provided to the prosecution team. However, because Fredrick's whereabouts and whether he is even represented are unknown, the taint team is unable to learn his position regarding the MOIs.

As such, the taint team requests the court to review the memoranda in-camera and make a final determination that the memoranda do not include any information that

---

[1] The attorneys listed on the engagement letters are Michael Refolo and Michael Angelini of Bowditch and Dewey LLP.

[2] The Memoranda reference Peter Glicklick; Glicklich is the correct spelling.

3

should be protected by privilege and therefore should be provided to the prosecution team.

## II. LAW AND DISCUSSION

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn v. United States, 449 U.S. 383, 389 (1981). The attorney-client privilege is defined as "a communication made between privileged persons, in confidence, for the purpose of seeking, obtaining, or providing legal assistance for the client." The Attorney-Client Privilege and the Work-Product Doctrine, 2nd ed, ABA Section of Litigation (1989). "The privilege only protects disclosure of confidential communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." Upjohn, 449 U.S. at 395. In fact, only the confidential communications, not the attorney-client relationship as a whole, are protected. Matter of Walsh, 623 F.2d 489, 493 (7th Cir.1980); Goddard v. United States, 131 F.2d 220 (5th Cir. 1942) ("the privilege claimed extended only to the communications made in the attorney-client relationship, not to the fact that such a relationship existed.")

As a general matter, "the party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991). Indeed, it is not proper for the court to "invert[] the burden of proof, improperly placing the onus on the government to show what information was not privileged." United States v. Ruehle, 583 F.3d 600, 609 (9th Cir. 2009).

4

It is Frederick's burden to assert any potential privilege.[3] In Frederick's absence, there is no one to assert that privilege on his behalf. However, even if Fredrick were present and claimed privilege, it is the taint team's position that the Memoranda of Interview do not contain any privileged information. The Memoranda do not detail any communications between Peter Glicklich of Davies, Ward, Phillips & Vineberg LLP, or Michael Refolo of Bowditch & Dewey, LLC, and Fredrick. Instead, the MOI dated March 16, 2013 states that an attorney was sought to seek advice regarding an audit issue.[4] Exhibit A. The MOI dated April 18, 2013 only references emails between Michael Refolo and Schneider. Exhibit B. The mere existence of an attorney client relationship is not privileged.[5] Goddard, 131 F.2d 220.

Trial in this matter is fast- approaching. For the government to properly prepare for trial, the prosecution team should have access to the prior statements of Schneider, a witness likely to be called by the government. Without knowing the subject of the prior interview, the prosecution team would be unaware of any potentially inconsistent statements. It would be in the interest of justice and a fair trial to provide the Memoranda to the prosecution.

---

[3] As noted above, Hough's counsel confirmed that no redactions are necessary and the Memoranda may be provided to the prosecution team.

[4] Even the mere fact that it is regarding an audit issue is not privileged. See Upjohn, 449 U.S. at 395.

[5] The taint team is not conceding that a privileged relationship even existed.

As such, the taint team requests this court review the Memoranda of Interview, Exhibits A and B, to determine that the taint team can release them to the prosecution team for their trial preparation.

                              A. LEE BENTLEY, III
                              Acting United States Attorney

By: *Erin Mellen /NHW*
ERIN MELLEN
Trial Attorney
Department of Justice, Tax Division
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (202) 305-4075
E-mail: Erin.S.Mellen@usdoj.gov

By: *Kimberly M. Shartar /NHW*
Kimberly M. Shartar
Trial Attorney
Department of Justice, Tax Division
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (202) 353-2121
E-mail: Kimberly.M.Shartar@usdoj.gov

U.S. v. DAVID LEON FREDRICK, ET AL       Case No. 2:13-cr-72-FtM-JES-UAM

## CERTIFICATE OF SERVICE

I have served copies of this filing on the following parties using email:

Nathan J. Hochman
Daniel Saunders
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

Bruce L. Udolf
Bruce L. Udolf, P.A.
500 E. Broward Blvd.
Suite 1400
Ft. Lauderdale, FL 33394

Charles Edward Falk
Law Office of Charles Edward Falk
25 Devonshire Lane
Mendham, NJ 07945

*Kimberly M. Shartar /NHS*
Kimberly M. Shartar
Trial Attorney
Department of Justice, Tax Division
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (202) 353-2121
E-mail: Kimberly.M.Shartar@usdoj.gov