IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:13-cr-00072-FtM-JES-UAM |
| v. | ) |
| | ) |
| PATRICIA LYNN HOUGH, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S PROPOSED ADDITIONAL JURY INSTRUCTIONS

COMES NOW, the United States of America, by and through undersigned counsel, and hereby moves the Court to provide the following proposed jury instructions in addition to the proposed jury instructions submitted jointly by the United States and the Defendant.

                        A. LEE BENTLEY
                        Acting United States Attorney

                        By:   /s/ Caryn D. Finley
                                 CARYN D. FINLEY
                                 Trial Attorney, Department of
                                 Justice, Tax Division
                                 New York Bar No. 3953882
                                 2110 First Street, Suite 3-137
                                 Fort Myers, Florida  33901
                                 Telephone:  (202) 514-5051
                                 Facsimile:  (202) 514-0961
                                 E-mail: caryn.finley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Bruce L. Udolf

Charles Edward Falk

Brianna L. Abrams

In addition, I have served copies of this filing on the following parties using email:

Nathan J. Hochman
Daniel Saunders
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

/s/ Caryn D. Finley
CARYN D. FINLEY
Trial Attorney, Department of
Justice, Tax Division
New York Bar No. 3953882
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Telephone: (202) 514-5051
Facsimile: (239) 461-2219
E-mail: caryn.finley@usdoj.gov

**SPECIAL INSTRUCTIONS**

**9**
**Good-Faith Defense to Willfulness**
**(as under the Internal Revenue Code)**

Good-Faith is a complete defense to the charges in the indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charge(s). If the Defendant acted in good faith, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act." It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was [religiously, politically, or morally] required or that ultimate good would result.

## ADDITIONAL PROPOSED INSTRUCTIONS

### Gross Income

Gross income generally means all income from whatever source derived.  Gross income includes, but is not limited to, compensation for services, such as wages, salaries, fees, or commissions, income derived from a trade or business, gains from dealings in property, interest, royalties and dividends.

26 USC § 61.

**Proof of Knowledge of Contents of Return**

The fact that an individual's name is signed to a return means, that, unless and until outweighed by evidence in the case which leads you to a different or contrary conclusion, you may find that the filed tax return was in fact signed by the person whose name appears to be signed to it.  If you find proof beyond a reasonable doubt that the defendant signed her tax return, that is evidence from which you may, but are not required to, find or infer that the defendant had knowledge of the contents of the return.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 6.26.7206 (2007 ed.)

26 USC § 6064

*United States v. Gaines*, 690 F.2d 849, 853-55 (11th Cir. 1982)

### **Proof of One False Material Item Enough**

The indictment charges in Counts Six through Nine that the defendant's income tax returns for the years 2005, 2006, 2007 and 2008 were false in two material respects – (a) reported that total income on Line 22 was the amount indicated on the filed tax return, whereas, as the defendant then and there knew and believed, the amount of total income on Line 22 was substantially greater; and (b) failed, on Schedule B, Parts I and III, lines 7a and 7b, to report that she had an interest in or signature or other authority over bank, securities and other financial accounts located in foreign countries, whereas, as she then and there knew and believed, she had an interest in or a signature or other authority over, bank, securities, and other financial accounts located in foreign countries.

You are instructed that it is sufficient if you find that the government has established beyond a reasonable doubt that any of these items were both material and falsely reported on the defendant's tax returns. In other words, the government does not have to prove that in each year all of the items were false and material: proof of the falsity and materiality of a single item in each year is sufficient. You must unanimously agree on that item. On the other hand, if you unanimously find that none of these items was material and falsely reported on the defendant's return then you should acquit the defendant.

*Griffin v. United States* 502 U.S. 46, 49 (1991)

*Silverstein v. United States*, 377 F.2d 269, 270 n.3 (1st 1967)

*United States v. Rayor*, 204 F.Supp. 486, 491 (4th Cir. 1969)

## **Omission of Material Matter**

An income tax return may be materially false not only because of a misstatement of a material matter, but also because of an omission of a material matter.

*United States v. Griffin*, 524 F.3d 71, 76 (1st Cir. 2008)

*Siravo v. United States*, 377 F.2d 469, 472 (1st Cir. 1967)

*United States v. Taylor*, 574 F.2d 232, 235-36 (5th Cir. 1978)

*United States v. Cohen*, 544 F.2d 781, 783 (5th Cir. 1977)

10600503.1