IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:13-cr-00072-FtM-JES- |
| v. | ) | UAM |
| | ) | |
| PATRICIA LYNN HOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT AND DEFENDANT'S JOINT FILING OF AGREED PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its undersigned counsel, and

DAefendant Patricia Lynn Hough, by and through her undersigned counsel, file this Joint

Proposed Jury Instructions. The parties reserve the right to object to some of these

proposed instructions depending on the evidence introduced at trial as they may not be

applicable.  The instructions come from the Eleventh Circuit Pattern Instructions unless

otherwise noted.

FOR THE DEFENDANT                         FOR THE UNITED STATES

_____/s/ Nathan J. Hochman_____          _____/s/ Caryn D. Finley_____
NATHAN J. HOCHMAN, Esq.                  CARYN D. FINLEY, Esq.
Attorney for Patricia Lynn Hough          Trial Attorneys
                                          Department of Justice, Tax Division

10600486.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2013, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notification of that

electronic filing (NEF) to the following:

Bruce L. Udolf

Charles Edward Falk

Brianna L. Abrams

In addition, I have served copies of this filing on the following parties using
email:

Nathan J. Hochman
Daniel Saunders
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

/s/ Caryn D. Finley
CARYN D. FINLEY
Trial Attorney, Department of
Justice, Tax Division
New York Bar No. 3953882
2110 First Street, Suite 3-137
Fort Myers, Florida  33901
Telephone:  (239) 461-2200
Telephone:  (202) 514-5051
Facsimile:  (239) 461-2219
E-mail: caryn.finley@usdoj.gov

10600486.1

**PROPOSED INSTRUCTIONS**

**Preliminary Instructions**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors.  These are preliminary instructions.  At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crimes charged in the indictment.  At the end of the trial, I will explain the law that you must follow to reach your verdict.  You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms.  It can be testimony about what someone saw or heard or smelled.  It can be an exhibit admitted into evidence.  It can be someone's opinion.  Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact.  As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

What is not evidence:

Certain things are not evidence and must not be considered.  I will list them for you now:

10600486.1

• Statements and arguments of the lawyers.  In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

• Questions and objections of the lawyers.  The lawyers' questions are not evidence.  Only the witnesses' answers are evidence.  You should not think that something is true just because a lawyer's question suggests that it is.  For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, then the question may be answered or the exhibit received.  If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

• The opportunity and ability of the witness to see or hear or know the things testified to;

• The witness's memory;

• The witness's manner while testifying;

• The witness's interest in the outcome of the case and any bias or prejudice;

• Whether other evidence contradicted the witness's testimony;

• The reasonableness of the witness's testimony in light of all the evidence; and

• Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

Rules for criminal cases:

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove her innocence or to present any evidence, or to testify.  Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify.  It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial.   I will now give you those instructions:

1.      Do not talk, either among yourselves or with anyone else, about anything related to the case.  You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2.      Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3.      You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4.      Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case.  And you must

not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5.      Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6.      Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites such as Facebook, My Space, or Twitter.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge.

It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render

a verdict.  Only you have been found to be fair and only you have promised to be fair –
no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until
the court tells them to begin deliberations, because premature discussions can lead to a
premature final decision.

Our law also does not permit you to visit a place discussed in the testimony.  First,
you can't be sure that the place is in the same condition as it was on the day in question.
Second, even if it were in the same condition, once you go to a place discussed in the
testimony to evaluate the evidence in light of what you see, you become a witness, not a
juror.  As a witness, you may now have a mistaken view of the scene that neither party
may have a chance to correct.  That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the
case, and that you not attempt to research any fact, issue, or law related to the case.  Your
decision must be based solely on the testimony and other evidence presented in this
courtroom.  Also, the law often uses words and phrases in special ways, so it's important
that any definitions you hear come only from me, and not from any other source.  It
wouldn't be fair to the parties for you to base your decision on some reporter's view or
opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly
sets forth serious consequences if the rules are not followed.  I trust that you understand
and appreciate the importance of following these rules, and in accord with your oath and
promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you so that you do not hear other answers by witnesses.  When you leave the courtroom, your notes should be left in the jury room.

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are to assist your memory only.  They are not entitled to any greater weight than your memory or impression about the testimony.

<u>Separate consideration for each defendant</u>:[1]

<u>Course of the trial</u>:

The trial will now begin.  First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in.  Next, the defendant's attorney may, but does not have to, make an opening statement.  Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them.  Following the government's case, the defendant may, if she wishes, present witnesses whom the government may cross-examine.  After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law.  After that, you will go to the jury room to decide your verdict.

---

[1] The parties are not in agreement on this section of the preliminary instructions and are each filing a separate proposed instruction.

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**2.1**

**<u>The Duty to Follow Instructions</u>**
**<u>And the Presumption of Innocence</u>**

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove her innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**2.2**
**The Duty to Follow Instructions and the Presumption**
**Of Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law  – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove her innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

10600486.1

**4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what  matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

10600486.1

**5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

10600486.1

**6.1**
**Impeachment of Witnesses Because of**
**Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**6.3**
**Impeachment of Witnesses Because of Inconsistent Statements (Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**6.7**
**Impeachment of Witness Because of Bad Reputation for**
**(or Opinion about) Truthfulness**
**(May Be Used With 6.1 - 6.6)**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

10600486.1

**7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**8**
**Introduction to Offense Instructions**

The indictment charges five separate crimes, called "counts," against the Defendant.  Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant knowingly and willfully conspired to defraud the Internal Revenue Service.

