UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.  2:13-cr-00072-JES-UAM

UNITED STATES OF AMERICA,

    Plaintiff

v.

DAVID LEON FREDERICK, and
PATRICIA LYNN HOUGH

    Defendants.
_____/

**DEFENDANT PATRICIA LYNN HOUGH'S SUPPLEMENTAL
<u>PROPOSED JURY INSTRUCTIONS (ANNOTATED)</u>**

    COMES NOW, Defendant Patricia Lynn Hough, by and through her counsel of record, and hereby submits the following supplemental proposed jury instructions to be read to the jury in addition to the separately filed jointly proposed instructions.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1**

Two Equally Reasonable Constructions of the Evidence

If the circumstantial evidence and all of the evidence in the case is susceptible of two equally reasonable constructions, one indicating guilt and the other innocence, then you are obligated under the law to accept that construction indicating innocence, and you should find the Defendant not guilty.

*United States v. Wolfe*, 611 F.2d 1152, 1155 & n.5 (5th Cir. 1980)[1]; *Felker v. Turpin*, 83 F.3d 1303, 1315 (11th Cir. 1996); *United States v. Hansen*, 262 F.3d 1217, 1249 (11th Cir. 2001).

---

[1] *See, Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as precedent decisions of the Fifth Circuit rendered prior to October 1, 1981).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

<u>Testimony of Witness with Immunity</u>

You must consider some witnesses' testimony with more caution than others.

For example, witnesses who have been promised immunity from prosecution may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Jury Instructions (Criminal) No. 1.1 (2010)
[Testimony of Accomplice, Informer, or Witness with Immunity] (modified to remove non-pertinent references to paid informants and witnesses who hope to gain more favorable treatment in their own cases)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

Object of the Conspiracy

It is not sufficient for the government simply to prove the existence of an agreement. The government must also prove beyond a reasonable doubt that the purpose of that agreement was to interfere with the lawful functions of the IRS in collecting taxes. This tax purpose must be the *object* of the conspiracy, and not merely a foreseeable consequence of some other conspiratorial scheme. If you find that impeding the IRS was only a collateral effect of an agreement, rather than one of its purposes, then you must find the Defendant not guilty.

*United States v. Adkinson*, 158 F.3d 1147, 1155 (11th Cir. 1998).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

<u>Failure to Disclose Income is Insufficient to Establish Conspiracy</u>

A failure to disclose income is, without more, insufficient to establish a conspiracy to defraud the United States.  Rather, the government must prove beyond a reasonable doubt that there was an agreement among the conspirators with the intent to obstruct the government's knowledge and collection of revenue due.  Unless you find that the government has proved beyond a reasonable doubt that the Defendant and the other alleged conspirators had some common design with unity of purpose to impede the IRS, then you must find the Defendant not guilty.

*United States v. Adkinson*, 158 F.3d 1147, 1154 (11th Cir. 1998); *United States v. Klein*, 247 F.2d 908, 916-18 (2d Cir. 1957).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 5

<u>Actual Tax Liability as Requirement for Conspiracy to Impede IRS</u>

In order to find that the Defendant intended to impede the IRS, there must be clear and unequivocal evidence that the Defendant *knew* of her tax liability and was motivated by a purpose to evade that liability. If you find that the government has not proved beyond a reasonable doubt that the Defendant was in fact personally liable for additional income tax as alleged in the indictment, then you cannot convict her of conspiring to defraud the United States.

*United States v. Adkinson*, 158 F.3d 1147, 1155 (11th Cir. 1998); *Ingram v. United States*, 360 U.S. 672, 680 (1959).

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6

<u>The Good Faith Defense</u>

The good faith of the Defendant is a complete defense to the tax charges in Counts Six through Nine of the indictment because good faith is simply inconsistent with willfully filing a fraudulent tax return.

While the term "good faith" has no precise definition, it means, among other things, an honest belief, a lack of malice, and the intent to perform all lawful obligations. A person who acts on a belief or on an opinion honestly held is not punishable under this statute merely because that honest belief turns out to be incorrect or wrong. The tax laws subject to criminal punishment only those people who willfully file a fraudulent tax return.

If a person acts without reasonable grounds for belief that her conduct is lawful, it is for the jury to decide whether that person has acted in good faith in order to comply with the law or whether that person has willfully filed a fraudulent return.

A person who believes that her tax return truthfully reports the taxable income and allowable deductions under the tax law acts in good faith and cannot be found guilty of "willfully" filing a false return as charged in Counts Six through Nine of the indictment.

In determining whether or not the government has proven that the Defendant willfully filed a fraudulent tax return or whether the Defendant acted in good faith, the jury must consider all of the evidence received in the case bearing on the Defendant's state of mind.

The burden of proving good faith does not rest with the Defendant, because the Defendant has no obligation to prove anything to you. The government has the burden of proving to you beyond a reasonable doubt that the Defendant acted willfully. If the evidence in the case leaves the jury with a reasonable doubt as to whether the Defendant acted in good faith or acted willfully in filing a fraudulent tax return, the jury must acquit the Defendant.

Kevin F. O'Malley et al., 2B Fed. Jury Prac. & Instr., § 67:25 (6th ed. 2010) ["The good faith defense"]

(Page 2 of 2)

## DEFENDANT'S PROPOSED INSTRUCTION NO. 7

<u>Inference from Signature on Tax Return</u>

The mere fact that a taxpayer has signed a tax return does not in itself prove her knowledge of the contents. Although knowledge may be inferred from the signature along with the surrounding facts and circumstances, whether or not to draw such an inference is left entirely up to you.

*United States v. Gaines*, 690 F.2d 849, 853-54 (11th Cir. 1982); <u>See, *United States v. Mohney*</u>, 949 F.2d 1397, 1407 (6th Cir. 1991).

Dated: October 3, 2013

                                                                  Respectfully submitted,

                                                                  **BRUCE L. UDOLF, P.A**.
*Counsel for Defendant Hough*
Broward Financial Centre
500 East Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33394
Tel: (866) 951-9058/ Fax (954) 525-2134
budolf@udolflaw.com
Fla. Bar No. 0899933

                                                                  By: /s/ Bruce L. Udolf

## CERTIFICATE OF COMPLIANCE

      WE HEREBY CERTIFY that the undersigned has conferred with opposing counsel prior to the filing of this motion, that counsel has been unable to resolve the issues by agreement, and that the motion concerns matters which are not covered by the scheduling order, as directed in the Court's Criminal Scheduling Order [DE 22], at ¶ II (D).

                                                                  By: /s/ Bruce L. Udolf

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, on this 3rd day of October, 2013.

                                                                  By: /s/ Bruce L. Udolf