IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                            )<br>)<br>PATRICIA LYNN HOUGH,                  )<br>)<br>     Defendant.                              ) | Case No. 2:13-cr-00072-FtM-JES-UAM |

**MOTION TO QUASH DEFENDANT'S SUBPOENA TO INTERNAL REVENUE SERVICE SPECIAL AGENT CAMERON LALLI**

NOW COMES, the United States of America, by and through its undersigned counsel and hereby moves the Court, pursuant to the Department of Justice's *Touhy* regulations, for an order quashing defendant Patricia Hough's subpoena ad testificandum issued to Internal Revenue Service Special Agent Cameron Lalli. Defendant has made no effort to comply with the applicable regulations governing the issuance of subpoenas to federal employees in the course of a criminal case.

A. <u>Applicable *Touhy* Regulations</u>

Section 16.21 et seq. of the Code of Federal Regulations prohibits employees of the Department of Justice ("DOJ") from producing DOJ information in response to subpoenas without prior permission from designated DOJ officers. *See* Exhibit 1. The internal procedures to be followed when DOJ employees are served with a request are set forth in 28 CFR §§ 16.22 through 16.26 and include requiring the defendant provide a brief description of the testimony sought and its relevance to the proceeding.

Special Agent Lalli is treated as a DOJ employee in this case because he was the DOJ's lead investigator in the grand jury investigation of David Fredrick and Patricia Hough. *See* 28 CFR § 16.21(b) and 26 CFR § 301.9000-1(a). Internal Revenue Manual

1

10632335.1

11.3.35.9  (03-10-2009) states that with respect to grand jury data:

> Disclosure of information or documents obtained by an employee while under the direction and control of the U.S. Attorney's Office in a Federal grand jury investigation does not require testimony authorization pursuant to Treasury Regulation 301.9000-3. [] Rather, authorization in these instances comes from the Department of Justice.

Furthermore, IRM 9.3.1.11.2  (04-26-1999) - Subpoenas Requesting Grand Jury Information states that "[s]ubpoenas and requests for information and documents obtained during a grand jury investigation should be referred to the attorney for the government in order to comply with the requirements of Fed R Crim P R6(e).  Note: Be aware that if any of the information was collected during the administrative phase of the investigation, IRS may have to authorize the release of that portion of the information." *Id.*

A defendant in a criminal case may not, with impunity, issue a subpoena to a federal employee without demonstrating the relevance and necessity of such testimony.[1] The Department of Justice has promulgated regulations which specifically set out the procedures with which a defendant must comply before she may obtain the testimony of or evidence from federal agents in a case in which the United States is a party. Defendant's failure to comply with those regulations provides an independent basis for the Court to quash the subpoena.

---

[1] Defendant's failure to even attempt to comply with the applicable *Touhy* regulations in this case is especially inexplicable, given the fact that all three of her counsel were Assistant United States Attorneys and Mr. Hochman was the Assistant Attorney General for the Tax Division. Accordingly, Defendant will be is hard pressed to argue that she was ignorant of the requirements of the Department's *Touhy* regulations.  Furthermore, the government made several oral and at least one written request for compliance.

10632335.1

B. <u>Defendant Has Failed to Comply With the Applicable *Touhy* Regulations</u>

More than fifty years ago, the Supreme Court affirmed the Government's right to promulgate regulations which govern when, and under what circumstances, a federal employee may be compelled to testify or produce evidence obtained during the course of their federal employment in connection with a judicial proceeding. *United States ex rel. Touhy v. Ragen*, 71 S.Ct. 416 (1951). The validity of such regulations, and a litigant's obligation to comply with them, has been consistently upheld, even in the context of a criminal trial. Most recently, in an opinion authored by Retired Supreme Court Justice O'Connor, the Fourth Circuit Court of Appeals held that a defendant's failure to comply with the Department of Justice's *Touhy* regulations justified the district court's decision to exclude certain evidence. *United States v. Guild*, slip copy, 2009 WL 2601645, * 7 (4th Cir. August 25, 2009).

