UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No. 2:13-cr-00072-JES-UAM

UNITED STATES OF AMERICA,

    Plaintiff

v.

DAVID LEON FREDERICK, and
PATRICIA LYNN HOUGH

    Defendants.

_____/

**DEFENDANT PATRICIA LYNN HOUGH'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO QUASH DEFENDANT'S SUBPOENA TO INTERNAL REVENUE SERVICE SPECIAL AGENT F. CAMERON LALLI**

COMES NOW, the Defendant, Patricia Lynn Hough, by and through the undersigned counsel, and hereby submits this Response in Opposition to Government's Motion to Quash Defendant's Subpoena to Internal Revenue Service Special Agent F. Cameron Lalli [DE 99], and in support thereof states as follows:

The government's motion cites and relies on the wrong law. Specifically, the government's motion is based on 28 C.F.R. §§ 16.21 *et seq.*, which are the *Touhy*[1] regulations of the Department of Justice and apply only to requests for testimony from DOJ employees. *See*, 28 C.F.R. § 16.21 ("This subpart sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files *of the Department*, any information relating to material contained in the files *of the Department*, or any information acquired by any person *while such person was an employee of the Department* as a part of the performance of that person's official duties or because of that person's official status." (*emphasis added*); United States Attorney's Manual § 1-6.120 ("The regulations [at §§ 16.21 *et seq.*] are

---

[1] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

limited in their scope to subpoenas and demands issued for the testimony of Department of Justice employees or records only.  *The regulations do not apply to subpoenas received by an official of another government agency or to requests for that agency's documents, even if the Department of Justice is representing the agency in the litigation.*") (*emphasis added*).  The subpoena at issue here is directed to F. Cameron Lalli, who is an employee not of the Department of Justice, but of the IRS within the Department of the Treasury (referred to herein as "SA Lalli").  As such, it is the Treasury Department's regulations, and not the Department of Justice's, that apply here, and the government has based its entire motion to quash on the wrong law.[2]

The *Touhy* regulations that apply to IRS special agents and other Treasury Department employees are found at 26 C.F.R. §§ 301.9000-1 *et seq*.  *See*, Exhibit "A" attached hereto.  Those regulations set forth the procedures applicable to requests or subpoenas for "IRS records or information."  The definition of "IRS records or information" expressly states:  "The term

---

[2] Based on conversations with government counsel, it appears the government relies for application of the DOJ regulations on § 16.21(b), which states:  "For purposes of this subpart, the term *employee of the Department* includes all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials."  Based on this subsection, the government apparently contends that SA Lalli was somehow transformed into an "employee" of the Department of Justice because he was working in conjunction with the United States Attorney's Office in this investigation.  This interpretation of the regulation is without merit.  SA Lalli is an agent of the Treasury Department and is not "subject to the supervision, jurisdiction, or control of the Attorney General of the United States" in the same manner as are U.S. Attorneys, U.S. Marshals, and U.S. Trustees.  Indeed, the government's strained interpretation of this definition would render the separate *Touhy* regulations of every other federal agency utterly superfluous with regard to subpoenas of investigating agents; yet this is plainly not the case.  *See, e.g., United States v. Jimenez-Montoya*, 348 Fed. Appx. 73, 74 n.1 (5th Cir. 2009) (defendant seeking to subpoena case agent from Immigration and Customs Enforcement Agency must comply with *Touhy* regulations of Department of Homeland Security at 6 C.F.R. §§ 5.41 *et seq.*).  Dr. Hough challenges the government (which has the burden on this motion to quash) to cite a single case in which the Department of Justice's *Touhy* regulations have been applied to a subpoena directed to a case agent of the Department of the Treasury or any other non-DOJ agency.

*does not include* records or information obtained by IRS officers and employees, solely for the purpose of a federal grand jury investigation, while under the direction and control of the United States Attorney's Office." 26 C.F.R. § 301.9000-1(a) (emphasis added).  Records or information obtained at the administrative stage of a criminal investigation (prior to the initiation of the grand jury), however, constitute "IRS records or information" and are therefore subject to the regulations.

In this case, the grand jury investigation began, and the matter was referred to the Department of Justice, no later than September 2009, when Thomas Murtha was served with a grand jury subpoena for documents issued by the United States Attorney's Office.  At least as of that date, any administrative stage of the proceedings was suspended pending resolution of the criminal investigation.  *See,* 26 U.S.C. § 7602(d) (no administrative summonses may be issued or enforced when a DOJ referral is in effect); Internal Revenue Manual § 38.2.2.7.1 (same); *id.* § 4.75.21.5.2 ("During grand jury investigations, or a subsequent criminal trial, the case is no longer under the control of any function within the Service.").  Accordingly, information gathered by SA Lalli after that date and in connection is definitionally excluded from "IRS records or information," and therefore from the scope of the IRS' *Touhy* regulations.

