**Internal Revenue Service, Treasury** **§ 301.9000–1**

the date on which the taxpayer's request for a taxpayer assistance order is denied, or agreement is reached with the involved function of the Service, or a taxpayer assistance order is issued (except that when the taxpayer assistance order is reviewed by an official who may modify or rescind the taxpayer assistance order as provided in paragraph (d) of this section, the decision date is the date on which such review is completed).

(3) *Periods suspended*. The periods of limitations which are suspended under section 7811(d) are those which apply to the taxable periods to which the application for a taxpayer assistance order relate or the taxable periods specifically indicated in the terms of a taxpayer assistance order.

*Example 1*. On August 31, 1989, the Internal Revenue Service levies on funds in the taxpayer's checking account. On September 1, 1989 (at which time 7 months remain before the period of limitations on collection after assessment will expire on April 1, 1990) the Ombudsman receives the taxpayer's written application for a taxpayer assistance order. Subsequently, on September 6, 1989, the Ombudsman determines that the levy has caused a significant hardship and the Internal Revenue Service function which served the levy agrees to release the levy. The levy is released. As a result of the application and the decision by the Ombudsman and the involved function of the Service resolving the hardship, the statute of limitations on collection after assessment is suspended from the date the Ombudsman received the application, September 1, 1989, until the date on which the decision was made to release the levy, September 6, 1989. Therefore, the statute of limitations on collection after assessment will not expire until after April 6, 1990, which is 7 months plus 5 days after the date on which the application for a taxpayer assistance order was received by the Ombudsman.

*Example 2*. The facts are the same as in example 1 except that the Internal Revenue Service function which served the levy does not agree to release the levy, and the Ombudsman, having made a determination that the levy is causing a significant hardship, issues a taxpayer assistance order on September 6, 1989, in which the levy is ordered to be released and specifies that the statute of limitations on collection after assessment is suspended for an additional 15 days. The period of limitations on collection after assessment will therefore not expire until after April 21, 1990, which is 7 months and 20 days (5 days plus 15 days) after the application for the taxpayer assistance order was received by the Ombudsman.

*Example 3*. The facts are the same as in example 2 except that the Ombudsman does not specifically suspend the statute of limitations on collection after assessment for an additional number of days in the taxpayer assistance order, but rather the function seeks modification or rescission of the taxpayer assistance order and the appropriate official charged with that responsibility completes his consideration of the assistance order on September 8, 1989. The period of limitations on collection after assessment will therefore not expire until after April 8, 1990, which is 7 months and 7 days after the application for the taxpayer assistance order was received by the Ombudsman.

(4) *Absence of a written application*. The statute of limitations is not suspended in cases where the Ombudsman issues an order in the absence of a written application for relief by the taxpayer or the taxpayer's duly authorized representative.

(f) *Effective/applicability date*. These regulations are applicable for TAOs issued on or after April 1, 2011, except that paragraph (e) of this section is applicable beginning March 20, 1992.

[T.D. 8246, 54 FR 11700, Mar. 22, 1989, as amended by T.D. 8403, 56 FR 9977, Mar. 23, 1992; T.D. 9519, 76 FR 18060, Apr. 1, 2011]

MISCELLANEOUS PROVISIONS

### § 301.9000–1 Definitions when used in §§ 301.9000–1 through 301.9000–6.

(a) *IRS records or information* means any material (including copies thereof) contained in the files (including paper, electronic or other media files) of the Internal Revenue Service (IRS), any information relating to material contained in the files of the IRS, or any information acquired by an IRS officer or employee, while an IRS officer or employee, as a part of the performance of official duties or because of that IRS officer's or employee's official status with respect to the administration of the internal revenue laws or any other laws administered by or concerning the IRS. IRS records or information includes, but is not limited to, returns and return information as those terms are defined in section 6103(b)(1) and (2) of the Internal Revenue Code (Code), tax convention information as defined in section 6105 of the Code, information gathered during Bank Secrecy Act and

753

§ 301.9000–1                                                                 26 CFR Ch. I (4–1–12 Edition)

money laundering investigations, and personnel records and other information pertaining to IRS officers and employees. IRS records and information also includes information received, generated or collected by an IRS contractor pursuant to the contractor's contract or agreement with the IRS. The term does not include records or information obtained by IRS officers and employees, solely for the purpose of a federal grand jury investigation, while under the direction and control of the United States Attorney's Office. The term IRS records or information nevertheless does include records or information obtained by the IRS before, during, or after a Federal grand jury investigation if the records or information are obtained—

(1) At the administrative stage of a criminal investigation (prior to the initiation of the grand jury);

(2) From IRS files (such as transcripts or tax returns); or

(3) For use in a subsequent civil investigation.

