_____
From: Saunders, Daniel A.
Sent: Saturday, October 12, 2013 10:57 PM
To: Kessler, Margaret Leigh (TAX)
Cc: Hochman, Nathan J.; budolf@udolflaw.com; Finley, Caryn (TAX)
Subject: RE: Touhy

Leigh,

I will represent to you that the testimony we will be seeking from SA Lalli relates to his criminal investigation of this case. As such, the regulations at 26 CFR 301.9000-1 et seq. definitionally do not apply, and because no authorization is required, no written summary of the specific testimony sought is warranted.  The IRS cannot attempt to bootstrap by requiring the defense to comply with the regulations in order to establish that the regulations are inapplicable.  Given the IRS' own regulations, even apart from the constitutional issues raised by Bahamonde and other cases, the government is no more entitled to a preview of the defense's questioning of SA Lalli than of any other witness.

Should the government preclude SA Lalli from testifying in violation of the IRS' own regulations, I believe it would likely constitute reversible error on any appeal in this case.  Please let us know if you will make SA Lalli available for testimony in the defense case or if it will be necessary for us to serve him with a subpoena in court.  In either event, we will not be providing a written summary that is only required by regulations that have no applicability here.

Dan

_____
From: Kessler, Margaret Leigh (TAX) [Margaret.Leigh.Kessler@usdoj.gov]
Sent: Saturday, October 12, 2013 4:00 PM
To: Saunders, Daniel A.
Cc: Hochman, Nathan J.; budolf@udolflaw.com; Finley, Caryn (TAX)
Subject: RE: Touhy


Dan,

Early last week, we provided to the defense a letter addressed to Mr. Udolf dated October 8, 2013 from IRS Area Counsel.  That letter indicates that the IRS does not authorize Special Agent Lalli to testify in this case pursuant to the Touhy regulations.  To date, the government has received no written notice from the defense which summarizes the testimony sought from Special Agent Lalli.  Instead, he has been listed on the defendant's witness list and no further information has been provided.

It may be that authorization is not required per 26 CFR 301.9000-1, if the substance of the testimony the defense seeks does not constitute "IRS Records or information."  However, without any written notice summarizing the testimony

sought, such a determination cannot be made either by the IRS or by the Department of Justice. If the defense will send us a written summary of the testimony sought, pursuant to 28 C.F.R. 16.23(c), then a determination can be made as to whether authorization is required. Without anything advising as to the substance of the testimony, no such determination can be made and thus the IRS has not authorized Special Agent Lalli to testify.

The government does not necessarily seek to prevent Special Agent Lalli from testifying, but wants to be sure of the nature of the testimony sought so that proper authorization can be obtained, if necessary.

Thanks,

Margaret Leigh Kessler

Assistant Chief

Western Criminal Enforcement Section

US Department of Justice Tax Division

(202) 514-5193

(202) 514-9623 fax

-----Original Message-----
From: Saunders, Daniel A. [mailto:daniel.saunders@bingham.com]
Sent: Friday, October 11, 2013 5:17 PM
To: Finley, Caryn (TAX); Kessler, Margaret Leigh (TAX)
Cc: Hochman, Nathan J.; budolf@udolflaw.com
Subject: Touhy

Caryn & Leigh,

In looking at the IRS Touhy regulations beginning at 26 CFR 301.9000-1, I note that section 301.9000-1 expressly excludes from the definition of "IRS records or information," and thus from the scope of the authorization requirement, "records or information obtained by IRS officers and employees, solely for the purpose of a federal grand jury investigation, while under the direction and control of the United States Attorney's Office." Example 4 in 26 CFR 301-9000.6 deals with a criminal tax trial and states that "no IRS testimony authorization is required regarding the information collected by the IRS special agent when the IRS special agent was acting under the direction and control of the United States Attorney's Office in the Federal grand jury investigation. That information is not IRS records or information within the meaning of § 301.9000-1(a)."

In light of the above, please let us know whether you will withdraw your demand that the defense seek authorization from the IRS to call SA Lalli as a witness in the defense case. Thanks, and have a good weekend.

Dan

_____

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.