UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA


vs.                                    2:13-cr-72-FtM-29UAM


PATRICIA LYNN HOUGH
_____


COURT'S INSTRUCTIONS
TO THE JURY


Members of the Jury:

    It is my duty to instruct you on the rules of law that
you must use in deciding this case.  After I have completed
these instructions you will go to the jury room and begin your
discussions — what we call your deliberations.

    You must decide whether the Government has proved the
specific facts necessary to find the Defendant guilty beyond
a reasonable doubt.


    Your decision must be based only on the evidence
presented here.  You must not be influenced in any way by
either sympathy for or prejudice against the Defendant or the
Government.

You must follow the law as I explain it -- even if you do not agree with the law -- and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt.  The law presumes every defendant is innocent.  The Defendant does not have to prove her innocence or produce any evidence at all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

**OR**

~~DRAFT~~

The indictment or formal charge against a Defendant is not evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove her innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all <u>possible</u> doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.


As I said before, you must consider only the evidence that I have admitted in the case.   Evidence includes the testimony of witnesses and the exhibits admitted.   But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard

anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

DRAFT

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses

-4-

testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### AND POTENTIAL ADDITIONAL PARAGRAPH

A defendant has a right not to testify.  But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

You must consider some witnesses' testimony with more caution than others.

For example, witnesses who have been promised immunity from prosecution may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.


When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.


During the trial you have seen counsel use summaries, charts, drawings, or similar material which were offered to assist in the presentation and understanding of the evidence. Unless these materials were admitted as an exhibit, this

material is not itself evidence and must not be considered as proof of any facts. On the other hand, charts or summaries have been prepared by Revenue Agent Maurer have been admitted into evidence, and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are in evidence in the case. You may consider these charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

DRAFT

You have been permitted to take notes during the trial. Most of you -- perhaps all of you -- have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The indictment charges five separate crimes, called "counts," against the Defendant.  Each count has a number. You will be given a copy of the Indictment to refer to during your deliberations.

Count One of the Indictment charges that from or about February 24, 1999, continuing until or about April 15, 2011, the Defendant knowingly, willfully, and unlawfully combined, conspired, confederated, and agreed with David Leon Fredrick and others known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service.

Counts Six (6) through (9) charge that for the calendar years 2005, 2006, 2007, and 2008, Defendant willfully made and signed Individual Income Tax Returns which she did not believe to be true and correct as to every material matter.

I will now explain the law governing these offenses.

## COUNT ONE

It is a Federal crime for anyone to conspire or agree with someone else to defraud the United States or any of its agencies.  Count One of the Indictment charges that from or about February 24, 1999, continuing until or about April 15, 2011, the Defendant Patricia Lynn Hough did unlawfully, voluntarily, intentionally, and knowingly conspired, combined, confederated, and agreed with David Leon Fredrick and others known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of income tax.

To "defraud" the United States means to interfere with any of its lawful governmental functions by deceit, craft, or trickery.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes.  Every member of the conspiracy becomes the agent or partner of every other member.

-10-

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.  The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1)    Two or more people in some way agreed to try to accomplish a shared and unlawful plan;

    (2)    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

    (3)    during the conspiracy, one of the conspirators knowingly engaged in at least one overt act described in the indictment; and

    (4)    the overt act was knowingly committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

For reasons that do not concern you, the case against Co-Defendant David Leon Fredrick is not before you.  This fact should not influence your verdict with reference to Defendant Patricia Lynn Hough.  Additionally, some of the people who may have been involved in these events are not on trial.  This does not matter, because there is no requirement that all members of a conspiracy be charged and prosecuted together, or tried together in one proceeding.

An "overt act" is any transaction or event, even one which may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.  In order to sustain its burden of proof on this element under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act, that this act was performed during the existence or life of the conspiracy and after May 15, 2007, and was done to somehow further the goal of the conspiracy or agreement.  Although you must unanimously agree that the same

overt act was committed, the government is not required to prove more than one of the overt acts charged.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan — and willfully joined in the plan on at least one occasion — that is sufficient for you to find the Defendant guilty.

