```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION

           CASE NO.:  2:13-CR-72-FtM-29UAM
```

THE UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                      Fort Myers, Florida
                                        October 24, 2013

PATRICIA LYNN HOUGH,           9:17 AM

        Defendant.

TRANSCRIPT OF JURY TRIAL, DAY TWELVE

HELD BEFORE THE HONORABLE JOHN E. STEELE
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S

FOR THE UNITED STATES:    U.S. Department of Justice
                                Tax Division
                           P.O. Box 813
                           Washington, DC  20044
                           BY:  CARYN FINLEY, ESQ.

                           U.S. Department of Justice
                             Tax Division
                           Suite 7334
                           601 D Street NW
                           Washington, DC
                           BY:  MARGARET LEIGH KESSLER, ESQ.

(Appearances Continue on Following Page)

```
                       A P P E A R A N C E S
                     (Continued From Previous Page)


FOR THE DEFENDANT:          Bingham McCutchen, LLP
                            The Water Garden
                            1601 Cloverfield Boulevard
                            Suite 2050 North
                            Santa Monica, CA  90404-4082
                            (310) 904-1000
                            BY:  NATHAN J. HOCHMAN, ESQ.

                            Bruce L. Udolf, PA
                            500 East Broward Boulevard
                            Suite 1400
                            Fort Lauderdale, FL  33394
                            (954) 858-8831
                            BY:  BRUCE L. UDOLF, ESQ.

REPORTED BY:       JEFFREY G. THOMAS, RPR-CP, CRR
                   Official Federal Court Reporter
                   United States Courthouse
                   2110 First Street, Suite 2-194
                   Fort Myers, FL  33901
                   (239) 461-2033


                             *  *  *
```

I N D E X

| October 24, 2013 | Vol. | Page |
|---|---|---|
| Preliminary Discussions | 12 | 4 |
| Verdict Returned and Published | 12 | 9 |
| Polling of the Jury | 12 | 10 |
| Jury Excused | 12 | 11 |
| Defendant Adjudicated Guilty | 12 | 11 |
| Defense Motion for Directed Verdict | 12 | 13 |
| Defense Motion to Continue Defendant on Bond | 12 | 14 |
| Order of Court | 12 | 15 |
| Certificate of Court Reporter | 12 | 16 |

* * *

1       THEREUPON, the above-entitled case having been called to
2  order, the following proceedings were held herein, to-wit:
3                              - - -
4       THE COURT:  Good morning, everyone.
5       I received a note from the jury first thing in the
6  morning.  I almost didn't call you, but, in an abundance of
7  caution, the note says, "One, far too cold in jury room.
8  Please help.  Two, please provide three more copies of your
9  instructions."
10      I've instructed the CSO to call whoever needs to be
11 called to get the air turned down or the heat turned up in the
12 jury room, whatever the case may be.  And in terms of three
13 more copies of the instructions, I have three copies.  I intend
14 to give them to the jury absent persuasive argument from the
15 jury.
16      MS. FINLEY:  None from the government.
17      MR. UDOLF:  None from the defense that might be
18 persuasive, Your Honor.
19      THE COURT:  Let me rephrase that.  Any objection?
20      MR. UDOLF:  No, sir.
21      THE COURT:  All right.  That's the note.
22      (At 9:18 AM, court was recessed.)
23                         AFTER RECESS
24      (At 12:03 PM, court was reconvened.)
25      THE COURT:  Counsel, it's a little bit after noon.

| | |
|---|---|
| 1 | In terms of lunch, we have a couple options.  The Court |
| 2 | routinely orders lunch for the jury.  The downside of that is |
| 3 | there's one place, and the last jury complained vociferously |
| 4 | about the quality of the sandwich. |
| 5 | The more compelling, or potentially more compelling, |
| 6 | is to let them go out, because they just need to get out of the |
| 7 | jury room for a little bit after three hours on the case.  But |
| 8 | in any event, we need to do something with regard to lunch, |
| 9 | either let them go to lunch or bring sandwiches in.  My |
| 10 | inclination was to let them go to lunch. |
| 11 | MR. HOCHMAN:  Your Honor, I think this is the first |
| 12 | lunch they have had, and while they have been at it for three |
| 13 | years, I would ask the Court to have lunch brought in. |
| 14 | If we end up getting a second lunch, tomorrow, then |
| 15 | my strong preference would be that, if they go to lunch outside |
| 16 | this courthouse, the Court Security Officer goes with them, |
| 17 | they're given all the instructions, because I had, actually, a |
| 18 | personal experience, early on in my career, where jurors went |
| 19 | out during lunchtime, they effectively deliberated, in small |
| 20 | groups, amongst themselves.  That came out later.  The judge |
| 21 | ended up having to dismiss the case and declare a mistrial. |
| 22 | I'm not saying that they're going to not follow your |
| 23 | instructions, Your Honor, but if groups of three or four of |
| 24 | them have been going out to lunch for two and a half weeks now |
| 25 | continue going out to lunch together, they may or may not |

1  follow that instruction amongst the three or four of them.

