04/0'APR. 7.2003 16:12PM7567636          BOWDITCH & DEWEY          NO.181   P.2/7

FROM : ANDREW US          FAX NO. : 608 4░░░░          May. 05 2003 06:32PM P6

**CFCC        LTD**
Market Research & Development

## Letter of Intent

April 7, 2003

Dr. David Fredrick, PhD
Dr. Pat Hough, M.D.
Education Information Consultants, Inc.
P.O. 505
Gardner, Massachusetts 01440

This Letter of Intent ("LOI") confirms the mutual intentions of CFCC Ltd. and/or assigns ("Purchaser") and Dr. David Fredrick ("Fredrick"), Dr. Patricia Hough ("Hough"), and Education Information Consultants, a Massachusetts corporation ("EIC") (collectively, "Seller"), with respect to a proposed transaction (the "Transaction") to purchase, through an entity or entities to be formed by Purchaser ("CFCC Ltd."), certain shares and interests related to EIC, Saba University School of Medicine Foundation ("Saba"), located in Saba, Netherlands-Antilles, Medical University of the Americas, located in Nevis, West Indies ("MUA/Nevis") and Belize, Central America ("MUA/Belize") (MUA/Nevis and MUA/Belize are collectively referred to as "MUA"), as described in the Recitals herein, and all other subsidiaries, affiliates, assets and interests related to EIC, Saba and MUA that are held by Fredrick and/or Hough or otherwise directly or indirectly in their control, and able to be sold or transferred by them, including, without limitation, any common or preferred shares, options, warrants, debt instruments, realty and other interests (collectively, the "Assets").

### RECITALS

1. Fredrick and Hough control and own 100% of EIC;

2. Fredrick and Hough have the controlling interest in MUA/Nevis, SABA and 50% of MUA Belize;

3. EIC has the sole and exclusive authority and responsibility to direct, supervise and manage the business operations of MUA/Nevis, SABA and MUA Belize pursuant to Management Services Agreements;

4. MUA/Belize is subject to a profit sharing arrangement whereby profits are split equally between Fredrick individually and/or assigned entity and/or on behalf of MUA and another unaffiliated individual;

5. Seller's assets and interests in EIC, SABA and MUA Belize are held free and clear of all liens, mortgages, and encumbrances;

6. Seller, directly or indirectly, owns or controls ownership of all real estate and property associated with EIC, Saba and MUA, in the manner described in Exhibit A.

ACCORDINGLY, these Recitals considered and in consideration of the mutual promises of Purchaser and Seller, and other good and valuable consideration, Purchaser and Seller propose, subject to the terms and conditions set forth herein, as follows:

1. **Purchase Price.** Purchaser desires to purchase (100%) of all of the stock or interests related to the Assets and assign (25%) to the Sellers. The purchase price (the "Purchase Price") for such purchase shall be US $28,000,000, which shall be paid by Purchaser to Seller in cash at closing.

| Miami | Boston | New York | San Diego | Chicago |

PO Drawer 2297,   Wilmington, North Carolina 28402          Corporate 800-493-7641   Fax 800-405-4809


Government Exhibit
6D

JW-00014

04/0'APR. 7.2003 J 6:12PM7567636    BOWDITCH & DEWEY    NO.181    P.3/7

FROM : ANDREX US           FAX NO. : 600 [REDACTED]    May. 05 2003 06:32PM P5

2. **Consulting Agreements.** Fredrick and Hough shall maintain their respective titles and salaries with their respective change being in ownership. It is understood that their positions will be part time and obligations are as needed.

3. **Due Diligence.** Immediately upon signing of this LOI, Purchaser or its representatives shall conduct a due diligence review which shall consist of the following:

(All line items assume reference to the three respective schools and E.I.C.)
Student enrollment during the past three years. Profit and loss accounting during the past three years. Confirmation of accountant summary dated 2-20-03 to be within 15%.
Ownership & leasehold documentation of all property and business.
Agreements (written or implied by sellers, school or personnel) with all government jurisdictions for all property and business.
Agreements (written or implied by sellers, school or personnel) for all property and business.
Employment contracts.
Stock holdings and or agreements held or transferred.
Related documentation and issues pertinent to this transaction.

Purchaser shall be bound by the terms and conditions of the Non-Disclosure Agreement with respect to all information disclosed by Seller regarding the Assets. Seller shall give Purchaser and its representatives reasonable access during normal business hours to all the facilities, properties, books, contracts, commitments, and records for the purpose of making such due diligence investigation, provided, however that the parties hereto shall discuss and agree on how such access is granted to minimize disruptions of work and the possibilities of premature disclosure of the transaction contemplated hereunder.

4. **Definitive Agreement Schedule; Deposit.** Within 30 days after the date of this LOI, Purchaser shall notify Seller in writing that it has or has not confirmed the facts set forth in items 3. If all due diligence items are not confirmed, Seller has a right to terminate this LOI without any further action. If all due diligence items are confirmed, Purchaser and Seller shall enter into a definitive agreement pursuant to the terms and Purchase Price contemplated hereunder. Funding will be confirmed within 14 days. Within 10 days afterwards a refundable deposit ($700,000) without recourse will be put into escrow. The Definitive Agreement will stipulate the closing date.

The definitive agreement shall provide that each of Hough and Fredrick, or their assignees, shall have a right to twenty-five percent (25%) of all profits beginning four (4) years after the date of closing, it being understood that prior to such date, revenue in excess of expenses will be applied to debt service payments, significant capital improvement, and other expenses incurred in good faith. Although it is not the intention to sell the schools in the foreseeable future, twenty-five (25%) of any sale proceeds at any time will be paid to Hough and Fredrick. These terms cannot be diminished in any way.

