## AGREEMENT

Agreement dated this twenty-fifth day of June, 2003 by and between Huntington Institute Ltd., ("Purchaser") and David Fredrick and Patricia Hough (collectively, "Sellers"), whereby it is agreed, stated and recited as follows:

1) Sellers own or control Education Information Consultants ("EIC"), a Massachusetts corporation, SABA University School of Medicine Foundation ("Saba"), a Netherlands-Antilles Foundation, Medical University of the Americas, a Nevis corporation located in Nevis, West Indies ("MUA/Nevis") and Belize, Central America ("MUA/Belize") (the "Assets").

2) Purchaser is a Foreign Holding Company.

3) Purchaser, either directly or through one or more affiliates, shall purchase all of the stock and ownership interests related to the Assets for an amount equal to $28,000,000 U.S., which shall be paid by wire transfer at closing to an account designated by Sellers.

4) Purchaser has arranged financing for the $28,000,000 and has committed these funds for this acquisition.

5) Purchaser has conducted its due diligence investigation, including but not limited to a visit to the referenced school campuses and the U.S. management office in Gardner, Massachusetts, as well as a review of the financial documents provided by the Sellers. Purchaser and Sellers understand that additional documentation review will continue until closing.

6) Purchasers and Sellers affirm that TIME IS OF THE ESSENCE in this transaction.

7) Upon acquisition of the Assets, Purchaser will retain the United States management office in Gardner, Massachusetts for a minimum of two years.

8) The acquisition shall be as follows: upon the simultaneous transfer by Purchaser of $28,000,000 in U.S. funds to the depository designated by Sellers:

A) Transfer of any and all assets including but not limited to real estate, whether located in the U.S. or in the Caribbean, shall occur, with title vesting in the new holding company, Huntington Institute Ltd.

B) Any and all assets and real estate transfers not yet completed by the closing date of this transaction shall be vested in the new holding company, Huntington Institute Ltd. as soon as completed. It is understood that the Government of Nevis has agreed to sell the M.U.A. campus real estate for $150,000 and, upon the acquisition hereunder, will be transferred to Huntington Institute Ltd.

Government Exhibit

6F

JW-00006

C) 100% of the controlling interests of Sellers in EIC, Saba, and MUA/Nevis, as well as the 50% profit sharing interest in MUA/Belize, shall be conveyed to the new holding company, Huntington Institute Ltd.

D) Immediately upon transfer of the controlling interest, 25% of all of the issued and outstanding shares or ownership interests of Purchaser shall be transferred to Sellers or their assignees. These 25% ownership shares are not subject to dilution, cash calls, or default. Sellers shall have equal voting rights and adequate minority owner protections. The remaining 75% shall remain in the ownership of the three named directors/owners/assignees of the Huntington Institute Ltd.

E) Sellers shall remain and retain their present official titles for a period of not less than five years and shall be paid a salary consistent with their present salary as paid by EIC. However, Sellers shall assume a consulting role and work with the new associated owners/assignees to reduce Sellers' workload and focus on growth rather than maintenance.

F) Sellers shall participate on a pro rata basis in the profits of Huntington Institute Ltd. after three years. However, should Purchasers decide at any time after the closing to sell any or all of the Assets, Sellers shall participate in the sale as 25% owners of any profits realized upon such sale.

G) Purchasers shall devote their full interest in working with, assisting and developing the present schools.

H) The closing shall occur and the purchase price shall be paid on July 25, 2003, at the principal office of Purchaser, at 12:00 noon, local time, or such other location or earlier time and date agreed upon by the parties hereto.

9) The existence and the terms of this Agreement and the transactions contemplated hereunder shall be maintained in confidence by the parties, and are subject to the Confidentiality Agreement entered into between the parties to this Agreement. No public announcements, notices or other communications regarding such matters to third parties shall be made without the prior approval of all parties hereunder other than as permitted by the Confidentiality Agreement.

10) The parties shall each bear their own costs associated with this Agreement and the proposed transaction.

11) At the election of Seller, this Agreement shall terminate on July 25, 2003, if the closing has not occurred by such date. This Agreement may be terminated by mutual agreement of the parties.

12) This Agreement may be amended, modified or supplemented but only in writing signed by each of the parties hereto. The failure of a party hereto at any time or times to require performance of any provision hereof shall in no manner affect its right at a later time to enforce such right. No waiver by a party of any condition or of any breach of any term contained in this Agreement shall be effective unless in writing, and no waiver in any one or more instances shall be deemed to be a further or continuing waiver of any such condition or breach in other instances or a waiver of any other condition or breach of any other term.

13) Any notice, request, instruction or other document to be given hereunder by a party hereto shall be in writing and shall be deemed to have been given, (i) when received if given in person or by U.S. mail, certified or registered mail, return receipt requested, postage prepaid, overnight delivery, and by facsimile, or (ii) on the date of acknowledgment of receipt if sent by overnight courier, which such notice shall be given at the address provided in the introductory paragraph above or to such other individual or address as a party hereto may designate for itself by notice given as herein provided. Unless otherwise notified, all notices to Purchaser shall be given to Brad Anderson, P.O. Drawer 2257, Wilmington, NC 28402 (Fax: (800-406-4009), and all notices to Seller shall be given to Patricia Hough/David Fredrick, Personal and Confidential, at Education Information Consultants, Inc. P.O. Box 386, Gardner, MA 01440 and by fax at (941-474-8965).

14) This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

PURCHASER:

HUNTINGTON INSTITUTE LTD.

By: _____
                    , for Purchasers


SELLERS:

Dr. David Fredrick, as Seller

Dr. Patricia Hough, as Seller

{J:\CLIENTS\bus\302196\0002\00366946.DOC;2}

JW-00008