UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                               2:13-cr-72-FtM-29DNF

PATRICIA LYNN HOUGH
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Patricia Lynn Hough's Motion For New Trial Pursuant to Fed. R. Crim. P. 33(a) (Doc. #137) and Defendant Patricia Lynn Hough's Motion For Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29(c) (Doc. #138), both filed on November 22, 2013. The government filed Responses (Docs. ##142, 144), and with the permission of the Court defendant filed a Reply (Docs. ##146, 147) to each Response.

**A. Reserved Rule 29(a) Motion As To Count Seven**

At the close of the government's case, defendant orally moved for judgment of acquittal under Fed. R. Crim. P. 29(a) as to all counts. The Court denied the motion except for Count Seven, on which it reserved decision pursuant to Rule 29(b). The Court therefore first addresses this outstanding motion.

Count Seven of the Indictment charges a violation of 26 U.S.C. § 7206(1) for filing a false tax return for calendar year 2006. Specifically, Count Seven alleges that on approximately June 21, 2007, defendant willfully made and subscribed a Form 1040 income tax return for calendar year 2006 which was false in two ways: (1) it reported that total income on line 22 was $46,245 when defendant

then and there knew and believed that the amount of total income on line 22 was substantially greater; and (2) it failed to report on Schedule B, Parts I and III, lines 7a and 7b that defendant had an interest in or signature or other authority over bank, securities, and other financial accounts located in foreign countries. The jury found defendant guilty only under the first prong, and therefore defendant's oral Rule 29(a) motion is moot as to the second prong of Count Seven.

"After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court views the evidence presented up to that point in the light most favorable to the government and draws all reasonable inferences and credibility choices in the government's favor. United States v. Capers, 708 F.3d 1286, 1296 (11th Cir. 2013).

Any person who "[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter" is guilty of a federal criminal offense. 26 U.S.C. § 7206(1). To sustain a conviction under 26 U.S.C. § 7206(1), the government must prove that: (1) the defendant willfully made and subscribed to a tax return; (2) the return contained a written declaration that it was made under penalties of

perjury; (3) the defendant did not believe that the return was true as to every material matter; and (4) the return was false as to a material matter.  United States v. Clarke, 562 F.3d 1158, 1163 (11th Cir. 2009).  The government's evidence was clearly sufficient to support the first two elements.  The third and fourth elements are more problematic.

As relevant, Count Seven asserted that defendant's 2006 Form 1040 was willfully false because it reported a total income of $46,245 on line 22 when defendant then and there knew and believed that the amount of total income on line 22 was substantially greater.  Thus, Count Seven charged that defendant willfully and substantially understated her total income for 2006.  After the Indictment and before testifying at the trial, the Internal Revenue Service (IRS) case agent reviewed the evidence and re-calculated the figures for Count Seven.  As Revenue Agent Sheila Mauer testified in the government's case in chief, the reliable facts actually showed that the $46,245 total income figure was too high, not too low. According to Revenue Agent Mauer, defendant's line 22 total income was actually $32,516.  Thus, defendant had overstated her total income on line 22 of the 2006 tax return by $13,729, and the result was that defendant paid too much tax and was entitled to a $2,282 refund from the IRS.  This testimony that defendant overstated her total income clearly was not sufficient to support the Count Seven charge that she had willfully substantially understated her 2006 total income.

The government argues, however, that there was other evidence in its case in chief which fills this void. The government argues that in addition to the specific dollar amount addressed by Revenue Agent Mauer, there were unspecified other amounts of income which a reasonable jury could have included in total income which would have been consistent with and supportive of the understatement charge in Count Seven. According to the government, that evidence goes like this: Revenue Agent Mauer saw evidence that defendant and co-defendant Fredrick owned the Saba Foundation and MUA; Mauer also saw evidence that the schools were profitable in 2006; _if_ Hough and Fredrick owned these entities, each would have been required to report one half of the net profits on their individual tax returns; defendant did not report any such net profits on her 2006 individual tax returns; therefore, _if_ the schools were profitable, and _if_ the net profits had been included on defendants' tax returns, the tax due and owing would have increased. (Doc. #144, pp. 19-20.) Revenue Agent Mauer knew of but did not include this net profit in her calculations, however, because it would have been based on estimates and she needed more information to come up with a reliable figure. (_Id._ at 19.)

