

No. 22 of 2003

AN ACT TO MAKE PROVISIONS AUTHORIZING THE
ENFORCEMENT OF CERTAIN OBLIGATIONS OF THE BAHAMAS UNDER AN
AGREEMENT ON TAXATION MATTERS SIGNED ON 25TH JANUARY, 2002
AT WASHINGTON D.C. IN THE UNITED STATES OF AMERICA BETWEEN
THE GOVERNMENT OF THE BAHAMAS AND THE GOVERNMENT OF THE
UNITED STATES OF AMERICA, AND TO PROVIDE FOR OTHER CONNECTED OR
INCIDENTAL PURPOSES.

*[Date of Assent - 22nd December, 2003]*

**Enacted by the Parliament of The Bahamas.**

**Short title and commencement.**

1. (1) This Act may be cited as The Bahamas and the United States of America Tax Information Exchange Agreement Act, 2003.

   (2) This Act shall come into force on the 1st day of January, 2004.

**Interpretation.**

2. (1) In this Act -

   "Agreement" means the arrangements between The Bahamas and the United States entered into on 25th January, 2002 at Washington, D. C. in the United States of America by the Government of The Bahamas and the United States Government for the provision of information with respect to taxes and for other matters, the text of which is set forth in the Schedule;

**Schedule.**

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

"Article" means Article of the Agreement;

"business" means a profession or trade;

"civil matter" means an examination, investigation or proceeding relating to United States federal tax administration and enforcement with respect to conduct that does not constitute a criminal tax offence under the laws of the United States that is pending at the time of a request and which relates to a taxable period commencing on or after January 1, 2006;

"Competent Authority" means -

 (a) in the case of The Bahamas, the Financial Secretary in the Ministry of Finance; and

 (b) in the case of the United States, the Secretary of the Treasury or his delegate;

"criminal matter" means an examination, investigation or proceeding concerning conduct that constitutes a criminal tax offence under the laws of the United States that is pending at the time of a request and which relates to a taxable period commencing on or after January 1, 2004;

"document" includes any book, page, statement, account, writing or record, howsoever recorded or stored;

"information" means any fact or statement, in any form, that is foreseeably relevant or material to United States Federal tax administration and enforcement, including (but not limited to) -

 (a) the testimony of an individual, and

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

    (b)    documents or records;

"judge" means a Judge of the Supreme Court;

"Minister" means the Minister of Finance;

"pending matter" has the meaning assigned to it under Article 1;

"premises" includes any place whatsoever and any means of transport;

"privileged communication" means a communication that -

    (a)    is a confidential communication, whether oral or written, passing between –

        (i)    counsel and attorney in his or her professional capacity and another counsel and attorney in such capacity; or

        (ii)    a counsel and attorney in his or her professional capacity and his or her client, whether made directly or indirectly through an agent of either;

    (b)    is communicated or given to a counsel and attorney by, or by a representative of, a client of his or hers in connection with the giving by the counsel and attorney of legal advice to the client;

    (c)    is made or brought into existence for the purpose of obtaining or giving legal advice or assistance; and

    (d)    is not made or brought into existence for the purpose of committing or furthering the commission of some illegal or wrongful act;

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

"regulation" means regulations made under section 13;

"request" means an application made pursuant to Article 2 for assistance;

"resident" has the meaning assigned to it by Article 1;

"tax" has the meaning assigned by Article 1;

"the United States" has the meaning assigned by Article 1;

"the U.S. Government" means the Government of the United States.

(2) In this Act, a reference to the Minister, in relation to any function to be performed by the Minister under this Act, includes a reference to the Financial Secretary as the duly designated Competent Authority under the Agreement.

(3) A reference in this Act to the performance of a function includes reference to the performance of a duty or the exercise of a power or right.

**Legal effect of this Act.**  3. (1) This Act has effect for the purpose of enforcing the giving of assistance by persons in The Bahamas in connection with the performance of the obligations assumed by The Bahamas under the Agreement and shall remain in force only for the duration of the Agreement.

(2) Subject to subsections (3) and (4), the Minister in performing his functions under this Act, is not restricted by any law or any rule of law relating to confidentiality except as expressly provided in the Agreement.

(3) For the avoidance of doubt it is hereby expressly declared that nothing in this Act shall be construed as imposing any obligation on the Government of The Bahamas to supply information that constitutes or would reveal a privileged communication.

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

(4) Nothing in this Act shall be construed as imposing on the Government of The Bahamas any obligation to -

    a) carry out administrative measures at variance with the laws and administrative practices of The Bahamas;

    b) supply particular items of information which are not obtainable under the laws or in the normal course of the administration of The Bahamas;

    c) supply information which would disclose any trade, business, industrial, commercial or professional secret or trade process;

    d) supply information the disclosure of which would, in the judgement of the Government of The Bahamas, be contrary to national security or public policy in The Bahamas; or

    e) supply information that relates to a matter under United States federal tax law that is barred by the applicable statute of limitations.

**Procedure in respect of a request.**

4. (1) A request must be in writing.

(2) A request must be signed by a senior official designated by the U.S. Government.

