| | | |
|---|---|---|
| **Provision supplementary to sections 5 and 6.** | 7. (1) Subject to subsection (2), where the Minister obtains articles by virtue of section 5 or 6, he shall - | |

    (a)  unless he returns it pursuant to paragraph (c), not disclose or reveal to any person the contents or import of the articles or information, for twenty days commencing on the day on which he obtained the articles or information;

    (b)  after the expiry of the twenty days, if the articles or information in his opinion contains information sought by a request, he may make copies of such information as relates to the request for onward transmission to the Competent Authority of the United States; and

    (c)  whether or not the articles or information contains information sought by a request, return the articles or information as soon as practicable to the person from whom he obtained it.

(2) The Minister may extend the time period under paragraph (a) of subsection (1) for the holding of any article or information without further disclosure in the event a taxpayer or interested person has objected to the Minister providing the assistance requested or otherwise seeking judicial review of or other lawful recourse against an act of the Minster pursuant to section 12.

**Service of documents.**

8. (1) A document to be served under this Act is to be treated as properly served on the person to whom it is addressed if it is served in the manner provided under subsection (2).

(2) The document may be served on or delivered to the person personally or by being sent by registered post in his name to his last known business or private address.

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

12

Ch.2.

(3) The time period specified in section 7 of the Interpretation and General Clauses Act shall not apply to this section.

Offences.

9. (1) A person who -

    (a)    contravenes subsection (7) of section 5; or

    (b)    willfully obstructs an officer executing a warrant under section 6 or a person lawfully accompanying him pursuant to subsection (5) of that section,

commits an offence.

(2) Any person who, in connection with delivering information pursuant to subsection (5) of section 5, wilfully tampers with or alters any information or any part of such information so that the information or any part of such information is false when received by the Minister, commits an offence.

(3) Any person who wilfully alters, destroys, damages or conceals any information requested by the Minister pursuant to section 5 commits an offence.

(4) Any person who commits an offence under this section shall be liable on summary conviction to a fine not exceeding $5,000 or to imprisonment for a term not exceeding six months or to both.

Depositions, etc.

10. (1) Where a request so stipulates, the Minister shall obtain the information sought by the request in the form of -

    (a)    depositions of witnesses; or

    (b)    original documents or copies of original documents,

being depositions so made, and documents or copies so certified or authenticated, as the laws and administrative practices of The Bahamas permit.

(2) Regulations shall be made, conferring such functions on such persons as

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

13

the regulations may specify, so that full effect can be given to subsection (1).

**Advisory Committee.**

11. (1) The Minister shall establish and maintain a committee, to be known as "the Tax Agreement Advisory Committee" for the purpose of advising him on matters of policy in connection with the performance of his functions under this Act.

(2) The Tax Agreement Advisory Committee ("the Committee") shall consist of such persons (not fewer than five in number), to be appointed by the Minister, as he thinks fit, but so that not fewer than three of the Committees' members shall be persons appearing to him to be knowledgeable about the matters dealt with in the Agreement.

(3) The Minister shall appoint a person to be the Committee's Chairman.

(4) Subject to Article 3(2) dealing with confidentiality, the Minister may refer to the Committee any matter mentioned in subsection (1), and shall take into consideration any advice that the Committee may tender on that matter.

**Judicial review.**

12. Nothing in this Act shall exclude or restrict the right of any person aggrieved by the performance by the Minister or any other person with any function under this Act to challenge the performance of that function, in so far as it affects such person, either by seeking review of a decision by the Supreme Court or by taking any other action which is lawfully available.

**Regulations.**

13. (1) The Minister may make regulations -

   (a) prescribing anything that is required or permitted by this Act to be prescribed by regulations, or that the Minister thinks is necessary to be prescribed for carrying out the provisions of this Act; and

   (b) creating offences under this Act and prescribing penalties for such offences not exceeding the penalties prescribed under section 9.

(2) The provisions of section 31 and 32 of the Interpretation and General

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

14

Ch. 2.   Clauses Act shall not apply in relation to any regulations made by the Minister under this Act but instead all such regulations shall be subject to affirmative resolution of the House of Assembly.

(3) In subsection (2), the expression "subject to affirmative resolution of the House of Assembly" in relation to regulations means that any such regulations are not to come into operation unless and until approved by a resolution of the House of Assembly.

