UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:13-cr-72-FtM-29CM

PATRICIA LYNN HOUGH

_____

**NOTICE REGARDING COURT'S SENTENCING DETERMINATIONS**

This matter came before the Court on April 21, 2014, for sentencing. The government had previously filed a Sentencing Memorandum (Doc. #162) and defendant filed a Memorandum In Aid Of Sentencing (Doc. #164), to which the government filed a Response (Doc. #168). Defendant also filed Objections to Presentence Report (Doc. #163), to which the government filed a Response (Doc. #167). On April 21, 2014, the Court heard argument of counsel as to the objections to paragraph 7 through paragraph 44. Both the government and defendant filed post-argument memoranda (Docs. #S-170, 176, 177, 184).

The Court makes the following determinations pursuant to Fed. R. Crim. P. 32(i)(3)(B):

1. **Standard of Proof**: At sentencing, the government bears the burden of establishing disputed facts by a preponderance of the evidence. The Court rejects defendant's argument that a clear and convincing standard is applicable if the disputed facts are important or have a significant impact on the calculation of the

Sentencing Guidelines.  If a fact increases the statutory penalty, it must be found by a jury beyond a reasonable doubt.  <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  Otherwise, judicial fact-finding is governed by a preponderance of the evidence standard.  <u>United States v. O'Brien</u>, 560 U.S. 218, 224 (2010)("Elements of a crime must be charged in an indictment and proved to a jury beyond a reasonable doubt. [ ] Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." (internal citations omitted)).  The Eleventh Circuit does not apply a more stringent burden of proof simply because application of a sentencing enhancement significantly increases a sentence.  <u>United States v. Florence</u>, 333 F.3d 1290, 1294 (11th Cir. 2003).

    2.  **Innocence:** Defendant generally objects to all facts suggesting her guilt and inconsistent with her trial testimony, and evidence that she is innocent of all charges.  As stated in a prior Opinion and Order (Doc. #157), the Court finds the evidence sufficient to support defendant's convictions on Counts One, Six, Eight, and Nine.  Defendant's general objections to facts because they are inconsistent with her testimony or her evidence are overruled.  The Court will make its own independent determination of the facts to the extent not mandated by the jury's verdict.

    3.  **Paragraphs 7 and 8:** Defendant generally objects to these overview paragraphs because they are inconsistent with her

testimony and evidence she believes supports her innocence. Defendant's most recent filing suggests that the Court add "The government contends in summary that the evidence at trial showed that. . . ." at the beginning of each paragraph, and add "Hough disputes each of the above contentions." at the end of each paragraph. (Doc. #177, pp. 1-2.) While specific factual disputes must be resolved in later paragraphs, the Court finds defendant's recommended additions to be appropriate as to these to paragraphs. Therefore, the Probation Office is directed to amend these paragraphs to add the language set forth above. The government's objection to this (Doc. #184, pp. 1-2) is overruled.

4. **Paragraph 9**: Defendant objects to the underlined portion of the third sentence which states "Hough and Fredrick owned the Saba Foundation and" on the grounds that no one can own a Foundation, as various witnesses testified at trial, and the statement is inconsistent with various items of evidence presented at trial. Defendant suggests that this language be stricken, and the rest of the sentence indicating that Hough and Fredrick funded the creation of the Saba University School of Medicine with their own funds remain as written. (Doc. #177, ¶ 9.)

This objection is overruled. Evidence which the Court found credible established that defendant had an ownership of and income derived from the operation and sale of Saba University School of Medicine Foundation (Saba Foundation), and ownership of or income

derived from the Medical University of the Americas (MUA). Additionally, evidence which the Court found credible establishes by at least a preponderance of the evidence that both defendant and her co-defendant husband David Leon Fredrick (Fredrick) had *de facto* ownership of both entities regardless of the legal formalities, and both received income from the operation and sale of both entities.

