UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.  2:13-cr-00072-JES-UAM

UNITED STATES OF AMERICA,

    Plaintiff

v.

DAVID LEON FREDERICK, and
PATRICIA LYNN HOUGH

    Defendants.
_____/

### DEFENDANT PATRICIA LYNN HOUGH'S RESPONSE TO GOVERNMENT'S CITATION OF CASES RELATING TO TAX LOSS ISSUE; EXHIBIT

COMES NOW, Defendant Patricia Lynn Hough, by and through her counsel of record, and responds to the three cases cited by the government in support of its most recent argument regarding tax loss.[1]  This response supplements the additional citations and argument that Dr. Hough submitted to the Court by e-mail on May 2, 2014, a copy of which is attached as Exhibit A hereto for purposes of the record.

The government's citations are inapposite to the issue for which the Court requested them, specifically, when the separate existence of a corporation or other business entity may be disregarded for tax purposes and its revenues or profits imputed as direct income to the entity's owners (as Ms. Maurer did in Revenue Agent Report #3).  *Moline Properties v. Commissioner*, 319 U.S. 436 (1943), cited by Dr. Hough but ignored by the government, is the seminal case on this issue and sets forth the applicable test.  Both *Gregory v. Helvering*, 293 U.S. 465 (1935), and *Frank Lyon Co. v. United States*, 435 U.S. 561 (1978), are economic substance cases – *i.e.*, they address whether a **transaction** should be respected for tax purposes.[2]  In this case, however, the

---

[1] Although the government e-mailed its citations to the Court before the reconvened sentencing hearing on the afternoon of May 2, 2014, it did not provide those citations to defense counsel until after that hearing had recessed.

[2] In *Gregory*, the shareholder caused her solely owned corporation to transfer highly appreciated stock to a newly formed subsidiary that never conducted any business and was in existence for only three days.

{00268575.1 }

government has expressly and repeatedly **disavowed** the transaction-based theory of calculating tax loss that formed the basis for Ms. Maurer's Revenue Agent Report #1, and declined the Court's express invitation to present any evidence at the sentencing hearing in support of that theory.

The only other case cited by the government, *Shades Ridge Holding Co. v. United States*, 888 F.2d 725 (11th Cir. 1989), is a collection case that is inapposite for the same reasons as the government's previous citations of *Eckhardt v. United States*, 463 Fed. Appx. 852 (11th Cir. 2012) (unpublished) and *Commonweal, Inc. v. IRS*, 171 B.R. 405 (M.D. Fl. 1994), as explained in Dr. Hough's attached e-mail submission.[3]  Specifically, those cases address not whether income earned by a corporation can be taxed directly to its owners, but whether, in its role as a creditor, the IRS can go after the assets of a corporation to satisfy an income tax liability of its owner.  The collection cases are irrelevant to the Court's question of whether a corporation should be respected for tax purposes, a question as to which *Moline Properties* remains the seminal case.

Dated: May 7, 2014

Respectfully submitted,

---

Although the transaction met the literal terms of the reorganization statute, the Supreme Court denied tax-free reorganization treatment since the transaction lacked a business purpose and the subsidiary was a mere "contrivance."  Similarly, in *Frank Lyon Co.*, the Supreme Court held that the taxpayer's sale-leaseback transaction was not a sham, stating: "Where . . . there is a genuine multiple-party transaction with economic substance which is compelled or encouraged by business or regulatory realities, is imbued with tax independent considerations, and is not shaped solely by tax-avoidance features that have meaningless labels attached, the Government should honor the allocation."

[3] In *Shades Ridge*, the government sought to collect the taxpayer's tax liability from the assets of a holding company.

**BRUCE L. UDOLF, P.A.**
Counsel for Defendant Hough
Broward Financial Centre
500 East Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33394
Tel: (866) 951-9058/ Fax (954) 525-2134

By: /s/ Bruce L. Udolf
    Fla. Bar No. 0899933
    budolf@udolflaw.com

**BINGHAM MCCUTCHEN, LLP**
Counsel for Defendant Hough
Suite 2050 North, 1601 Cloverfield Blvd.
Santa Monica, California 90404
Tel: (310) 907-1000/ Fax (310) 907-2000

By: /s/ Nathan J. Hochman
    California Bar No. 139137
    nathan.hochman@bingham.com
By: /s/ Daniel A. Saunders
    California Bar No. 161051
    Daniel.saunders@bingham.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, on this 7th day of May, 2014.

By: /s/ Bruce L. Udolf