| | |
|---|---|
| **From:** | Saunders, Daniel A. <daniel.saunders@bingham.com> |
| **Sent:** | Friday, May 02, 2014 1:55 PM |
| **To:** | brenda_m_alexander@flmd.uscourts.gov |
| **Cc:** | Hochman, Nathan J.; budolf@udolflaw.com; Saunders, Daniel A.; caryn.finley@usdoj.gov; margaret.leigh.kessler@usdoj.gov |
| **Subject:** | Additional citations re tax loss |

Dr. Hough respectfully submits the following authorities to the Court on the issue of tax loss, and specifically whether a corporate entity's structure may be disregarded and its revenues attributed and made taxable to its owners:

A corporation's separate existence from its shareholders must be respected for income tax purposes if the corporation was formed for a business purpose or if the corporation engages in business activity.  Moline Properties v. Commissioner, 319 U.S. 436 (1943).  As the Supreme Court in Moline stated: "Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity."  Moline Properties, 319 U.S. at 438-39.

The "purpose" referred to in Moline is a purpose to conduct business through a corporate entity.  As the Second Circuit has explained:  "A corporation may not be disregarded in respect of taxation if … a bona fide intention in creating it was that the corporation itself should have some real substantial business function, or if it actually engages in business . . . " Jackson v. Commissioner, 233 F.2d 289, 290 (2d Cir. 1956).

This basic principle applies even if the taxpayer decided to conduct its business activities through a separate corporation in order to obtain a tax benefit, as long as the corporation in fact engages in meaningful business activity.  See e.g., National Investors Corp. v. Hoey, 144 F.2d 466, 468 (2d Cir. 1944) (stating that Moline "merely declares that to be a separate jural person for purposes of taxation, a corporation must engage in some industrial, commercial, or other activity besides avoiding taxation: in other words, that the term 'corporation' will be interpreted to mean a corporation which does some 'business' in the ordinary meaning"); Bass v. Commissioner, 50 T.C. 595, 601 (1968) ("The test … is not the personal purpose of a taxpayer in creating a corporation.  Rather, it is whether that purpose is intended to be accomplished through a corporation carrying out substantive business functions.  If the purpose of the corporation is to carry out substantive business functions, or if it in fact engages in substantive business activities, it will not be disregarded for Federal tax purposes."); Northern Indiana Public Service Co. v. Commissioner, 115 F.3d 506, 512 (7th Cir. 1997) ("[A] corporation and the form of its transactions are recognizable for tax purposes, despite any tax-avoidance motive, so long as the corporation engages in bona fide economically-based transactions.").

The quantum of business activities required to satisfy the Moline test is "minimal."  Britt v. United States, 431 F.2d 227, 237 (5th Cir. 1970).  For example, issuing stock, electing directors and officers, holding regular meetings, maintaining bank accounts, incurring various expenses and performing obligations under contracts has been found sufficient for a corporation to be respected as a separate taxable entity.  Hospital Corp. of America v. Commissioner, 81 T.C. 520 (1983); see also Paymer v. Commissioner, 150 F.2d 334 (2d Cir. 1945) (recognizing a corporation formed to hold title to real property and assign its rights as security for a loan); Commissioner v. State-Adams Corp., 283 F.2d 395 (2d Cir. 1960) (recognizing a corporation holding legal title to property, collecting rent, and paying all its rental income as interest on a note.).

The Fifth Circuit, in cases that are binding authority in the Eleventh Circuit, has applied the Moline test to affirm the separate existence of corporate entities for taxation purposes. See Britt, 431 F.2d at 233 ("What has evolved from the numerous cases on the subject is the principle that the corporate entity generally will be recognized rather than

disregarded for tax purposes.  Only in exceptional circumstances will courts ignore the separate existence of corporations. . . .  More particularly, we find that for tax purposes the courts will recast the form of a transaction to prevent a violation of the spirit if not the letter of the taxing statute in two basic circumstances:  (1) when the taxpayer has conducted business as if he and the corporation were one and the same, thereby ignoring the fact that in tax law he and the corporation are considered to be two separate tax entities; (2) when artificial corporations have been created to contravene directly or indirectly the policies of the Internal Revenue Service." (citations and footnote omitted)); In re Chrome Plate, Inc., 614 F.2d 990, 996 (5th Cir. 1980) ("As long as a corporation conducts some type of business activity, it remains a separate taxable entity."); Tomlinson v. Miles, 316 F.2d 710, 714 (5th Cir. 1963) (activities of corporation in acquiring land, negotiating contracts, and related activities constituted carrying on of business and required corporation to be treated as separate tax entity); compare Kimbrell v. C.I.R., 371 F.2d 897, 901-02 (5th Cir. 1967) (affirming Tax Court ruling that corporate entities were disregarded for income tax purposes where they engaged in no business, where no services were performed by officers and employees, and where the only suggested business activities were "empty gestures").

The cases cited by the government in Court today are readily distinguishable.  Eckhardt and Commonweal are collection cases in which the issue was whether the IRS, in its role as a creditor, could collect debts owed by an individual from a corporation owned by the individual.  In both cases, the court based its analysis on state corporate law principles.  But whether the corporation is respected for federal income tax purposes is a federal tax law issue.  United States v. Creel, 711 F.2d 575, 579 (5th Cir. 1983) (stating that notwithstanding whether a corporation may be an alter ego of its shareholder for purposing of piercing the corporate veil, "[s]o long as the corporation meets the test set for in Moline Properties, however, it remains a separate taxable entity.").  The IRS's own regulations acknowledge the same:  "Whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law."  26 C.F.R. § 301.7701-1(a).  Therefore, in determining whether the corporations at issue in this case are respected for income tax purposes, Moline Properties is the applicable standard.

For these reasons, the government's latest theory that the Saba Foundation and MUA, which were unquestionably operating companies that were created for and engaged in legitimate business activities, should be disregarded and their revenues attributed to their owners as Schedule C self-employment income is invalid and should be rejected.

PDF copies of the cited cases will be forwarded in a separate email.