UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:13-cr-72-FtM-29CM

PATRICIA LYNN HOUGH

_____

**SECOND NOTICE REGARDING COURT'S SENTENCING DETERMINATIONS**

This matter came before the Court on May 1 and 2, 2014, for a continuation of the sentencing hearing. The Court makes the following additional determinations pursuant to Fed. R. Crim. P. 32(i)(3)(B):

**1. Paragraphs 45 and 51, Tax Loss**: Defendant Hough has been convicted of conspiracy to defraud the United States (Count One); signing an income tax return for calendar year 2005 which substantially under reported her total income and failed to disclose her financial interest or signature authority over financial accounts in foreign countries (Count Six); signing an income tax return for calendar year 2007 which substantially under reported her total income and failed to disclose her financial interest or signature authority over financial accounts in foreign countries (Count Eight); and signing an income tax return for calendar year 2008 which substantially under reported her total income and failed to disclose her financial interest or signature authority over financial accounts in foreign countries (Count

Nine). The government asserts that the tax loss for the years 2003 through 2008 is $7,771,972 for Hough and $7,746,410 for Fredrick, for a total of $15,518,382. Defendant asserts that the total tax loss for these years is $0.

**(a) Sentencing Guidelines Provisions**: To determine the base offense level for this case, the Court utilizes either (1) the level from the Tax Table at Sentencing Guidelines § 2T4.1 corresponding to the tax loss, or (2) level 6 if there is no tax loss established. U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2T1.1(a).

Because the offenses of conviction in this case involved a fraudulent or false return, statement, or other document, "the tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)." U.S.S.G. § 2T1.1(c)(1). See also United States v. Clarke, 562 F.3d 1158, 1164 (11th Cir. 2009).

The amount of the tax loss "is to be determined by the same rules applicable in determining any other sentencing factor." U.S.S.G. § 2T1.1 Application Note 1. A precise amount is not required; "the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." Id. "The guidelines do not require the government to make a fraud loss determination with precision; the figure need only be a reasonable estimate given the information available to the government."

United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999). "Upon challenge, however, the government bears the burden of supporting its loss calculation with reliable and specific evidence." Id. (quotation marks omitted).

When calculating a tax loss, "all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, cmt. n.2. Where the criminal activity is jointly undertaken, the district court may consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(B). Since the offenses in this case involved the filing of tax returns in which gross income was underreported, the tax loss is equal to 28% of the unreported gross income "unless a more accurate determination of the tax loss can be made." U.S.S.G. § 2T1.1(c)(1)(A).

**(b) Income from Entities**: Based upon its verdicts, the jury has found beyond a reasonable doubt that Hough substantially under reported her total income for calendar years 2005, 2007, and 2008. The Court has previously found: "Evidence which the Court found credible established that defendant had an ownership of and income

derived from the operation and sale of Saba University School of Medicine Foundation (Saba Foundation), and ownership of or income derived from the Medical University of the Americas (MUA). Additionally, evidence which the Court found credible establishes by at least a preponderance of the evidence that both defendant and her co-defendant husband David Leon Fredrick (Fredrick) had *de facto* ownership of both entities regardless of the legal formalities, and both received income from the operation and sale of both entities." (Doc. #185, pp. 3-4).

**(c) Government's Tax Loss Calculation**: The government's calculation of defendant Hough's adjustments to income for years 2003 through 2008 is set forth in Government's Sentencing Exhibit 1. The government's calculation of co-defendant Fredrick's adjustments to income for years 2003 through 2008 is set forth in Government's Sentencing Exhibit 2.

The upward adjustments in income from that reflected in Hough's income tax returns for these years are attributable to the net income from Saba Foundation and net income from MUA. Because Hough and Fredrick were the actual owners of Saba Foundation and MUA, the government has determined that Saba Foundation and MUA are not separate tax entities and has attributed the net revenues from the entities to Hough and Fredrick (50% each) as Schedule C self-employment income. Defendant argues that the government cannot ignore the entities as separate taxable entities, and that their

revenue is not income to her prior to its distribution to her. Hence, defendant argues that the entities' net revenue cannot be included in the calculation of tax loss.

