UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                  Case No.  5:06-cr-22-Oc-10GRJ

WESLEY TRENT SNIPES
_____/

## O R D E R

The Defendant Wesley Trent Snipes has moved for bail pending appeal. (Doc. 464). The statute (18 U.S.C. § 3143(b)) requires clear and convincing evidence that the Defendant is not likely to flee or pose a danger to anyone, and that the appeal raises a substantial question of law or fact which, if resolved in his favor, would result in reversal or an order for a new trial.  United States v. Giancola, 754 F.2d 898 (11th Cir. 1985).

The Court is persuaded by the history of the case and all of the attendant circumstances that the Defendant poses no substantial risk of flight and does not constitute a danger of any kind if he remains at liberty pending appeal.

Obviously, having denied the Defendants' motions asserting the issues he intends to raise on appeal, the Court is dubious as to the "substantiality" of those issues for purposes of appellate review.  Nevertheless, the Court recognizes that the offenses of conviction are misdemeanor offenses, not felonies, and that the time required for the disposition of an appeal may well equal – or nearly equal – the length of the term of

commitment imposed. Additionally, the Court is not prepared to say that the issues on appeal are patently frivolous or asserted merely for purposes of delay.

Accordingly, the Defendant's Motion For Bail Pending Appeal (Doc. 464), is GRANTED and Defendant Snipes may remain at liberty pending appeal subject to the existing conditions of his bail as previously established by the prior orders of the Court.[1]

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of May, 2008.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
Maurya McSheehy, Courtroom Deputy
Wesley Trent Snipes

---

[1] The entry of this Order affords the Defendant an election. He may remain at liberty pending appeal, or he may elect voluntary surrender to begin service of his sentence and achieve an earlier closure of this unhappy episode of his life. In making that decision he should understand that, in the event his conviction and sentence are affirmed on appeal, this Court will have no jurisdiction to revisit his sentence to respond to any contention that the cloud of the judgment during the appeal has served as an additional form of punishment justifying a reduction in the term of commitment; or, even if jurisdiction exists to revisit the sentence, the Court is not likely to be moved by such an argument absent truly novel circumstances.