UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:13-cr-72-FtM-29CM

PATRICIA LYNN HOUGH

**OPINION AND ORDER**

This matter comes before the Court on defendant Patricia Lynn Hough's Motion for Bail Pending Appeal (Doc. #202) filed on May 16, 2014. The government filed a Response in Opposition to Defendant's Motion for Bail Pending Appeal (Doc. #204) on May 23, 2014, and defendant filed a Reply (Doc. #205) on May 30, 2014.

Defendant was sentenced on May 9, 2014, to a total term of 24 months imprisonment as to each of the four felony counts, to run concurrently. (Doc. #195.) The Court directed defendant to surrender to the institution designated by the Bureau of Prisons on or before July 18, 2014, and imposed certain conditions on her release pending self-surrender. (Id.) After the Court entered Judgment, defendant filed a Notice of Appeal. (Doc. #198.) Defendant then filed the instant motion, requesting permission to remain on bond during the pendency of her appeal.

The Bail Reform Act of 1984 governs release pending appeal. See 18 U.S.C. § 3143(b). Under § 3143(b), the Court shall "order that a person who has been found guilty of an offense and sentenced

to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained."  To overcome this statutorily required detention, defendant must show: (1) by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person, and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b).

The government does not argue that defendant poses a threat to the safety of others.  The Court finds by clear and convincing evidence that defendant will not pose a danger to the safety of any other person.  There is simply nothing in the record which suggests otherwise.

The government asserts, however, that defendant has failed to prove by clear and convincing evidence that she is not a flight risk.  The evidence suggests the following:  Defendant is a 67 year-old woman who has lived most of her life in the United States. Defendant is highly educated, possessing both a Ph.D. and a medical degree.  Defendant travelled internationally on a frequent basis prior to the surrender of her passport to the Court, and continues to have friends and support groups at various locations outside

the United States.  Defendant's co-defendant husband of thirty years has been a fugitive since the Indictment was filed in this case.  Defendant's family, other than her husband, live in the United States.  Defendant was terminated from her employment because of the charges in this case, and currently has no employment.  Defendant's only substantial asset, her Florida residence, was sold after her conviction and defendant sent the $1.5 million proceeds off-shore.  While defendant asserts this was done on the advice of counsel, the fact remains that defendant's sole known asset was liquidated and the proceeds placed beyond the borders of the United States.  Defendant has consistently appeared before the Court as directed, has complied with all the directives of the Court and Pretrial Services, and has been on GPS monitoring since the conclusion of the sentencing hearing.  Considering all the evidence, the Court finds that defendant has not shown by clear and convincing evidence that she is not likely to flee during the pendency of appeal.

Defendant Hough further asserts that the appeal is not for the purpose of delay.  The government does not specifically contest this assertion, and the Court finds that the appeal is not purpose of delay.

The Court has already rejected defendant's argument concerning the lack of sufficient evidence to support the counts of conviction.  If the government committed misconduct by cross-

examining two of defendant's character witnesses with guilt-assuming hypotheticals, the Court finds that it was harmless beyond a reasonable doubt. Defendant intends to challenge the Court's resolution of the disputed tax loss at sentencing, which resulted in a recommended sentence of 78-97 months. The Court, however, granted a substantial variance and sentenced defendant to 24 months of imprisonment as to each count, to run concurrently. The Court does not find that the issues to be presented on appeal raise substantial issues of law or fact under the standard articulated in United States v. Giancola, 754 F.2d 898 (11th Cir. 1985).

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Bail Pending Appeal (Doc. #202) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record