UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 2:13-CR-72-FTM-29CM |
| PATRICIA LYNN HOUGH, | : |
| Defendant, | : |
| and | : |
| VALIC RETIREMENT SERVICES COMPANY, | : |
| Garnishee. | : |

## APPLICATION FOR WRIT OF GARNISHMENT

Plaintiff United States of America, by and through the undersigned Assistant United States Attorney, makes application in accordance with 28 U.S.C. § 3205[1] for an order directing the Clerk of Court to issue a Writ of Garnishment upon the Judgment entered against defendant Patricia Lynn Hough, Social Security Number

---

[1] Section 3205 states: "(a) In general.--A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous, separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10)."

\*\*\*-\*\*-7780, whose last known address is Coleman, Florida 33521.[2]

On May 12, 2014, a Judgment was entered against defendant and in favor of the United States in the Middle District of Florida for a special assessment of $400.00, restitution in the amount of $15,518,382.00, and costs of prosecution in the amount of $42,732.27.  Doc.195.  Defendant has paid the special assessment in full, but no payments have been made toward the restitution or costs of prosecution.  As of October 31, 2014, the total balance on the debt is $15,567,160.06, consisting of the costs of prosecution (which accrues no interest) in the amount of $42,732.27, restitution in the amount of $15,524,427.79, consisting of principal in the amount of $15,518,382.00, and interest in the amount of $6,045.79.  Interest continues to accrue on the restitution after October 31, 2014, at the rate of .090% per annum.  (See Declaration attached hereto as Exhibit A.)

Demand for payment of the above-stated debt was made upon defendant on June 20, 2014, not less than 30 days has elapsed since that demand, and defendant has failed to satisfy this debt.

Garnishee is believed to be in possession of property in which defendant has a substantial nonexempt interest, including, but not limited to, a Simplified Employee

---

[2] Although the statute calls for the defendant's last known address to be listed, the ECF website states: "All filers must redact ... [i]n criminal cases, home addresses, in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1.  This requirement applies to all documents, including attachments."  In a garnishment, the statute requires the last known address in order for the garnishee and the United States to provide notice to the judgment debtor.  As this account either belongs to the defendant or is an account from which the defendant receives payments, the garnishee has the information necessary to provide notice.  Additionally, the United States has the information necessary to provide notice.

Pension Plan, account number xxx0588.[3]  This Writ is intended to compel Garnishee to pay defendant's nonexempt property to the United States. [4]

 The name and address of Garnishee or its authorized agent is:

>   Valic Retirement Services Company
>   Attn:  Legal Department
>   P.O. Box 15648
>   Amarillo, TX  79105

The United States will serve the garnishee and the judgment debtor with a copy of the Writ of Garnishment once issued, and will certify to the Court that this service was made.

---

[3]  The ECF website states: "All filers must redact ... financial account numbers". This requirement applies to all documents, including attachments."  The garnishee is aware of the account number to which this application applies.

[4]  Retirement and pension benefits may be garnished in order to enforce a restitution order despite ERISA's non-alienation provisions.  The Mandatory Victim Restitution Act (MVRA) contains an "explicit statutory override" of the non-alienation provisions of ERISA.  *United States v. Novak*, 476 F.3d 1041, 1047-48 (9th Cir. 2007) (en banc) ("MVRA's criminal restitution enforcement orders do override ERISA's alienation restrictions"); *see also United States v.Decay,* 620 F.3d 534, 540 (5th Cir. 2010) ("MVRA allows garnishment of defendant's retirement benefits to satisfy a criminal restitution order").

Based upon the foregoing, the United States of America respectfully requests the Court to enter an Order directing the Clerk of Court to issue a Writ of Garnishment.

                Respectfully submitted,

                A. LEE BENTLEY, III
                United States Attorney

By:   s/ Suzanne C. Nebesky
       SUZANNE C. NEBESKY
       Assistant United States Attorney
       Florida Bar Number 59377
       Financial Litigation Unit/CLM
       400 North Tampa Street, Suite 3200
       Tampa, Florida  33602
       Telephone:   (813) 274-6021
       Facsimile:    (813) 301-3103
       E-mail: FLUDocket.mailbox@usdoj.gov

Dated: October 31, 2014