Counts Six through Nine charge that the Defendant filed false tax returns with the IRS for tax years 2005, 2006, 2007 and 2008.  I will explain the law governing those offenses in a moment.

**9.1 B**
**On or About; Knowingly; Willfully - Intentional**
**Violation of a Known Legal Duty**


You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids.  Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

.

10600486.1

**10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**11**
**<u>Duty to Deliberate</u>**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**12**
**<u>Verdict</u>**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

**SPECIAL INSTRUCTIONS**

**5**
**Note-taking**

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

10600486.1

**12**
**<u>Character Evidence</u>**

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

**18**
**Good-Faith Reliance upon Advice of Accountant**

Good-faith is a complete defense to the charge in the indictment because the Government must prove beyond a reasonable doubt that the Defendant acted with the intent to defraud and a specific intent to violate a known legal duty.  Evidence that the Defendant in good-faith followed the advice of an accountant would be inconsistent with such an unlawful intent.

Unlawful intent has not been proved if the Defendant, before acting:

• made a full and complete good-faith report of all material facts to an accountant he or she considered competent;

• received the accountant's advice as to the specific course of conduct that was followed; and

• reasonably relied upon that advice in good-faith.

**OFFENSE INSTRUCTIONS**

**13.6**
**Conspiracy to Defraud the United States**
**18 U.S.C. § 371 (Second Clause)**

It's a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies.

To "defraud" the United States means to cheat the Government out of property or money or to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)         Two or more people in some way agreed to try to accomplish a shared and unlawful plan;

10600486.1

(2)         the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)         during the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the indictment; and

(4)         the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.  In order to sustain its burden of proof on this element under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act, that this overt act was performed during the existence or life of the conspiracy and after May 15, 2007, and was done to somehow further the goal of the conspiracy or agreement.  Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.[2]

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

_____

[2] This modification comes from: 2 Kevin F. O'Malley et al., *Federal Jury Practice and Instructions*, § 31.07 (6th ed. 2008) (modified)
*United States v. Yates*, 354 U.S. 298, 334 (1957)
*United States v. Arboleda*, 929 F.2d 858, 865 (1st Cir. 1991)
*United States v. Anderson*, 611 F.2d 504, 510 (4th Cir. 1979)
*United States v. Lewis*, 759 F.2d 1316, 1344 (8th Cir. 1985)
*United States v. Hermes*, 847 F.2d 493, 495 (8th Cir. 1988)
*United States v. Zielie*, 734 F.2d 1447, 1456 (11th Cir. 1984)

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.  Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

**109.1**
**Filing a False Tax-Related Document**
**26 U.S.C. § 7206(1)**

It's a Federal crime to willfully and knowingly prepare and file a false tax return or other tax-related documents.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)        the Defendant made and subscribed or caused to be made or subscribed an individual income tax return, Form 1040 for the year 2005, 2006, 2007 and 2008;[3]

(2)        the individual income tax return, Form 1040 contained a written declaration that it was signed under the penalty of perjury;

(3)        when the Defendant made or helped to make the individual income tax return, Form 1040, she knew it contained false material information;

(4)        when the Defendant did so, she intended to do something she knew violated the law;

(5)        the false matter in the individual income tax return related to a material statement.

The government has the burden of proving each of these five elements beyond a reasonable doubt, for each of the years in question.

---

[3] The parties have added the "subscribed or caused to be subscribed" and "signed" language because the making and subscribing of a tax return is one of the elements.  *See United States v. Kaiser*, 893 F.2d 1300, 1305 (11th Cir. 1990); *United States v. Carrodeguas*, 747 F.2d 1390, 1396 (11th Cir. 1982).  An income tax is "made" when it is filed with the Internal Revenue Service.  It is "subscribed" when it is signed by the taxpayer, or when he authorizes another to sign his name for him.  *United States v. Gilkey*, 362 F. Supp. 1069, 1071 (E.D. Pa. 1973)

A declaration is "false" if it is untrue when it is made and the person making it knows it is untrue.

A declaration is "material" if it concerns a matter of significance or importance, not a minor or insignificant or trivial detail.

The Government does not have to show that any taxes were not paid because of the false return, or that any additional taxes are due.  It only has to prove that the Defendant intentionally helped to file a materially false return, which Defendant knew violated the law.

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service.

**TRIAL INSTRUCTIONS**

**2**
**<u>Witness's Prior Statement or Testimony</u>**
**<u>Explanatory Instruction</u>**

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

## ADDITIONAL PROPOSED INSTRUCTIONS

### **Unindicted, Unnamed or Separately Tried Co-Conspirators**

Now, some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted together, or tried together in one proceeding.

Sixth Circuit Criminal Panel Jury Instructions, No. 7.12 (2007 ed.) (modified)

10600486.1

## <u>Charts and Summaries -- Not Admitted</u>

During the trial you have seen counsel use summaries, charts, drawings, or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.

Sixth Circuit Criminal Panel Jury Instructions, No. 7.12 (2007 ed.)

10600486.1

## <u>Charts and Summaries -- Admitted</u>

Charts or summaries have been prepared by Revenue Agent Maurer, have been admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are in evidence in the case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

O'Malley, Grenig and Lee, 1A Federal Jury Practice and Instructions, § 14.02 (6th Ed. 2008)

10600486.1