The Department of Justice's *Touhy* regulation, applicable to demands for evidence in cases in which the United States is a party, is found in 28 C.F.R. § 16.23. Subsection (c) of that provision states as follows:

> If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

Defendant has failed to provide either an affidavit or a summary of the anticipated testimony of the federal agent subpoenaed. Thus, Defendant has clearly failed to comply with the applicable *Touhy* regulations. The sanction for such non-compliance is quashal of the subpoenas. *See United States v. Soriano-Jarquin*, 492 F.3d 495 (2007). And, a district court's decision to quash a subpoena will be overturned only

if there has been an abuse of the court's broad discretion. *In Re Grand Jury, John Doe No. GlJ. 2005-2*, 478 F.3d 581, 584 (4th Cir. 2007).

In *Soriano-Jarquin*, the defendant attempted to serve a subpoena on a federal agent for testimony in the pending trial. *Id*. at 499. Because the defendant failed to comply with the applicable *Touhy* regulations, the Government declined to accept service of the subpoena. *Id*. When the defendant renewed his effort to compel the agent to testify at trial, the district court excluded the agent's testimony for noncompliance with the *Touhy* regulations. On appeal of his conviction, the defendant claimed that the district court's decision deprived him of his right to confrontation and compulsory process. In affirming the district court's decision, the Court of Appeals held that "[n]either the existence nor the application of the *Touhy* regulations deprived the defendant of any right. To begin with, the defendant made no attempt whatsoever to comply with the DHS regulations. Given this, he can hardly be heard to complain that the regulations caused him injury." *Id.* at 504. Accordingly, the Court upheld the district court's decision to exclude the testimony. *Id.* at 505.

Defendant's reliance on *United States v. Bahamonde*, 445 F.3d 1225 (9th Cir. 2006) is misplaced. *Bahamonde* involved questions of reciprocal discovery when the government listed the special agent on its witness list yet ultimately did not call the agent as a witness. *Id*. at 1230. There is no imbalance in discovery obligations in the instant case because the government has not listed Special Agent Lalli on its witness list.

C. Conclusion

Defendant Hough has failed to comply with the applicable *Touhy* regulations. She has not provided an affidavit or even a summary of the expected testimony other than

a general statement that she intends to ask Special Agent Lalli questions "about the criminal investigation", in derogation of their obligation under 28 C.F.R.§ 16.23.[2] Accordingly, the subpoena to Special Agent Lalli should be quashed.

        A. LEE BENTLEY
        Acting United States Attorney

By:   /s/ Caryn D. Finley
       CARYN D. FINLEY
       Trial Attorney, Department of Justice, Tax Division
       New York Bar No. 3953882
       2110 First Street, Suite 3-137
       Fort Myers, Florida 33901
       Telephone: (202) 514-5051
       Facsimile: (202) 514-0961
       E-mail: caryn.finley@usdoj.gov

By:   /s/ Margaret Leigh Kessler
       MARGARET LEIGH KESSLER
       Trial Attorney, Department of Justice, Tax Division
       2110 First Street, Suite 3-137
       Fort Myers, Florida 33901
       Telephone: (202) 514-5193
       Facsimile: (202) 514-9623
       Margaret.Leigh.Kessler@usdoj.gov

---

[2] The government can only speculate as to the basis for Special Agent Lalli's testimony based on questions to some of the government's witnesses at trial and defense counsel's argument on October 15, 2013 at side bar during Paul Dalbec's testimony.

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Bruce L. Udolf

Charles Edward Falk

Brianna L. Abrams

In addition, I have served copies of this filing on the following parties using email:

Nathan J. Hochman
Daniel Saunders
Bingham McCutchen, LLP
The Water Garden
1601 Cloverfield Blvd., Suite 2050 North
Santa Monica, CA 90404-4082

/s/ Caryn D. Finley
CARYN D. FINLEY
Trial Attorney, Department of
Justice, Tax Division
New York Bar No. 3953882
2110 First Street, Suite 3-137
Fort Myers, Florida  33901
Telephone:  (239) 461-2200
Telephone:  (202) 514-5051
Facsimile:  (239) 461-2219
E-mail: caryn.finley@usdoj.gov

10632335.1