Even if SA Lalli's criminal investigation were not definitionally excluded from the scope of the regulations, "IRS records or information" includes only material in IRS files, information relating to such material, and information acquired by an IRS employee in the course of official duties.  26 C.F.R. § 301-9000.1(a).  Questions to SA Lalli about his *actions* in this case – *i.e.*, what he did and did not do, who he interviewed and did not interview, and what steps he took and did not take in connection with his investigation – plainly do not constitute "IRS records or information" and therefore do not fall within the scope of the regulations or require any

testimonial authorization.  The defense expects such questioning to be the principal focus of its questioning of SA Lalli.

Moreover, even if the IRS regulations applied here (and they do not), the government's demand for a written summary of the testimony sought from SA Lalli would have no basis.  The IRS' *Touhy* regulations require such a written summary *only* in the case of "non-IRS matters." 26 C.F.R. § 301.9000-5(a).  The regulations further define "IRS matter" to include "any matter before any court . . . in which the United States . . . is a party and that is directly related to official business of the IRS or to any law administered by or concerning the IRS." 26 C.F.R. § 301.9000-1(f).  It cannot be disputed that this trial, investigated by the IRS and charging violations of the Internal Revenue Code, is an "IRS matter."  As such, even if the regulations applied here, they do not require the defense to submit any written summary of the testimony sought.[3]

Defense counsel has represented to government counsel that questioning of SA Lalli as a defense witness will pertain exclusively to his criminal investigation of this case.  *See*, Exhibit "B" attached hereto.  For all of the above reasons, the defense is required to do nothing more to obtain that testimony than serve a valid subpoena on SA Lalli, which has been done.  *See*, Exhibit "C" attached hereto.  The government's attempt to insulate its own lead case agent from questioning about his investigation by citing wholly inapplicable law should be rejected.

Finally, even if the regulations applied to the subpoena at issue and would otherwise preclude SA Lalli's testimony, constitutional concerns (including Dr. Hough's rights to

---

[3] The government has informed defense counsel that IRS Counsel has demanded that the defense provide a written summary of SA Lalli's anticipated testimony so that IRS Counsel can determine whether the regulations apply.  In other words, it is apparently IRS Counsel's position that Dr. Hough must comply with the IRS regulations in order to establish that she does not need to comply with the IRS regulations.  This type of bootstrapping is not contemplated by the regulations and should not be permitted.

Bruce L. Udolf, PA
Broward Financial Centre, 500 East Broward Blvd., Suite 1400, Fort Lauderdale, Florida 33394
(866) 951-9058/ budolf@udolflaw.com

confrontation and due process) preclude application of those regulations in the context of this case. Defense counsel have previously provided the Court with the opinion in *United States v. Bahamonde*, 445 F.3d 1225 (9th Cir. 2006), which held application of the Department of Homeland Security's *Touhy* regulations to preclude testimony of the government case agent to be a violation of due process and reversible error. The court found that the regulations' requirement that the defendant disclose in advance and with specificity the nature of the information sought, while imposing no requirement that the government similarly disclose the nature of the testimony that it intended to use to rebut the demanded testimony, violated due process by failing to provide for reciprocal discovery.[4] Although this Court is of course not bound by *Bahamonde*, the Ninth Circuit based its decision on the Supreme Court's opinion in *Wardius v. Oregon*, 412 U.S. 470 (1973), which is of course binding and the rationale of which dictates the result here. *See, Wardius*, 412 U.S. at 476 ("It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.").

WHEREFORE, for the reasons set forth herein, the undersigned respectfully requests this Honorable Court deny the Government's Motion to Quash Defendant's Subpoena to Internal Revenue Service Agent F. Cameron Lalli [DE 99], and for all other and further relief as this Honorable Court deems just and proper under the circumstances.

---

[4] The government claims that the *Bahamonde* holding was based on the fact that the government had listed the agent on its own witness list. (Motion to Quash at 4). That fact had nothing to do with the court's analysis. Rather, the holding was based on the "imbalance of discovery requirements" inherent in "the application of the regulation requiring a criminal defendant to state how he plans to use material evidence when the government is under no reciprocal discovery obligation." *Bahamonde*, 445 F.3d at 1229-30.

Dated: October 16, 2013

                                                Respectfully submitted,

                                                **BRUCE L. UDOLF, P.A**.
                                                *Counsel for Defendant Hough*
                                                Broward Financial Centre
                                                500 East Broward Blvd., Suite 1400
                                                Fort Lauderdale, Florida 33394
                                                Tel: (866) 951-9058/ Fax (954) 525-2134
                                                budolf@udolflaw.com
                                                Fla. Bar No. 0899933

                                                By: <u>/s/ Bruce L. Udolf</u>


## CERTIFICATE OF SERVICE

     WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, on this 16th day of October, 2013.

                                                      By: <u>/s/ Bruce L. Udolf</u>