(b) *IRS officers and employees* means all officers and employees of the United States appointed by, employed by, or subject to the directions, instructions, or orders of the Commissioner or IRS Chief Counsel and also includes former officers and employees.

(c) *IRS contractor* means any person, including the person's current and former employees, maintaining IRS records or information pursuant to a contract or agreement with the IRS, and also includes former contractors.

(d) A *request* is any request for testimony of an IRS officer, employee or contractor or for production of IRS records or information, oral or written, by any person, which is not a demand.

(e) A *demand* is any subpoena or other order of any court, administrative agency or other authority, or the Congress, or a committee or subcommittee of the Congress, and any notice of deposition (either upon oral examination or written questions), request for admissions, request for production of documents or things, written interrogatories to parties, or other notice of, request for, or service for discovery in a matter before any court, administrative agency or other authority.

(f) An *IRS matter* is any matter before any court, administrative agency or other authority in which the United States, the Commissioner, the IRS, or any IRS officer or employee acting in an official capacity, or any IRS officer or employee (including an officer or employee of IRS Office of Chief Counsel) in his or her individual capacity if the United States Department of Justice or the IRS has agreed to represent or provide representation to the IRS officer or employee, is a party and that is directly related to official business of the IRS or to any law administered by or concerning the IRS, including, but not limited to, judicial and administrative proceedings described in section 6103(h)(4) and (l)(4) of the Internal Revenue Code.

(g) An *IRS congressional matter* is any matter before the Congress, or a committee or subcommittee of the Congress, that is related to the administration of the internal revenue laws or any other laws administered by or concerning the IRS, or to IRS records or information.

(h) A *non-IRS matter* is any matter that is not an IRS matter or an IRS congressional matter.

(i) A *testimony authorization* is a written instruction or oral instruction memorialized in writing within a reasonable period by an authorizing official that sets forth the scope of and limitations on proposed testimony and/or disclosure of IRS records or information issued in response to a request or demand for IRS records or information. A testimony authorization may grant or deny authorization to testify or disclose IRS records or information and may make an authorization effective only upon the occurrence of a precedent condition, such as the receipt of a consent complying with the provisions of section 6103(c) of the Internal Revenue Code. To authorize testimony means to issue the instruction described in this paragraph (i).

(j) An *authorizing official* is a person with delegated authority to authorize testimony and the disclosure of IRS records or information.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

AUTHENTICATED U.S. GOVERNMENT INFORMATION GPO

**Internal Revenue Service, Treasury** § 301.9000–3

### § 301.9000–2 Considerations in responding to a request or demand for IRS records or information.

(a) *Situations in which disclosure shall not be authorized.* Authorizing officials shall not permit testimony or disclosure of IRS records or information in response to requests or demands if testimony or disclosure of IRS records or information would—

(1) Violate a Federal statute including, but not limited to, sections 6103 or 6105 of the Internal Revenue Code (Code), the Privacy Act of 1974 (5 U.S.C. 552a), or a rule of procedure, such as the grand jury secrecy rule, Fed. R. Crim. P. 6(e);

(2) Violate a specific Federal regulation, including, but not limited to, 31 CFR 103.53;

(3) Reveal classified national security information, unless properly declassified;

(4) Reveal the identity of an informant; or

(5) Reveal investigatory records or information compiled for law enforcement purposes that would permit interference with law enforcement proceedings or would disclose investigative techniques and procedures, the effectiveness of which could thereby be impaired.

(b) *Assertion of privileges.* Any applicable privilege or protection under law may be asserted in response to a request or demand for testimony or disclosure of IRS records or information, including, but not limited to, the following—

(1) Attorney-client privilege;

(2) Attorney work product doctrine; and

(3) Deliberative process (executive) privilege.