DRAFT

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

It is not sufficient for the government to simply prove the existence of an agreement.  The government must also prove beyond a reasonable doubt that the purpose of the agreement

was to interfere with the lawful functions of the Internal Revenue Service in collecting taxes.  This tax purpose must be the *object* of the conspiracy, and not merely a foreseeable consequence of some other conspiratorial scheme.

DRAFT

## COUNTS SIX THROUGH NINE

It is a Federal crime to wilfully and knowingly prepare and file a false tax return. Counts Six (6) through Nine (9) charge that for the calendar years 2005, 2006, 2007, and 2008, Defendant Patricia Lynn Hough willfully made and signed Individual Income Tax Returns forms which she did not believe to be true and correct as to every material matter.   The Indictment charges that the Defendant Hough's income tax returns for these years were false in two material respects: (1) Defendant reported a certain dollar amount as her total income on Line 22 when she then knew and believed that the her total income was substantially greater, and (2) Defendant failed, on Schedule B, Parts I and III, lines 7a and 7b, to report that she had a financial interest in or signature authority over financial accounts located in foreign countries

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

> (1)     the Defendant made and subscribed or caused to be made and subscribed a U.S. Individual Income Tax Return, Form 1040.

(2)     the U.S. Individual Income Tax Return,
        Form 1040, contained a written
        declaration that it was made under the
        penalty of perjury;

(3)     when the Defendant made or helped to
        make the U.S. Individual Income Tax
        Return, Form 1040, she knew it
        contained false material information;

(4)     when the Defendant did so, she
        intended to do something she knew
        violated the law;

(5)     the false matter in the U.S.
        Individual Income Tax Return, Form
        1040, related to a material statement.

The government has the burden of proving each of these five elements beyond a reasonable doubt for each of the years in question.

A declaration is "false" if it is untrue when it is made and the person making it knows it is untrue.  A declaration in a document is "false" if it is untrue when the document is used and the person using it knows it is untrue.

A declaration is "material" if it concerns a matter of significance or importance, not a minor or insignificant or

trivial detail, and was capable of influencing the Internal Revenue Service.

The Government does not have to show that any taxes were not paid because of the false return, or that any additional taxes are due.  It only has to prove that the Defendant intentionally helped to file a materially false return, which Defendant knew violated the law.


As I said before, the Indictment charges that the Defendant's income tax returns for these years were false in two material respects.  The government does not have to establish beyond a reasonable doubt that defendant's tax return for any given year was false for both reasons.  It is sufficient if the evidence establishes beyond a reasonable doubt the falsity and materiality of a single item in each year.  You must, however, unanimously agree on that single item.  On the other hand, if you unanimously find that none of these items was material and falsely reported on the defendant's return, then you should find defendant not guilty for the count related to that year.

Gross income generally means all income from whatever source derived.  Gross income includes but is not limited to, compensation for services, such as wages, salaries, fees, or commissions, income derived from a trade or business, gains derived from dealings in property, interest, rents, royalties, and dividends.

If you find proof beyond a reasonable doubt that the defendant had signed her tax return, that is evidence from which you may, but are not required to, find or infer that the defendant had knowledge of the contents of the return.

You will see that the indictment charges that a crime was committed "on or about" a certain date.  The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

DRAFT

Good-Faith is a complete defense to Counts Six through Nine of the Indictment because the Government must prove beyond a reasonable doubt that the Defendant acted with intent to defraud and a specific intent to violate a known legal duty. Evidence that the Defendant in good-faith followed the advice of an accountant or an attorney would be inconsistent with such an unlawful intent. The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must

establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the Indictment.  You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media to communicate to anyone any information about this case or to conduct any research about this case until I accept your

verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Your verdict, whether guilty or not guilty, must be unanimous –-  in other words, you must all agree.  Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement.  While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges –- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

**[Explain verdict]**

-22-

Take the verdict form with you to the jury room.  When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it with you when you return to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the Court Security Officer.  The Court Security Officer will bring it to me and I will respond as promptly as possible -- either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

DRAFT