2          So, to avoid that possibility, I'd either ask that
3  the Court bring in lunch, at least today, as a starting point.
4  We might not get to tomorrow.

5          And they can be told that they don't have to
6  deliberate during lunch.  It doesn't have to be a working
7  lunch.  They can -- if they're not deliberating, they're not
8  supposed to talk about the case.  But if they want to sort of
9  rest, and not talk about the case, and just eat lunch for an
10 hour, so be it.

11         And I actually saw them -- we have been getting
12 sandwiches, Your Honor, from the place right across the street.
13 It has the nice sandwiches with the Boar's Head label on the
14 front, pretty well priced sandwiches that we have been eating
15 all . . . .

16         THE COURT:  You are eating the same sandwiches that I
17 have heard complaints about then.

18         MR. HOCHMAN:  I'm less particular, maybe in what I
19 need out of a sandwich, but . . . .

20         THE COURT:  That may be, but . . . .  And that's
21 literally the only place we can get food around here, because
22 that's the only restaurant that will allow the government to be
23 billed, and so they don't get paid right away.

24         MR. HOCHMAN:  Again, I'd ask, at least for this
25 lunch.  And they can be instructed that, if they don't want to

1  deliberate, they don't deliberate as a whole group, but they
2  stay there and eat their sandwiches, and when they're ready
3  again to deliberate, they can go ahead and deliberate.  Or they
4  can deliberate and eat sandwiches at the same time.
5       That would be my preference.
6       MS. FINLEY:  Your Honor, we'll defer to the Court,
7  but it seems like if you're going to give them instructions to
8  sit in the room and not deliberate, they could equally follow
9  the directions that, if they're going to step out to get lunch,
10 they won't deliberate amongst themselves, either.  So allowing
11 them to go get lunch, and come back, and continue, would be
12 fine with the government; but we would defer to the Court as to
13 how to handle it.
14      THE COURT:  I am not going to tell them they can or
15 cannot deliberate over lunch.  That's up to them, as long as
16 all of them are there.  They can either talk about football or
17 baseball, or talk about the case, while they eat lunch.
18      MR. HOCHMAN:  Right.
19      THE COURT:  All right.  I'll go along with telling
20 them we are going to do lunch in, such as it is, for today.  If
21 we go into tomorrow, I'd be less inclined to do that.  I'd also
22 be not inclined to send a marshal with them.  They are not
23 sequestered.
24      MR. HOCHMAN:  Right.  Again, it's just to -- the
25 experience I had, in particular, because, in Los Angeles, there