5. **Non-Compete.** At closing, Fredrick and Hough shall execute a Non-Competition Agreement prohibiting Fredrick and Hough from competing directly or indirectly with CFCC Ltd. by operating, owning, consulting for, or being affiliated in any manner with a post-secondary school, training organization or other similar institution of any kind or any of its branches or other similar institution of any kind or any of its branches or extensions wherever located.

6. **Confidentiality.** The existence and the terms of this LOI and the transactions contemplated hereunder shall be maintained in confidence by the parties, and are subject to the Confidentiality Agreement entered into between the parties to this LOI. No public announcements, notices or other communications regarding such matters to third parties shall be made without the prior approval of all parties hereunder other than as permitted by the Confidentiality Agreement.

JW-00015

6D.0002

04/0'APR. 7.2003 16:13PM7507656      BOWDITCH & DEWEY              NO.181   P.4/7

FROM : ANDREX US              FAX NO. : 800 4███████         May. 05 2003 08:31AM P4

7. **Conduct of Seller before Closing or Termination.** As of the date of this LOI, and until such time as this LOI is terminated, Seller shall use its best efforts to preserve the Assets and the businesses related to the Assets, and the parties hereunder shall take all reasonable steps and provide all reasonable assurances as may be required under this LOI.

8. **Purchaser's Financial Abilities.** Purchaser shall provide evidence of its financial ability to perform its obligations including payment of the Purchase Price described above, which evidence shall be subject to the reasonable satisfaction of Seller

9. **Expenses.** The parties shall each bear their own costs associated with this LOI and the proposed transaction.

10. **Termination.** This LOI shall terminate (a) by Purchaser, if Purchaser's due diligence review as described herein is deemed unsatisfactory by Purchaser, and Purchaser gives Seller a written notice of termination no later than on or about the twentieth after the date of this LOI, (b) by Seller, if Purchaser gives Seller a written notice, or otherwise requires a change in the Purchase Price or other obligations of Purchaser hereunder or terms of this LOI prior to reaching a definitive agreement; (c) by Seller, if Seller is not reasonably satisfied with Purchaser's evidence of Purchaser's ability to perform its obligations; (d) by either non-breaching party, upon material breach by a breaching party, provided that, with exception to the fund confirmation and deposit unless mutually agreed the non-breaching party shall have a right to cure such breach, if curable, within five (5) days of notice of such breach

11. **Commitment to Gardner.** Purchaser shall continue operations of EIC (or its successor) in Gardner for a period of at least 2 years after closing.

12. **Miscellaneous.**

    a. **Amendment.** This LOI may be amended, modified or supplemented but only in writing signed by each of the parties hereto.

    b. **Notices.** Any notice, request, instruction or other document to be given hereunder by a party hereto shall be in writing and shall be deemed to have been given, (i) when received if given in person or by U.S. mail, certified or registered mail, return receipt requested, postage prepaid, overnight delivery, or facsimile, or (ii) on the date of acknowledgment of receipt if sent by overnight courier, which such notice shall be given at the address provided in the introductory paragraph above or to such other individual or address as a party hereto may designate for itself by notice given as herein provided. Unless otherwise notified, all notices to Purchaser shall be given to Mark Van Cura (Fax: 800-406-4006), and all notices to Seller shall be given to David Fredrick at above address, with a copy to Bowditch & Dewey, LLP, Attn: Michael P. Angelini, Esquire, Michael A. Refolo, Esquire, 311 Main Street, Worcester, MA 01608, Facsimile: (508) 798-2537, (508) 929-3127).

    c. **Waivers.** The failure of a party hereto at any time or times to require performance of any provision hereof shall in no manner affect its right at a later time to enforce such right. No waiver by a party of any condition or of any breach of any term contained in this LOI shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term.

    d. **Counterparts.** This LOI may be executed simultaneously in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

JW-00016

6D.0003

04/01APR. 7.2003 16:13PM/567836          BOWDITCH & DEWEY                NO.181    P.5/7

FROM : ANDREX US                    FAX NO. : 800                May. 05 2003 06:31PM  P3

e. **Headings.** The headings preceding the text of Sections of this LOI are for convenience only and shall not be deemed part of this LOI.

f. **Governing Law.** This LOI shall be governed and construed in accordance with the laws of the State of Massachusetts.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

JW-00017

6D.0004

04/0APR. 7.2003 16:13PM7567638  BOWDITCH & DEWEY  NO.181  P.6/7

FROM : ANDREX US  FAX NO. : 820  May. 05 2003 06:30PM P2

IN WITNESS WHEREOF the parties have hereunto duly executed this Agreement on this 7th day of April, 2003.

_____
Ray Dobbs

_____
D. Bradford Anderson

CFCC Ltd

By: _____
D. Bradford Anderson, President

_____
Dr. Patricia Hough

_____
Dr. David L. Fredrick

EDUCATION-INFORMATION CONSULTANTS, INC.

By: _____
Dr. David L. Fredrick, President

JW-00018

6D.0005

04/0APR. 7.20037 16:14PM7567636    BOWDITCH & DEWEY    NO.181    P.7/7/7/007

FROM : ANDREX US    FAX NO. : 800 406 4205    May. 05 2003 05:30PM P1

## Exhibit A

To be submitted as addendum.

JW-00019

6D.0006