The Court is not persuaded any more than Revenue Agent Mauer was persuaded. The government's Response (Doc. #144) still has not attempted to calculate a net profit figure which, it asserts, should have been included as a component of defendant's 2006 total income. It is exceptionally hard to find sufficient evidence to

-4-

support any figure in excess of $32,516 when not even the case agent is comfortable calling such an additional amount reliable. But more to the point, the Court finds there was insufficient evidence presented in the government's case in chief from which a reasonable jury could have found a substantial understatement of total income on defendant's 2006 tax return.

It is true that the government is not required to prove the exact total income amount as alleged in an indictment. <u>United States v. Hallmark</u>, 911 F.2d 399, 402 (10th Cir. 1990). The difficulty in this case is not that there is simply a variance in the dollar amount of understated total income. Rather, the government's evidence changed the tax return from one which is alleged to have substantially understated total income to one which actually overstated total income. While the total income on line 22 may still be an incorrect number, there is no evidence that defendant willfully or intentionally overstated total income so she would be liable for more taxes. Additionally, while arguably still an incorrect number, the <u>over</u>statement of total income is not material to this particular tax return. The overstatement of total income did not tend to cause the IRS to take any steps or make any decision, since defendant did not seek a refund.

Accordingly, the Court grants defendant's oral motion for judgment of acquittal as to Count Seven made at the conclusion of the government's case in chief. The jury verdict as to Count Seven is vacated, and defendant is adjudicated not guilty of Count Seven.

**B. Post-Verdict Rule 29(c) Motion For Judgment of Acquittal**

Defendant seeks a post-verdict judgment of acquittal pursuant to Rule 29(c). (Doc. #138.) The legal principles that apply in deciding a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)(internal citations omitted)). See also United States v. Merrill, 513 F.3d 1293, 1299 (11th Cir. 2008). As discussed previously, the Court views the evidence in the light most favorable to the government. Capers, 708 F.3d at 1296.

Defendant argues that the evidence presented at trial, even when viewed in the light most favorable to the government, was insufficient to allow a reasonable jury to find defendant guilty beyond a reasonable doubt as to any count. Defendant asserts that the guilty verdict on Count Seven demonstrates a broad systemic failure in which the jury either did not adequately understand the

evidence or decided on a basis other than evidence. (Doc. #138, p. 4.) Defendant further argues that the government failed to prove essential elements of all substantive claims, resulting in an unjust verdict. (Doc. #138, pp. 2-3, 5-12, 14-30.) The government reviews the evidence (Doc. #144, pp. 3-18, 20-28) and asserts that defendant's "guilt was established by overwhelming documentary evidence and testimony." (Id. at 3.)

Applying the legal principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count (other than Count Seven, which has now been removed from the jury's consideration), and that a reasonable jury could have found defendant guilty beyond a reasonable doubt as to these counts of conviction. Therefore, Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 29 for a Judgment of Acquittal (Doc. #138) will be denied.

**C. Motion For New Trial**

Defendant also maintains that a new trial should be granted in the interest of justice under Fed. R. Crim. P. 33. (Doc. #137.) Defendant argues that (1) the Court erred in allowing certain cross examination of two character witnesses; (2) the Court erred in admitting hearsay statements of the fugitive co-defendant without a proper co-conspirator exception foundation; and (3) the evidence preponderated heavily against the verdicts. The Court disagrees with each argument.

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004).

The Court agrees with the government that the cross examination of the character witnesses was not error, and even if error, it was harmless beyond a reasonable doubt. No one who sat through this trial would have any doubt at all that the responses to the disputed questions to the character witnesses had no impact on the jury's determination of the facts of the case. Additionally, the Court finds that the government satisfied its burden of laying the co-conspirator exception. Statements of co-conspirators made during the course of and in furtherance of the conspiracy are not hearsay. Fed. R. Evid. 801(d)(2)(E). For a statement to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence that: "(1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." United States v. Reeves, ___ F.3d ___ (11th Cir.

2014)(citations omitted). A district court may consider the hearsay statements themselves when making this determination. Bourjaily v. United States, 483 U.S. 171, 181 (1987). Finally, it is the Court's view that the verdicts of guilty are not against the weight of the evidence. Having heard the evidence and making independent credibility determinations, the Court fully agrees with the guilty verdicts in this case.

Accordingly, it is now

**ORDERED**:

1. Defendant Patricia Lynn Hough's Oral Motion For Judgment of Acquittal Pursuant to Rule 29(a) as to Count Seven is **GRANTED,** and the jury verdict as to Count Seven is vacated.

2. Defendant Patricia Lynn Hough's Motion For New Trial Pursuant to Fed. R. Crim. P. 33(a) (Doc. #137) is **DENIED.**

3. Defendant Patricia Lynn Hough's Motion For Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29(c) (Doc. #138) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of February, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record