(3) A request shall include the following particulars –

    a) that by the request, the U.S. Government seeks the information identified in the request;

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

5

b) that the information requested relates to the carrying out of the laws of the United States following the procedure as prescribed in Article 2;

c) the identity of the taxpayer in respect of whom the information is sought;

d) whether or not the taxpayer is a resident of the United States;

e) a description of the requested information including the type and form of information being sought;

f) the period of time with respect to which the information is requested;

g) that the information relates to an examination of the taxpayer identified in the request for a pending matter relating to a taxable period of the taxpayer, being the period so specified in the request;

h) where the request also seeks information relating to a time frame outside the taxable period specified in the request, the request must clearly establish the connection between that taxable period and the time frame for the information;

i) that the period in respect of which the information is sought is not barred by the applicable statute of limitation of the United States;

j) that the information sought is in The Bahamas, its likely location and that a person in The Bahamas that is specified in the request has or may have the information in his possession, custody, or control;

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

6

k) whether the information is required for a civil matter or for a criminal matter;

l) where the request is in respect of a civil matter the law imposing the tax must be specified;

m) where the request involves a criminal matter the law contravened or believed to have been contravened must be specified;

n) a declaration that the information being sought is foreseeably relevant or material to United States federal tax administration and enforcement with respect to the person identified in paragraph (c) above;

o) the reasons for believing that the information requested is foreseeably relevant or material to tax administration and enforcement with respect to the person identified in paragraph (c) of this subsection.

(4) In addition to the requirement under subsection (2) of this section, in the case where the information requested is in respect of a matter which relates to a person who is not resident in the United States or does not constitute a criminal matter, a senior official designated by the U.S. Government must certify that the request is foreseeably relevant or material to the determination of a tax liability of a taxpayer of the United States, or to the criminal liability of a person under the tax laws of the United States, as the case may be.

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

**Power to require production of information.**

5. (1) Subject to this section, where the Minister has received a request in respect of which the requirements of section 4 are fulfilled, he shall by notice in writing under this section served upon the person referred to in paragraph (j) of subsection (3) of that section direct him to deliver to the Minister the information referred to in that paragraph.

(2) For the purposes of subsections (3) and (4) of this section, a subsection (2) matter is a matter -

    (a) with respect to which information is sought in a request; and

    (b) which relates to a person who is not a resident of the United States,

whether or not the requirements of section 4 are fulfilled in relation to the request.

(3) Where the Minister receives a request which seeks information with respect to a matter which either -

    (a) is a subsection (2) matter; or

    (b) does not constitute a criminal matter,

he shall not issue a notice under this section to any person unless the Minister receives, in accordance with subsection (4) of section 4 certification from a senior official designated by the Secretary of the Treasury of the United States that the information sought by the request is foreseeably relevant or material to the determination of the federal tax liability of a United States taxpayer, or the criminal tax liability of a person under the federal tax laws of the United States, as the case may be.

(4) Notwithstanding the condition for certification set out under subsection

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

(3), where the Minister receives a request which seeks information with respect to a subsection (2) matter, he shall not issue a notice under this section to any person unless the Minister is satisfied that the information is foreseeably relevant or material to the administration and enforcement of the federal tax laws of the United States.

(5) A notice issued under subsection (1) of this section must-

    (a)    contain the relevant details of the request to which the notice relates; and

    (b)    specify the time within which information sought by the request is to be delivered to the Minister, which time shall not be more than twenty-eight days, commencing with the day on which the notice was served.

(6) The Minister may extend the time specified in the notice beyond twenty-eight days where he considers that the circumstances warrant such an extension.

(7) Subject to subsection (8), a person who is directed by a notice under subsection (1) to deliver information to the Minister shall deliver it to the Minister in accordance with the notice if the information is in The Bahamas and that person has it in his possession, custody or control.

(8) A person complies with a duty under this section to deliver information to the Minister if he makes the information available to him.

(9) A direction given in a notice under this section to a person is an absolute defence to any claim brought against him in respect of any act of his that was done, or any omission of his that was made, in good faith in obedience to the direction.

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

9

(10) Where the Minister receives a request in respect of which the requirements of section 4 are fulfilled and such information is publicly available through a registry within a government department, the Minister may waive the requirements for notice under this section.

**Power to enter premises to obtain information.**

6. (1) The Minister, or an officer designated by him, may apply to a judge in accordance with the provisions of this section for a warrant to enter upon premises for the purpose of enforcing a notice issued under section 5.

(2) Any officer so designated under subsection (1) of this section must produce to the judge the written authority signed by the Minister.

(3) If, on information given on oath by such an officer, a judge is satisfied that there is reasonable ground for suspecting that an offence against this Act has been, or is being, or is about to be, committed on any premises, being an offence by reason of which the delivery to the Minister of information sought by a request is endangered, then the judge may issue a warrant in writing authorizing an officer of the Ministry to enter the premises at any reasonable time, if necessary by force, within fourteen days commencing on the day of the issue of the warrant, and search such premises.

(4) In issuing a warrant under this section, the judge may impose such restrictions upon the execution of the warrant as he may deem proper in the circumstances.

(5) An officer entering premises by virtue of a warrant under this section may be accompanied by a police officer and such other person and equipment authorized by the Minister as he considers necessary to enable him to enforce the warrant, and on

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

10

leaving such premises entered by virtue of a warrant under this section, shall, if the premises are unoccupied or the occupier is temporarily absent, leave them as effectively secured against trespassers as the officer found them.

(6) On entering premises by virtue of a warrant under this section, the officer may seize and remove any article or information relevant to a request under this Act wheresoever found which he has reasonable cause to believe may contain information relevant to a request, and shall immediately deliver to the Minister such article and information so seized and removed.

(7) Where entry to premises has been made by virtue of a warrant under this section and the officer making the entry has seized any article or information under the authority of the warrant, the officer shall prepare a list of such articles or information and, if so requested by a person showing himself either -

    (a)    to be the occupier of the premises; or

    (b)    to have had possession or custody of those articles or information immediately before the seizure,

provide that person with a copy of that list.

(8) Where articles and information are seized under the authority of a warrant and it is shown that access to such articles and information is required for the continued conduct of the business or affairs of any person, the Minister shall afford to that person reasonable access to those articles commencing on the day on which he obtained the articles or information.