**The Crown.**   14.   This Act binds the Crown.

**SCHEDULE**   (section 2)

**AGREEMENT BETWEEN
THE GOVERNMENT OF THE COMMONWEALTH OF THE BAHAMAS
AND THE GOVERNMENT OF THE UNITED STATES OF AMERICA
FOR THE PROVISION OF INFORMATION WITH RESPECT TO
TAXES AND FOR OTHER MATTERS**

WHEREAS The Bahamas has taken significant steps in the international fight against money laundering and other financial crimes, and the United States recognizes The Bahamas as a cooperating country with respect to all relevant international efforts to counter money laundering activities;

WHEREAS the United States has recognized the efforts on the part of The Bahamas to ensure that the same financial standards apply in The Bahamas as apply in other recognized international financial centers;

WHEREAS, the Government of The Bahamas and the Government of the United States (the "Contracting Parties"), wish to enter into an agreement (the "Agreement") to establish the terms and conditions governing the provision of information by the Government of The Bahamas to the Government of the United States with respect to certain taxes; and

WHEREAS the Contracting Parties wish to enter into a form of agreement that allows United States

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

5

taxpayers to deduct expenses allocable to a convention, seminar or similar meeting held in The Bahamas in the same manner and to the same degree that such a deduction would be permitted if such meeting were held in the United States,

NOW, THEREFORE, the Contracting Parties agree as follows:

ARTICLE 1 — DEFINITIONS

1. In this Agreement, unless otherwise defined:

   a) "civil matter" means an examination, investigation or proceeding relating to United States federal tax administration and enforcement with respect to conduct that does not constitute a criminal tax offense under the laws of the United States;

   b) "Competent Authority" means:

      (i) in the case of the United States, the Secretary of the Treasury or his delegate; and

      (ii) in the case of The Bahamas, the Minister of Finance or his delegate;

   c) "criminal matter" means an examination, investigation or proceeding concerning conduct that constitutes a criminal tax offense under the laws of the United States;

   d) "information" means any fact or statement, in any form, that is foreseeably relevant or material to United States federal tax administration and enforcement, including, but not limited to,

      (i) testimony of an individual, and

      (ii) documents or records;

   e) "pending matter" means an examination, investigation or proceeding under the federal tax laws of the United States that is pending at the time the request under Article 2 is made, and

      (i) in the case of a criminal matter, relates to a taxable period commencing on or after January 1, 2004; or

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

16

  (ii) in the case of a civil matter, relates to a taxable period commencing on or after January 1, 2006;

f) "person" includes an individual and a partnership, corporation, trust, estate, association or other legal entity;

g) "privileged communication" means a communication that

  (i) is a confidential communication, whether oral or written, passing between-

    (a) a counsel and attorney in his or her professional capacity and another counsel and attorney in such capacity; or

    (b) a counsel and attorney in his or her professional capacity and his or her client, whether made directly or indirectly through an agent of either;

  (ii) is communicated or given to a counsel and attorney by, or by a representative of, a client of his or hers in connection with the giving by the counsel and attorney of legal advice to the client;

  (iii) is made or brought into existence for the purpose of obtaining or giving legal advice or assistance; and

  (iv) is not made or brought into existence for the purpose of committing or furthering the commission of some illegal or wrongful act.

h) "resident" means:

  (i) a citizen of the United States or any person, other than a company, resident in the United States for the purpose of United States tax; but in the case of a partnership, estate or trust, only to the extent that the income derived by such partnership, estate or trust is subject to United States tax as the income of a resident, either in its hands or in the hands of its partners or beneficiaries; and:

  (ii) a company created under the laws of the United States, any state or the District of

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

Columbia.

i)     "tax" means all federal taxes in the United States;

j)     for purposes of determining the geographical area within which jurisdiction to compel production of information may be exercised,

     (i)     "United States" means the United States of America, including Puerto Rico, the Virgin Islands, Guam and any other United States possession or territory;

     (ii)     "The Bahamas" means The Commonwealth of The Bahamas.

ARTICLE 2 - PROVISION OF INFORMATION WITH RESPECT TO UNITED STATES TAXES

1. The Competent Authority of the United States shall only make a request for information pursuant to this Article when the Competent Authority of the United States is unable to obtain the requested information by other means, having made all reasonable efforts to do so.