Defendant also seeks to insert the underlined portion to the fourth sentence: "Hough served on the Board of Directors and Board of Trustees <u>in the early 1990s</u>. . . ." (Doc. #177, ¶ 9.) The government has identified documents showing defendant's purported membership on the Boards in 2006. Defendant's recommended change is rejected.

In the eighth sentence Defendant seeks to insert the underlined phrase: "The Saba Foundation maintained an undeclared account at UBS. Hough and Fredrick were <u>listed by Luetolf as</u> the beneficial owners of the undeclared foreign account. . . ." (<u>Id.</u>, ¶ 9.) Defendant's proposed addition is perhaps literally true, but is insufficient to convey the true state of things. Evidence the Court found credible established by at least a preponderance of the evidence that Hough and Fredrick were indeed the beneficial owners of this account, not just that Luetolf had listed them as such. This portion of the objection is overruled.

5.  **Paragraph 10:** Defendant objects to the portion of sentences five and six which state "MUA maintained an undeclared foreign account at UBS. Hough and Fredrick were the beneficial owners of the undeclared foreign account and had signature authority over it." Defendant proposes to insert the phrase that they were "<u>listed by Luetolf as</u>" the beneficial owners. (<u>Id.</u>, ¶ 10.) Again, while defendant's proposed addition is perhaps literally true, it is insufficient to convey the true state of things. Evidence the Court found credible established by at least a preponderance of the evidence that Hough and Fredrick were indeed the beneficial owners of this account, not just that Luetolf had listed them as such. This portion of the objection is overruled.

6.  **Paragraph 13:** Defendant's objection to the phrasing of paragraph 13 is sustained in part. The Court directs that paragraph 13 be changed to read as follows: "Hough and Fredrick had undeclared foreign accounts in the Bahamas at SG Hambros Bank and UBS. After the Bahamas entered into a change of banking policy caused by an information exchange agreement with the United States, Hough and Fredrick transferred their accounts to UBS in Switzerland." Evidence the Court found credible established these facts by at least a preponderance of the evidence. Defendant's objection and recommended changes, as well as the government's proposed changes, are otherwise overruled.

7.  **Paragraph 14:** Defendant objects to the third sentence which states: "Hough and Fredrick were the beneficial owners of MTA.", and seeks to insert instead that they "were listed by Luetolf as the beneficials owners of the MTA account." (Doc. #177, ¶ 14.) As with other accounts, the Court finds that the evidence established by at least a preponderance of the evidence that Hough and Fredrick were the beneficial owners of this account. Both Hough and Fredrick signed a document identifying themselves as beneficial owners. Their connection with the account was not simply being listed as beneficial owners by Luetolf. This objection is overruled.

8.  **Paragraph 15:** Defendant seeks to add to the last sentence that Hough and Fredrick were "listed by Luetolf as" the beneficial owners of the Apex Consultants Limited's undeclared foreign account. (Doc. #177, ¶ 15.) The Court finds that the evidence established by at least a preponderance of the evidence that Hough and Fredrick were the beneficial owners of this account. Both signed a document identifying themselves as beneficial owners, and their connection with the account was not simply being listed by Luetolf. This objection is overruled.

9.  **Paragraph 16:** Defendant seeks to add to the third sentence that Hough and Fredrick were identified "by Singenberger" as the beneficial owners of New Vanguard Holdings Limited. (Id., ¶ 16.)

The government does not object (Doc. #184, p. 6), and the Court directs that this addition be made to paragraph 16.

Defendant also seeks to add "<u>beginning in early 2007</u>" to the end of the fourth sentence. The evidences established that as of January 1, 2006, New Vanguard held 20,000 shares, and therefore the fourth sentence is amended to state "beginning in early 2006". (Doc. #177, ¶ 16.)

10. **Paragraph 17:** Defendant seeks to add to the third sentence that Hough and Fredrick were identified "<u>by Singenberger</u>" as the beneficial owners of the Top Fast undeclared foreign account. (<u>Id.</u>, ¶ 17.) The government does not object (Doc. #184, p. 6), and the Court directs that the addition be made to paragraph 17.