Substance trumps form under the tax laws, <u>Frank Lyon Co. v. United States</u>, 435 U.S. 561, 572 (1978), but it is also well established that a business entity (typically a corporation) can be a distinct and separate taxable entity from its owners. <u>Moline Properties, Inc. v. Comm'r</u>, 319 U.S. 436, 438-39 (1943) ("The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation or to avoid or to comply with the demands of creditors or to serve the creator's personal or undisclosed convenience, **so long as that purpose is the equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity**." (internal footnotes omitted; emphasis added)). "The corporation may not be disregarded if a bona fide intention in creating it was that the corporation itself should have some real substantial business function, or if it actually engages in business; on the other hand, the corporation may be disregarded in the absence of such an intention or activity." <u>Britt v. United States</u>, 431 F.2d 227, 235 (5th Cir. 1970)(citation omitted).[1] "As

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent (continued...)

long as a corporation conducts some type of business activity, it remains a separate taxable entity."  Matter of Chrome Plate, Inc., 614 F. 2d 990, 996 (5th Cir. 1980)(citing Moline Properties, 319 U.S. at 438-39).

The Court concludes that Saba Foundation and MUA, while actually owned by Fredrick and Hough, nonetheless satisfied the Moline Properties test and were capable of being separate taxable entities.  Despite *de facto* control over the entities exercised by Hough and Fredrick during the years at issue, the entities carried on actual business activities and remained viable business entities which may be considered a separate taxable entity for tax purposes.

This does not end the inquiry, however, because even a business entity capable of being a separate taxable entity must be evaluated to determine its classification for federal tax purposes. "Whether an organization is an entity separate from its owner for federal tax purposes is a matter of federal law and does not depend on whether the organization is recognized as an entity under local law."  26 C.F.R. § 301.7701-1(a)(1).  "An entity formed under local law is not always recognized as a separate entity for federal tax purposes."  26 C.F.R. § 301.7701-1(a)(3).

In general, a business entity which is recognized for federal tax purposes and has two or more members is classified for federal

---

[1](...continued)
all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

tax purposes as either a corporation or a partnership. 26 C.F.R. § 301.7701-2(a). The definition of "corporation" for federal tax purposes requires formation under a state or federal statute, 26 C.F.R. § 301.7701-2(b)(1)-(7), and includes certain foreign entities not relevant to this case, 26 C.F.R. § 301.7701-2(b)(8). Neither Saba Foundation nor MUA is a "corporation" under these provisions. The definition of "partnership" for federal tax purposes is "a business entity that is not a corporation under paragraph (b) of this section and that has at least two members." 26 C.F.R. § 301.7701-2(c)(1).

Unless a contrary election is made, a foreign business entity that is not automatically classified as a corporation under § 301.7701-2(b)(8) is classified as (1) a partnership if it has two or more members and at least one member does not have limited liability, (2) a corporation if all members have limited liability, or (3) disregarded as an entity if it has a single owner that does not have limited liability. 26 C.F.R. § 301.7701-3(b)(2)(i). "[A] member of a foreign eligible entity has limited liability if the member has no personal liability for the debts of or claims against the entity by reason of being a member." 26 C.F.R. § 301.7701-3(b)(2)(ii). Under the facts found by the jury and the Court, Saba Foundation and MUA are treated as partnerships for federal tax purposes. 26 C.F.R. § 301.7701-2(c)(1). Partnership income is attributed to the individual partners. 26 U.S.C. § 701.

Similarly, proceeds from the sale of Saba Foundation and MUA is properly attributable as income to Hough and Fredrick.

The Court rejects defendant Hough's position that there was insufficient evidence to establish that she knew about the interest, capital gains or dividends.

Defendant's objections to paragraphs 45 and 51 are therefore overruled.

**2. Restitution, Paragraph 46**: For the reasons stated above, the Court overrules defendant's objections to the amount of restitution.

**3. Role Adjustment, Paragraph 54**: Defendant seeks a downward adjustment for her lesser role in the offenses. Defendant bears the burden of establishing her minimal or minor role in the offense by a preponderance of the evidence. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999)(en banc). A defendant is entitled to a four-point minimal role reduction if she is "plainly among the least culpable of those involved in the conduct of the group," as evidenced by a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2(a) & cmt. n.4. "[A] minor role in the offense means any participant who is less culpable than most other participants, but whose role could not be described as minimal." . Rodriguez De Varon, 175 F.3d at 937. "[T]he district court's ultimate determination of the defendant's role in the offense

should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct." Id. at 940.

While Fredrick clearly had a more active role in many of the activities in the conspiracy, Hough's role cannot be properly described as either minimal or minor. She was an active participant in the conduct which led to her convictions, including the conspiracy, and could reasonably foresee the conduct of co-defendant Fredrick. Additionally, the tax loss attributable to Fredrick's individual returns had no impact on the base offense level, since defendant's tax loss exceeded $7 million by itself but the combined tax loss was less than $20 million. U.S.S.G. § 2T41. Tax Table (K), (L). Defendant's request for a minimal or minor role adjustment is denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of these determinations to any copy of the presentence report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of May, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
U.S. Probation