(c) *Non-IRS matters.* If any person makes a request or demand for IRS records or information in connection with a non-IRS matter, authorizing officials shall take into account the following additional factors in responding to the request or demand—

(1) Whether the requester is a Federal agency, or a state or local government or agency thereof;

(2) Whether the demand was issued by a Federal or state court, administrative agency or other authority;

(3) The potential effect of the case on the administration of the internal revenue laws or any other laws administered by or concerning the IRS;

(4) The importance of the legal issues presented;

(5) Whether the IRS records or information are available from other sources;

(6) The IRS's anticipated commitment of time and anticipated expenditure of funds necessary to comply with the request or demand;

(7) The number of similar requests and their cumulative effect on the expenditure of IRS resources;

(8) Whether the request or demand allows a reasonable time for compliance (generally, at least fifteen business days);

(9) Whether the testimony or disclosure is appropriate under the rules of procedure governing the case or matter in which the request or demand arises;

(10) Whether the request or demand involves expert witness testimony;

(11) Whether the request or demand is for the testimony of an IRS officer, employee or contractor who is without personal knowledge of relevant facts;

(12) Whether the request or demand is for the testimony of a presidential appointee or senior executive and whether the testimony of a lower-level official would suffice;

(13) Whether the procedures in § 301.9000–5 have been followed; and

(14) Any other relevant factors that may be brought to the attention of the authorizing official.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

### § 301.9000–3 Testimony authorizations.

(a) *Prohibition on disclosure of IRS records or information without testimony authorization.* Except as provided in paragraph (b) of this section, when a request or demand for IRS records or information is made, no IRS officer, employee or contractor shall testify or disclose IRS records or information to any court, administrative agency or other authority, or to the Congress, or to a committee or subcommittee of the Congress without a testimony authorization. However, an IRS officer, employee or contractor may appear in person to advise that he or she is

755

**§ 301.9000–4**                                                   **26 CFR Ch. I (4–1–12 Edition)**

awaiting instructions from an authorizing official with respect to the request or demand.

(b) *Exceptions.* No testimony authorization is required in the following circumstances—

(1) To respond to a request or demand for IRS records or information by the attorney or other government representative representing the IRS in a particular IRS matter;

(2) To respond solely in writing, under the direction of the attorney or other government representative, to requests and demands in IRS matters, including, but not limited to, admissions, document production, and written interrogatories to parties;

(3) To respond to a request or demand issued to a former IRS officer, employee or contractor for expert or opinion testimony if the testimony sought from the former IRS officer, employee or contractor involves general knowledge (such as information contained in published procedures of the IRS or the IRS Office of Chief Counsel) gained while the former IRS officer, employee or contractor was employed or under contract with the IRS; or

(4) If a more specific procedure established by the Commissioner governs the disclosure of IRS records or information. These procedures include, but are not limited to, those relating to: procedures pursuant to § 601.702(d) of this chapter; Freedom of Information Act requests pursuant to 5 U.S.C. 552; Privacy Act of 1974 requests pursuant to 5 U.S.C. 552a; disclosures to state tax agencies pursuant to section 6103(d) of the Internal Revenue Code (Code); and disclosures to the United States Department of Justice pursuant to an ex parte order under section 6103(i)(1) of the Code.

(c) *Disclosures of IRS records or information with or without testimony authorization must be permitted under other applicable law.* Any disclosure of IRS records or information that is otherwise permissible under this section must not be prohibited under applicable law. For example, in a case in which returns and return information may be disclosed, the disclosure must be authorized under section 6103, even if any required testimony authorization is obtained. If tax convention information (as defined under section 6105) may be disclosed, in deciding whether the disclosure is authorized, the authorizing official must coordinate the disclosure with the U.S. Competent Authority.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

**§ 301.9000–4  Procedure in the event of a request or demand for IRS records or information.**

(a) *Purpose and scope.* This section prescribes procedures to be followed by IRS officers, employees and contractors upon receipt of a request or demand in matters in which a testimony authorization is or may be required.