1  actually wasn't a good place to go for a whole group, they
2  asked the court security officer to go with them to an
3  establishment that had enough space for the jurors.  But that's
4  up to the Court's discretion, certainly.
5              THE COURT:  We'll deal with that tomorrow, if needed.
6              All right.  I'm going to ask either the Court
7  Security Officer or the Courtroom Deputy to take the little
8  things in so they can order lunch.  And then, from experience,
9  it will probably be about an hour before it gets here.
10             MR. HOCHMAN:  Okay.
11             THE COURT:  So I'm not sure what that means in terms
12 of your lunches, but . . . .
13             MR. HOCHMAN:  Well, we're on standby; so, if we get a
14 note from you, and we have to be here in the middle of lunch,
15 we'll put the lunch aside and be here.
16             THE COURT:  It kind of goes if I get a call while I'm
17 eating my lunch, then you get a note.
18             But in any event, we'll be in recess until we hear
19 from the jury.
20             MR. HOCHMAN:  All right.  Thank you, Your Honor.
21          (At 12:09 PM, court was recessed.)
22                         AFTER RECESS
23          (At 2:38 PM, court was reconvened.)
24             THE COURT:  All right.  We're back in the case of the
25 United States versus Patricia Lynn Huff.  I've been informed

```
 1   that the jury has reached verdicts.
 2            Have the jury step in, please.
 3            (At 2:39 PM, the jury was escorted into the
 4      courtroom.)
 5            THE COURT:  Mr. Shaw, because you're holding the
 6   verdict form, may I assume you're the foreperson?
 7            JUROR SHAW:  Yes, sir.
 8            THE COURT:  And I'm told that the jury has reached
 9   verdicts.  Is that correct?
10            JUROR SHAW:  Yes, sir.
11            THE COURT:  If you'd hand the verdict form to my
12   Courtroom Deputy, please?
13            (The Court reviews the verdict form.)
14            THE COURT:  If the jury will please rise and listen
15   to the verdicts?
16            As to Count 1, the first question, dealing with an
17   overt act committed after May 15th, 2007, you have checked the
18   box yes.
19            As to Question 2, you have found the defendant guilty
20   of Count 1.
21            As to Count 6, you have checked and found the
22   defendant guilty of Count 6.  As to the two alternatives for
23   the false statements, you have checked both of the two boxes.
24            Count 7, you have found the defendant guilty.  As to
25   the alternatives, you have checked box -- the first
```

```
 1   alternative, and left blank the second alternative.
 2              As to Count 8, you have found the defendant guilty.
 3   As to the two alternatives, you have checked both of the two
 4   boxes.
 5              As to Count 9, you have found the defendant guilty.
 6   As to the alternatives, you have checked both of the two
 7   alternatives.
 8              The verdict form is dated today's date.  It is signed
 9   by your foreperson.
10              Are these your verdicts, so say all of you?
11              (The jurors indicated affirmatively.)
12              THE COURT:  Be seated, please.
13              Mr. Chobrda are these your verdicts?
14              JUROR CHOBRDA:  Yes, sir.
15              THE COURT:  Ms. Bones, are these your verdicts?
16              JUROR BONES:  Yes, Your Honor.
17              THE COURT:  Mr. Aminian, are these your verdicts?
18              JUROR AMINIAN:  Yes, sir.
19              THE COURT:  Ms. Krug, are these your verdicts?
20              JUROR KRUG:  Yes, Your Honor.
21              THE COURT:  Ms. Lane, are these your verdicts?
22              JUROR LANE:  Yes, Your Honor.
23              THE COURT:  Ms. Williamson, are these your verdict?
24              JUROR WILLIAMSON:  Yes, Your Honor.
25              THE COURT:  Ms. Morgan, are these your verdicts?
```