2. Upon receipt of a request made in conformity with the provisions of this Article, the Competent Authority of The Bahamas shall, subject to the provisions of paragraph 7 of this Article, make all reasonable efforts to provide to the Competent Authority of the United States information with respect to United States federal taxes.

3. Any request for information made by the Competent Authority of the United States pursuant to this Article shall be made in connection with a pending matter of a United States taxpayer and shall be framed with the greatest degree of specificity possible. In all cases, such request shall specify in writing the following:

     a)     the legal name of the person about whom the request is made;

     b)     the type of information requested;

     c)     the period of time with respect to which the information is requested;

     d)     the likely location of the information;

     e)     the matter under United States federal tax law with respect to which the information

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

18

is sought and whether that matter is criminal or civil in nature; and

  f) the reasons for believing that the information requested is foreseeably relevant or material to United States federal tax administration and enforcement with respect to the person identified in subparagraph a) of this paragraph.

4. This Article shall not apply to the extent that the requested information:

  a) relates to a matter under United States federal tax law that is barred by the applicable statute of limitations; or

  b) constitutes or would reveal a privileged communication.

5. Where the Competent Authority of the United States requests information with respect to a matter which (i) relates to a person not resident in the United States or (ii) does not constitute a criminal matter, a senior official designated by the Secretary of the Treasury of the United States shall certify that such request is foreseeably relevant or material to the determination of the federal tax liability of a taxpayer of the United States or the criminal liability of a person under the federal tax laws of the United States. If information is requested relating to persons not resident in the United States, it shall also be established to the satisfaction of the Competent Authority of The Bahamas that such information is foreseeably relevant or material to the administration and enforcement of the federal tax laws of the United States.

6. If specifically requested by the Competent Authority of the United States, the Competent Authority of The Bahamas shall provide information pursuant to this Article in specified forms to be admissible in judicial or administrative proceedings in the United States to the same extent that such specified forms can be obtained under the laws and administrative practices of The Bahamas. The specified forms shall include depositions of witnesses and authenticated copies of original documents, including books, papers, statements, records, accounts, and writings.

7. Nothing in this Agreement shall be construed so as to impose on the Government of The Bahamas the obligation to:

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

19

    a)     carry out administrative measures at variance with the laws and administrative practices of The Bahamas;

    b)     supply particular items of information which are not obtainable under the laws or in the normal course of the administration of The Bahamas;

    c)     supply information which would disclose any trade, business, industrial, commercial or professional secret or trade process; or

    d)     supply information the disclosure of which would, in the judgment of the Government of The Bahamas, be contrary to national security or public policy in The Bahamas.

8. Notwithstanding paragraph 7, the Competent Authority of The Bahamas shall have the authority to obtain and provide information held by financial institutions, nominees or persons acting in an agency or a fiduciary capacity or information respecting ownership interests in a person.

9. In connection with a request for information under this Article:

    a)     a claim of privilege under the laws of the United States shall be determined exclusively by the courts of the United States; and

    a)     a claim of privilege under the laws of The Bahamas shall be determined exclusively by the courts of The Bahamas.

ARTICLE 5 - PROTECTION OF INFORMATION

WITH RESPECT TO UNITED STATES FEDERAL TAXES

1. Information provided to the Competent Authority of the United States pursuant to this Agreement shall be disclosed only to departments, agencies and judicial and administrative bodies of the Government of the United States, and to employees and agents thereof, involved in the -

    a)     determination, assessment, and collection of; and

    b)     administration of, the recovery and collection of claims derived from, the

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

20

enforcement or prosecution in respect of, or the determination of appeals in respect of;

those United States federal taxes with respect to which the relevant request was made pursuant to this Agreement, or the oversight of the above. Such departments, agencies and judicial and administrative bodies, and the employees and agents thereof, shall use such information only for the purposes listed in this paragraph. Such departments, agencies and judicial and administrative bodies, and the employees and agents thereof, may disclose such information in connection with court proceedings related to those federal taxes with respect to which the relevant request was made pursuant to this Agreement.

2. The Competent Authority of The Bahamas shall treat any request for information received from the United States pursuant to this Agreement as confidential and shall only disclose such information as necessary to carry out its obligations under this Agreement. Such requests may be disclosed in connection with court proceedings related to the performance of the obligations of The Bahamas under this Agreement.

3. Nothing in this Agreement shall be construed to permit the Government of the United States to share information received pursuant to this Agreement with an agency or employee of any other government.