11. **Paragraph 18:** Defendant seeks to add to the third sentence that Hough and Fredrick were identified "<u>by Singenberger</u>" as the beneficial owners of the Ample Dynamic Trading Ltd. undeclared foreign account. (Doc. #177, ¶ 18.) The government does not object (Doc. #184, p. 6), and the Court directs that the addition be made to paragraph 18.

12. **Paragraph 20:** Defendant's objection to the phrase "in the late 2000s. . . ." in the first sentence is sustained. (doc. #177, ¶ 20.) The Court directs that the phrase be changed to read: "in the late 1990s and early 2000s, . . ."

Defendant also objects to the remainder of the first sentence, which states that "Hough and Fredrick had undeclared accounts in the Bahamnas at SG Hambros and UBS." Defendant asserts that these were Fredrick's accounts, or alternatively, that the accounts should be identified as belonging to Apex Consultants and ESI. For the reasons set forth above, this objection is overruled.

At the sentencing hearing defendant also sought to add the phrase "for the benefit of the Saba Foundation" to the end of the second sentence in paragraph 20. This request is denied, since the court finds that the credible evidence establishes that the undisclosed foreign account was for the benefit of Hough and Fredrick, not the Saba Foundation. The Court does, however, direct the deletion of the words "in their individual names" from the second sentence.

Defendant also objects to most of the fourth and fifth sentences which refer to "their" Bahamas UBS and SG Hambros bank accounts and state that Hough "and" Fredrick explained the closing of the accounts because of legislation that required disclosure of information concerning United Sates citizens with bank accounts. As previously stated, the evidence the Court found credible establishes the facts stated in these sentences by at least a preponderance of the evidence. The objection is overruled.

Defendant objects to the statement in the seventh sentence that in the Fall of 2004 she "and" Fredrick opened an undeclared

foreign account in the name of Saba School of Medicine Foundation at UBS. Defendant asserts that she simply signed her name to a form. The evidence the Court found credible establishes that Hough and Fredrick opened the undeclared foreign account in the name of Saba School of Medicine Foundation at UBS. The objection is overruled.

Finally, defendant seeks to add the underlined phrase "They were listed <u>by Luetolf</u> . . ." to the eighth sentence. For the reasons previously stated, this requested change is denied.

13. **Paragraph 21:** Defendant objects to the first and second sentences to the extent they allege that she and Fredrick caused Singenberger to open undeclared foreign accounts in the name of New Vangard and Top Fast at UBS for "them," and suggests that the first sentence read that Singenberger created the nominee entities for "the Saba Foundation." The evidence the Court found credible establishes by at least a preponderance of the evidence that Singenberger opened the New Vanguard and Top Fast accounts for Hough and Fredrick, and that the entities were created for the benefit of Hough and Fredrick, not the Saba Foundation. The objection is overruled.

Defendant objects to the portion of the fourth sentence stating she and Fredrick opened an undeclared foreign account in the name of MUA, and suggests changes stating the account was opened by Luetolf, who identified them as the owners. The evidence

-9-

the Court found credible establishes by at least a preponderance of the evidence that the facts as set forth in this sentence are accurate. The objection is overruled.

Defendant objects to the fifth and sixth sentence, asserting that only Fredrick caused Singenberger to open the Ample Dynamic account, and that Singenberger identified them as the owners of the account. The evidence the Court found credible establishes by at least a preponderance of the evidence that the facts as set forth in this sentence are accurate. The objection is overruled.

Defendant also seeks to insert in sentence six that they were identified "by Singenberger" as the beneficial owners. The government does not object (Doc. #184, p. 8), and the Court directs that this addition be made to paragraph 21.