(b) *Notification of the Disclosure Officer.* Except as provided in paragraphs (c), (d), and (e) of this section, an IRS officer, employee or contractor who receives a request or demand for IRS records or information for which a testimony authorization is or may be required shall notify promptly the disclosure officer servicing the IRS officer's, employee's or contractor's geographic area. The IRS officer, employee or contractor shall await instructions from the authorizing official concerning the response to the request or demand. An IRS officer, employee, or contractor who receives a request or demand in one of the following matters should not notify the disclosure officer, but should follow the instructions in paragraph (c), (d), or (e) of this section, as applicable:

(1) United States Tax Court cases.

(2) Personnel matters, labor relations matters, government contract matters, matters related to informant claims or matters related to the rules of *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Bivens matters), or matters under the Federal Tort Claims Act (FTCA).

(3) IRS congressional matters.

(c) *Requests or demands in United States Tax Court cases.* An IRS officer, employee or contractor who receives a request or demand for IRS records or information on behalf of a petitioner in a United States Tax Court case shall notify promptly the IRS Office of Chief Counsel attorney assigned to the case.

**Internal Revenue Service, Treasury** § 301.9000–4

The IRS Office of Chief Counsel attorney shall notify promptly the authorizing official. The IRS officer, employee or contractor who received the request or demand shall await instructions from the authorizing official.

(d) *Requests or demands in personnel, labor relations, government contract, Bivens or FTCA matters, or matters related to informant claims.* An IRS officer, employee or contractor who receives a request or demand, on behalf of an appellant, grievant, complainant or representative, for IRS records or information in a personnel, labor relations, government contract, Bivens or FTCA matter, or matter related to informant claims, shall notify promptly the IRS Associate Chief Counsel (General Legal Services) attorney assigned to the case. If no IRS Associate Chief Counsel (General Legal Services) attorney is assigned to the case, the IRS officer, employee or contractor shall notify promptly the IRS Associate Chief Counsel (General Legal Services) attorney servicing the geographic area. The IRS Associate Chief Counsel (General Legal Services) attorney shall notify promptly the authorizing official. The IRS officer, employee or contractor who received the request or demand shall await instructions from the authorizing official.

(e) *Requests or demands in IRS congressional matters.* An IRS officer, employee or contractor who receives a request or demand in an IRS congressional matter shall notify promptly the IRS Office of Legislative Affairs. The IRS officer, employee or contractor who received the request or demand shall await instructions from the authorizing official.

(f) *Opposition to a demand for IRS records or information in IRS and non-IRS matters.* If, in response to a demand for IRS records or information, an authorizing official has not had a sufficient opportunity to issue a testimony authorization, or determines that the demand for IRS records or information should be denied, the authorizing official shall request the government attorney or other representative of the government to oppose the demand and respectfully inform the court, administrative agency or other authority, by appropriate action, that the authorizing official either has not yet issued a testimony authorization, or has issued a testimony authorization to the IRS officer, employee or contractor that denies permission to testify or disclose the IRS records or information. If the authorizing official denies authorization in whole or in part, the government attorney or other representative of the government shall inform the court, administrative agency or other authority of the reasons the authorizing official gives for not authorizing the testimony or the disclosure of the IRS records or information or take other action in opposition as may be appropriate (including, but not limited to, filing a motion to quash or a motion to remove to Federal court).

(g) *Procedure in the event of an adverse ruling.* In the event the court, administrative agency, or other authority rules adversely with respect to the refusal to disclose the IRS records or information pursuant to the testimony authorization, or declines to defer a ruling until a testimony authorization has been received, the IRS officer, employee or contractor who has received the request or demand shall, pursuant to this section, respectfully decline to testify or disclose the IRS records or information.

(h) *Penalties.* Any IRS officer or employee who discloses IRS records or information without following the provisions of this section or § 301.9000–3, may be subject to administrative discipline, up to and including dismissal. Any IRS officer, employee or contractor may be subject to applicable contractual sanctions and civil or criminal penalties, including prosecution under 5 U.S.C. 552a(i), for willful disclosure in an unauthorized manner of information protected by the Privacy Act of 1974, or under section 7213 of the Internal Revenue Code, for willful disclosure in an unauthorized manner of return information.