1    JUROR MORGAN: Yes, Your Honor.
2    THE COURT: Mr. Shaw, are these your verdicts?
3    JUROR SHAW: Yes, sir.
4    THE COURT: Ms. Garnick, are these your verdicts?
5    JUROR GARNICK: Yes, Your Honor.
6    THE COURT: Ms. Davis are these your verdicts?
7    JUROR DAVIS: Yes, Your Honor.
8    THE COURT: Ms. Wendel, are these your verdicts?
9    JUROR WENDEL: Yes, sir.
10   THE COURT: And Mr. Kincanon, are these your
11   verdicts?
12   JUROR KINCANON: Yes, Your Honor.
13   THE COURT: Ladies and gentlemen, I would like to
14   thank you for your time and attention to the case. All of us
15   do appreciate it. This will complete your term of jury
16   service, so you do not need to call that number. You may exit
17   through the jury room. I would ask that you leave those juror
18   buttons in the jury room.
19       Thank you very much.
20       (At 2:43 PM, the jury was escorted from the
21   courtroom.)
22   THE COURT: Be seated, please.
23       Mr. Hochman, if you and Dr. Hough would come up to
24   the podium for me, please?
25       Dr. Hough, based upon the verdicts of the jury, the

```
 1   Court adjudicates you guilty of Count 1 of the indictment;
 2   Count 6 of the indictment as to both manners; Count 7 of the
 3   indictment as to the first manner relating to the substantially
 4   underreported; Count 8 of the indictment, the Court finds you
 5   guilty with regard to each of the two manners; and, in Count 9,
 6   the Court adjudicates you guilty, again, as to each of the two
 7   manners set forth in the indictment.
 8            The Court will direct the preparation of a
 9   presentence report.  Sentencing will be scheduled for February
10   the 10th, 2014, at 9:00 o'clock in the morning.
11            Anything else, from either side?
12            (The defendant fainted.)
13            MR. HOCHMAN:  Your Honor, could you get a doctor
14   here, please?
15            (The defendant resumed consciousness.)
16            (Counsel for the defendant rendered care to the
17       defendant.)
18            (Court stood at ease for the moment.)
19            MR. SAUNDERS:  Your Honor, permission to have her
20   stay in the chair?
21            THE COURT:  Sure.
22            MR. HOCHMAN:  Your Honor, as long as Dr. Hough can
23   just sit right here, I think you can see her?
24            THE COURT:  I can see her fine.  I didn't know she
25   was sitting, but that's fine.
```

```
 1              MR. HOCHMAN:  Yes.
 2              Just sit right there, please.
 3              And just for the record, Dr. Hough has spent whatever
 4   amount of time in the last five or ten minutes . . . .  She
 5   fainted.  She's now sitting in a chair next to me, able -- I
 6   just spoke to her a second ago, and I believe she understands
 7   what's going on.
 8              Do you, Dr. Hough?
 9              THE DEFENDANT:  I know who I am and where I am.
10              THE COURT:  I didn't hear what she said.
11              MR. HOCHMAN:  She said she knows who she is and where
12   she is.
13              THE COURT:  All right.
14              MR. HOCHMAN:  I think it was February 10th, Your
15   Honor, 2014, at 9:00 a.m.?
16              THE COURT:  Yes.
17              MR. HOCHMAN:  And may I ask very briefly, Count 7,
18   they only checked one box, I know the Court had had that under
19   advisement for a Rule 29 motion, seeing if they were actually
20   going to check the second box, which is the Schedule B box.
21   Apparently, they haven't.
22              I would ask the Court to grant the Rule 29 motion for
23   Count 7.  That's the 2006 year, where it was an actual negative
24   total income rather than a positive total income.
25              THE COURT:  I'm sorry, you want the directed verdict
```

```
 1   as to the second portion, that the jury did not check?
 2           MR. HOCHMAN:  No, no, no, Your Honor.  I think, for
 3   Count 7, Your Honor, you said that you took that under
 4   advisement because that's the one year where the negative --
 5   the total income was actually negative according to the IRS's
 6   charts.
 7           THE COURT:  That's correct.
 8           MR. HOCHMAN:  And the government said there could
 9   also be a Schedule B issue.  And that was the only count you
10   took under advisement.
11           THE COURT:  Right.
12           MR. HOCHMAN:  I'd ask the Court if the Court's
13   prepared to rule -- since the jury only found the substantial
14   understatement issue, they didn't find the Schedule B, if the
15   Court would grant a Count Rule 29 motion as to that count.
16           THE COURT:  I won't do that right now.  I will issue
17   an order, but I'm to the going to do that right now.
18           MR. HOCHMAN:  Thank you, Your Honor.
19           We ask the Court to continue Dr. Hough on the same
20   bail that she's been on.
21           THE COURT:  Any objection?
22           MS. FINLEY:  Your Honor, the government can't recall,
23   I know that the Court had -- at initial appearance, had ordered
24   some monetary part of the bond.  The government could not
25   remember what that was.
```

```
 1              MR. HOCHMAN:  $250,000 bond, Your Honor, is what the
 2   Court had ordered.  And we'd ask the Court to -- given all
 3   Dr. Hough's appearances, timely, for the last four and a half
 4   years of the investigation, we'd ask the Court to continue her
 5   on that bond.
 6              MS. FINLEY:  We have no objection, Your Honor.
 7              THE COURT:  All right.  The Court will continue the
 8   defendant's release upon the terms and conditions previously
 9   imposed.
10              MR. HOCHMAN:  And if we need to file post-trial
11   motions, we'll do it within the time allowed.
12              THE COURT:  Thank you.
13              Dr. Hough, just stay there, and I think we have
14   medical people coming up.
15              If she needs to lay down on a couch, I have a couch
16   in chambers that she can use until they get here.
17              MR. HOCHMAN:  Thank you very much, Your Honor.
18              THE COURT:  All right.  We'll be in recess on this
19   case.
20              And if either side wants a copy of the verdict before
21   it gets docketed, we'll be happy to do that.
22              MR. HOCHMAN:  Thank you, Your Honor.
23              MS. FINLEY:  Yes, Your Honor.
24              (At 2:57 PM, paramedics arrived to render medical aid
25         to the defendant.)
```

```
 1          (At 2:57 PM, court was recessed.)
 2                  -- -- -- -- -- -- -- --
 3       (Thereupon, at 2:57 o'clock p.m., the above-entitled
 4       matter was concluded.)
 5                  -- -- -- -- -- -- -- --
 6                           CERTIFICATE
 7       I CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND
 8    ACCURATE TRANSCRIPT FROM THE ORIGINAL STENOGRAPHIC RECORD IN
 9    THE ABOVE-ENTITLED MATTER.
10
11       Dated this 12th day of November, 2013.
12
13                               /s/ Jeffrey G. Thomas
                                 JEFFREY G. THOMAS, RPR
14
```