4. Information that is provided to the Government of the United States pursuant to this Agreement before January 1, 2006 concerning a criminal matter shall not be used in connection with any other matter without prior written consent of the Competent Authority of The Bahamas. With respect to information that is provided to the Government of the United States pursuant to this Agreement on or after January 1, 2006, the Competent Authority of the United States shall provide prior written notice to the Competent Authority of The Bahamas before using such information for a type of United States federal tax matter other than the one for which it was requested.

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

21

For the purposes of considering an application by a person in The Bahamas to enter into a Qualified Intermediary Withholding Agreement (within the meaning of Revenue Procedure 2000-12) with the Internal Revenue Service of the United States, The Government of the United States shall certify that The Commonwealth of The Bahamas has taken significant steps towards achieving effective rules and/or procedures for providing tax information to the United States of America for both civil tax administration and criminal tax enforcement purposes, and the Internal Revenue Service of the United States of America has determined The Bahamas' "know your customer" rules to be acceptable within the meaning of Section 3 of Revenue Procedure 2000-12.

## ARTICLE 5 – CONVENTION TAX TREATMENT

A United States taxpayer may deduct from income costs incurred with respect to attendance at a conference or convention held in The Bahamas in the same manner and to the same extent that such taxpayer is permitted to deduct such costs with respect to attendance at a conference or convention held in the United States.

## ARTICLE 6 – ADMINISTRATIVE PROVISIONS

1. The Competent Authorities of the Contracting Parties shall enter into an agreement (the "Competent Authority Agreement") regarding implementation of this Agreement.

2. The Competent Authorities of the Contracting Parties shall endeavor to resolve by mutual agreement any disputes arising as to the interpretation or application of this Agreement.

3. The Competent Authorities of the Contracting Parties may communicate directly for the purposes of reaching an agreement under this Article.

4. The Government of the United States shall reimburse the Government of The Bahamas for all direct costs incurred in providing information pursuant to this Agreement as provided in the Competent Authority Agreement. The Competent Authorities of the Contracting Parties shall consult from time to time

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

22

with a view to minimizing such costs.

1. This Agreement shall enter into force upon an exchange of notes by the duly authorized representatives of the Contracting Parties, confirming their agreement that both sides have met the constitutional and statutory requirements necessary to effectuate this Agreement.

2. The provisions of Articles 2 and 3 shall take effect -

    a) on January 1, 2004 with respect to requests for information made in connection with a criminal matter; and

    b) on January 1, 2006 with respect to requests for information made in connection with a civil matter.

3. The provisions of Article 5 shall take effect on January 1, 2006.

4. The provisions of this Agreement, with the exception of those identified in paragraphs 2 and 3 of this Article, shall take effect upon the entry into force of this Agreement.

5. The effective date provisions set forth in paragraph 2 of this Article are established in the expectation that the United States will enter into arrangements with certain other off-shore financial centers for the provision of information with respect to taxes. If the United States has not entered into such arrangements by January 1, 2004, or if the United States, at any time, enters into such arrangements that differ in material respect from the provisions of this Agreement, the Government of The Bahamas and the Government of the United States shall hold consultations concerning appropriate modifications to this Agreement.

6. If, at any time after the entry into force of this Agreement, the Organization for Economic Cooperation and Development or other international organization develops a model agreement on tax information exchange, a Contracting Party may propose modifications to this Agreement for the purpose

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

23

of bringing this Agreement into conformity with the model agreement. Upon receipt of such a proposal, the other Contracting Party shall enter into good faith negotiations concerning the proposal.

7. This Agreement shall remain in force until terminated by one of the Contracting Parties. Either Contracting Party may terminate this Agreement at any time upon three months prior written notice transmitted through diplomatic channels.

IN WITNESS WHEREOF, the undersigned, being duly authorized by their respective governments, have signed this Agreement.

DONE at Washington, in duplicate, this twenty-fifth day of January, 2002.

| FOR THE GOVERNMENT OF THE COMMONWEALTH OF THE BAHAMAS: | FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA: |
| --- | --- |
| Sgd: William C. Allen | Sgd: Paul A. O'Neill |
| Minister of Finance | Secretary of the Treasury |

This document is not the Official Gazette which can be obtained from Government Publications and is only a representation of The Bahamas and the United States Tax Information Exchange Agreement Act 2003.

24