14. **Paragraph 22**: Defendant objects to the references to "Hough and Fredrick" in the first sentence, suggesting that her name be replaced with "Singenberger". The evidence the Court found credible establishes by at least a preponderance of the evidence that Hough and Fredrick opened the bank accounts in names of nominee entities and the medical schools at other offshore banks. The objection is overruled.

Defendant asserts that the second sentence should state that she and Fredrick were identified "by Singenberger" as the beneficial owners. Although this does not accurately convey the

full state of things, the Court directs the insertion of this phrase, as has been done in prior paragraphs.

In the fourth sentence, defendant asserts that "emailed" should be changed to "spoke." Whether the communication between Fredrick and Luetolf was emailed or spoken will not affect the sentence of the Court, and therefore this issue need not be resolved.

Also in the fourth sentence, defendant seeks to change "their" accounts to "the UBS" accounts. The evidence the Court found credible establishes the facts as stated in this sentence by at least a preponderance of the evidence. The objection is overruled.

At the initial sentencing hearing defendant also requested an addition after the end of the second sentence to read: "Hough did not have authority to sign any of these accounts, but the nominee Singenberger did." This request was not made in the most recent filing (Doc. #177, p. 6) and is therefore deemed withdrawn.

15. **Paragraph 23**: Defendant objects to the "Hough and Fredrick" in sentences one and three, asserting the activity was by Fredrick alone or by the Boards of Directors. The evidence the Court found credible establishes by at least a preponderance of the evidence that defendant was indeed involved in the activities. The objection is overruled.

Defendant's objection to sentence four is sustained to the extent that the Court directs the sentence be amended to read:

"Letters of Intent and Purchase Agreements were executed by Hough and Fredrick which stated that they directly or indirectly had controlling interest in, or owned or controlled the Saba Foundation and MUA."

16. **Paragraph 24:** Defendant objects to the "Hough and Fredrick" in the first, third, fourth, fifth, and tenth sentences. Defendant suggests that "Luetolf, and Singenberger" replace her name in the first sentence, and that various similar changes be made to delete references to her participation. Defendant also seeks the insertion of additional language regarding the $5 million transfer, including her ignorance of the transfers. Evidence which the Court found credible establishes by at least a preponderance of the evidence that the facts set forth in this paragraph are accurate. The objection is overruled.

17. **Paragraph 25:** Defendant objects to the "Hough and Fredrick" statement in the first and second sentences, asserting it was only Fredrick who made the purchases. The evidence the Court found credible establishes by at least a preponderance of the evidence that the facts in this paragraph are accurately stated. The objection is overruled.

18. **Paragraph 27:** Defendant objects to the two sentences referring to "Hough and Fredrick" as it relates to the instructions to UBS and the purchase of the Asheville, North Carolina residence. The evidence the Court found credible establishes by at least a

preponderance of the evidence the facts stated in this sentence are accurate.  The objection is overruled.

19.  **Paragraph 28:** Without objection, defendant seeks to delete "late 2007".  The Court directs that this phrase be deleted.

Defendant seeks to insert a sentence stating that Marc Rudow testified that none of the documents he has in his file were signed by Hough.  Defendant also seeks to strike the word "allegedly" in sentence six and the word "alleged" in sentence eight.  The Court finds no need for the sentence about Mr. Rudow's testimony, but directs that the "allegedly" and "alleged" be stricken because any intended inference from that phrasing is simply unclear.

20.  **Paragraph 29:**  Defendant objects to the statement that "<u>Hough and</u> Fredrick" caused the UBS transfer on June 11, 2007.  The government does not oppose striking "Hough and" (Doc. #184, p. 11), and this will be stricken from the third sentence.

21.  **Paragaraph 31:** Defendant objects to the statement in the first sentence that the $1.6 million was transferred from "<u>Hough and Fredrick's</u> undeclared foreign account in the name of New Vanguard and their undeclared foreign account in the name of Ample Dynamic."  Similarly, defendant objects to the description in sentence three of "Hough and Fredrick's" undeclared foreign account. The evidence the Court found credible establishes by at least a preponderance of the evidence that the facts stated in these sentences are accurate.  The objection is overruled.