(i) *No creation of benefit or separate privilege.* Nothing in §§ 301.9000–1 through 301.9000–3, this section, and §§ 301.9000–5 and 301.9000–6, creates, is intended to create, or may be relied upon to create, any right or benefit, substantive or procedural, enforceable at law by a party against the United States. Nothing in these regulations

757

**§ 301.9000–5**                                                                 **26 CFR Ch. I (4–1–12 Edition)**

creates a separate privilege or basis to withhold IRS records or information.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

**§ 301.9000–5 Written statement required for requests or demands in non-IRS matters.**

(a) *Written statement.* A request or demand for IRS records or information for use in a non-IRS matter shall be accompanied by a written statement made by or on behalf of the party seeking the testimony or disclosure of IRS records or information, setting forth—

(1) A brief description of the parties to and subject matter of the proceeding and the issues;

(2) A summary of the testimony, IRS records or information sought, the relevance to the proceeding, and the estimated volume of IRS records involved;

(3) The time that will be required to present the testimony (on both direct and cross examination);

(4) Whether any of the IRS records or information is a return or is return information (as defined in section 6103(b) of the Internal Revenue Code (Code)), or tax convention information (as defined in section 6105(c)(1) of the Code), and the statutory authority for the disclosure of the return or return information (and, if no consent to disclose pursuant to section 6103(c) of the Code accompanies the request or demand, the reason consent is not necessary);

(5) Whether a declaration of an IRS officer, employee or contractor under penalties of perjury pursuant to 28 U.S.C. 1746 would suffice in lieu of deposition or trial testimony;

(6) Whether deposition or trial testimony is necessary in a situation in which IRS records may be authenticated without testimony under applicable rules of evidence and procedure;

(7) Whether IRS records or information are available from other sources; and

(8) A statement that the request or demand allows a reasonable time (generally at least fifteen business days) for compliance.

(b) *Permissible waiver of statement.* The requirement of a written statement in paragraph (a) of this section may be waived by the authorizing official for good cause.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

**§ 301.9000–6 Examples.**

The following examples illustrate the provisions of §§ 301.9000–1 through 301.9000–5:

*Example 1.* A taxpayer sues a practitioner in state court for malpractice in connection with the practitioner's preparation of a Federal income tax return. The taxpayer subpoenas an IRS employee to testify concerning the IRS employee's examination of the taxpayer's Federal income tax return. The taxpayer provides the statement required by § 301.9000–5. This is a non-IRS matter. A testimony authorization would be required for the IRS employee to testify. (In addition, the taxpayer would be required to execute an appropriate consent under section 6103(c) of the Code). The IRS would oppose the IRS employee's appearance in this case because the IRS is a disinterested party with respect to the dispute and would consider the commitment of resources to comply with the subpoena inappropriate.

*Example 2.* In a state judicial proceeding concerning child support, the child's custodial parent subpoenas for a deposition an IRS agent who is examining certain post-divorce Federal income tax returns of the non-custodial parent. This is a non-IRS matter. The custodial parent submits with the subpoena the statement required by § 301.9000–5 stating as the reason for the lack of taxpayer consent to disclosure that the non-custodial parent has refused to provide the consent (both a consent from the taxpayer complying with section 6103(c) and a testimony authorization would be required prior to the IRS agent testifying at the deposition). If taxpayer consent is obtained, the IRS may provide a declaration or certified return information of the taxpayer. A deposition would be unnecessary under the circumstances.

*Example 3.* The chairperson of a congressional committee requests the appearance of an IRS employee before the committee and committee staff to submit to questioning by committee staff concerning the procedures for processing Federal employment tax returns. This is an IRS congressional matter. Even though questioning would not involve the disclosure of returns or return information, the questioning would involve the disclosure of IRS records or information; therefore, a testimony authorization would be required. The IRS employee must contact the IRS Office of Legislative Affairs for instructions before appearing.