22. **Paragraph 32**: Defendant objects to the sentence "In 2007, Hough and Fredrick sold Saba University School of Medicine and MUA after years of trying to entice a buyer." Defendant seeks to insert "the Saba School of Medicine Foundation and the Board of Directors of MUA" in place of the individual names. The evidence the Court found credible establishes by at least a preponderance of the evidence that the facts stated in these sentences are accurate. The objection is overruled.

23. **Paragraph 34**: Defendant seeks to insert that Steven Rodger stated that Hough was very knowledgeable about the "academic side of the" schools, and that "All of Rodger's financial discussions about the sale were conducted with Fredrick and not with Hough." This objection is overruled because the testimony included that Hough seemed knowledgeable about "the schools" and not all financial discussions about the sale were with Fredrick.

24. **Paragraph 35**: Defendant's objection to part of the second sentence is sustained. The first part of the second sentence shall be changed to read: "On February 24, 1999, at Fredrick's direction, Laura Walls. . . ."

25. **Paragraph 37**: Defendant objects to the inclusion of her name in the second sentence, asserting that only Fredrick caused New Vanguard to sell its shares in Roundhill Project Holding Company. The evidence the Court found credible establishes the

facts stated in these sentences by at least a preponderance of the evidence.  The objection is overruled.

26. **Paragraph 38:** Defendant objects to the statement in sentence six that the Saba Foundation "was very profitable" because a foundation cannot legally generate profits.  The evidence at trial was that the Saba Foundation was "profitable."  The objection is overruled.

Minchenberg testified that Fredrick was the majority owner of MUA, therefore defendant's objection to "90%" in sentence seven is sustained.  "90%" will be deleted and replaced with "majority".

Defendant's alternative that all paragraphs regarding David Minchenberg (paragraphs 38-44) be deleted is rejected.

27. **Paragraph 40:** Defendant's proposed change in sentence one that Minchenberg tasked himself with providing advice is overruled as not supported by the credible evidence.  Defendant's request to insert "<u>what Minchenberg described as</u>" the exit strategy of the owners in the second sentence is granted, and the addition shall be inserted.  Defendant's request to add a new third sentence is overruled because the same information is set forth elsewhere in the Presentence Report or is incorrect (it was not only Fredrick who had an ownership interest in MUA).  The Court declines to insert defendant's proposed sentence at the end of the paragraph beginning "Minchenberg testified . . ." as it is not accurate.  The Court directs that the remaining proposed insertions beginning with

-15-

the sentence "In addition, Minchenberg, . . ." be added to this paragraph. Additionally, the following sentence shall be added: "Minchenberg, who had no experience in international taxation, never told Hough or Fredrick that either would not have to pay taxes if the schools were ever sold."

28. **Paragraph 41**: Defendant's objection to the last sentence is sustained in part. The last sentence shall be amended to state: "No other foreign accounts were disclosed by Hough or Fredrick. Minchenberg testified that Fredrick was the sole person responsible for providing information during the audit."

29. **Paragraph 42**: Defendant's request to insert "between Minchenberg and Fredrick" in the first sentence is granted, and this addition shall be inserted. Defendant's objection to the second sentence is overruled, although the word "these" shall be changed to "such". Defendant's objection to "both Hough and" in the last sentence is overruled. Evidence the Court found credible supports these changes, but not the other proposed changes.

30. **Paragraph 43**: The Court declines to add the two sentences defendant requests because they are an incomplete summary of the testimony and unnecessary.

31. **Paragraph 44**: The Court will direct that part of the additional material suggested by defendant be added. The sentence shall read: "In August 2005, Minchenberg emailed this document to

Fredrick, to Minchenberg's attorney, and to others, but did not email it to Hough."

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of these determinations to any copy of the presentence report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record
U.S. Probation