*Example 4.* The IRS opens a criminal investigation as to the tax liabilities of a taxpayer. This is an IRS matter. During the criminal investigation, the IRS refers the matter to the United States Department of Justice, requesting the institution of a Federal grand jury to investigate further potential criminal tax violations. The United

**Internal Revenue Service, Treasury** § 301.9001

States Department of Justice approves the request and initiates a grand jury investigation. The grand jury indicts the taxpayer. During the taxpayer's trial, the taxpayer subpoenas an IRS special agent for testimony regarding the investigation. The records and information collected during the administrative stage of the investigation, including the taxpayer's tax returns from IRS files, are IRS records and information. A testimony authorization is required for the IRS special agent to testify regarding this information. However, no IRS testimony authorization is required regarding the information collected by the IRS special agent when the IRS special agent was acting under the direction and control of the United States Attorney's Office in the Federal grand jury investigation. That information is not IRS records or information within the meaning of § 301.9000–1(a). Disclosure of that information should be coordinated with the United States Attorney's Office.

*Example 5.* The United States Department of Justice attorney representing the IRS in a suit for refund requests testimony from an IRS revenue agent. This is an IRS matter. A testimony authorization would not be required for the IRS revenue agent to testify because the testimony was requested by the government attorney.

*Example 6.* In response to a request by the taxpayer's counsel to interview an IRS revenue agent who was involved in a case at the administrative level, the United States Department of Justice attorney representing the IRS in a suit for refund asks that the IRS revenue agent be made available to be interviewed. This is an IRS matter. A testimony authorization would be required for the IRS revenue agent to testify because the testimony was first requested by taxpayer's counsel.

*Example 7.* A state assistant attorney general, acting in accordance with a recommendation from his state's department of revenue, is prosecuting a taxpayer under a state criminal law proscribing the intentional failure to file a state income tax return. The assistant attorney general serves an IRS employee with a subpoena to testify concerning the taxpayer's Federal income tax return filing history. This is a non-IRS matter. This is also a state judicial proceeding pertaining to tax administration within the meaning of section 6103(h)(4) and (b)(4). As such, the requirements of section 6103(h)(4) apply. A testimony authorization would be required for the testimony demand in the subpoena.

*Example 8.* A former IRS revenue agent is requested to testify in a divorce proceeding. The request seeks testimony explaining the meaning of entries appearing on one party's transcript of account, which is already in the possession of the parties. This is a non-IRS matter. No testimony authorization is required because the testimony requested from the former IRS employee involves general knowledge gained while the former IRS revenue agent was employed with the IRS.

*Example 9.* A Department of Justice attorney requests an IRS employee to testify in a refund suit involving Taxpayer A. The testimony may include tax convention information, as defined in section 6105, which was originally obtained by the IRS from a treaty partner in connection with a tax case against Taxpayer B. While no testimony authorization is necessary, because the testimony is being requested by government counsel in a tax matter, the IRS employee may not testify (or otherwise disclose IRS records or information) without coordinating with the U.S. Competent Authority, as disclosure of tax convention information is governed by section 6105. The disclosure must also meet the requirements in section 6103(h)(4).

*Example 10.* In a state court tort action, Defendant subpoenas IRS for Plaintiff's federal income tax returns for particular taxable years. This is a non-IRS matter. The Disclosure Officer instructs Defendant that the IRS has established procedures for obtaining copies of Federal income tax returns. Section 601.702(d)(1) of this chapter establishes the procedures for obtaining Federal tax returns by requiring written requests for copies of tax returns using IRS Form 4506, "Request for Copy of Tax Return." At Defendant's request, Plaintiff executes Form 4506, naming Defendant's counsel as designee, and the form is properly submitted to IRS. A testimony authorization would not be required to disclose Plaintiff's returns to Defendant's counsel.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

### § 301.9000–7  Effective date.

These regulations are applicable on February 14, 2005.

[T.D. 9178, 70 FR 7397, Feb. 14, 2005]

### § 301.9001  Statutory provisions; Outer Continental Shelf Lands Act Amendments of 1978.

Section 302 of the Outer Continental Shelf Lands Act Amendments of 1978 (92 Stat. 629) provides as follows:

Sec. 302. (a) There is hereby established in the Treasury of the United States an Offshore Oil Pollution Compensation Fund in an amount not to exceed $200,000,000, except that such limitation shall be increased to the extent necessary to permit any moneys recovered or collected which are referred to in subsection (b)(2) of this section to be paid

759