UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

v.

DAVID LEON FREDERICK, and
PATRICIA LYNN HOUGH

    Defendants.
_____/

Case No. 2:13-cr-00072-JES-UAM

**DEFENDANT PATRICIA LYNN HOUGH'S OPPOSITION TO
APPLICATION FOR WRIT OF GARNISHMENT**

COMES NOW, Defendant Patricia Lynn Hough, by and through her counsel of record, and hereby submits this Opposition to the government's Application for Writ of Garnishment [DE 214]. This opposition is based on the incorporated memorandum of law, the files and records in this case, and such further evidence and argument as may be presented at any hearing on the government's motion and in support thereof states as follows:

## MEMORANDUM OF LAW

While Dr. Hough sits in prison serving her 24-month sentence, and while her convictions and sentence are on appeal to the Eleventh Circuit, the government has asked this Court to order garnishment of 68-year-old Dr. Hough's retirement plan to satisfy the restitution and costs of prosecution obligation imposed by this Court at sentencing.

Dr. Hough filed a timely Notice of Appeal on May 13, 2014, and filed her opening brief on November 6, 2014. In her opening brief, a copy of which is attached hereto as Exhibit A, Dr. Hough challenges her convictions and sentence, including this Court's calculation of tax loss

(which determined her restitution obligation). "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs et al. v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The district court may retain jurisdiction only over "collateral matters not affecting the questions presented on appeal." *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001). Because the propriety and amount of the restitution order is one of the direct subjects pending before the Eleventh Circuit, this Court currently lacks jurisdiction to take action regarding those matters.

Even were there no jurisdictional bar, principles of lenity, fairness, and judicial economy counsel in favor of deferring any garnishment or other restitution-related action until such time, if any, as Dr. Hough's conviction and sentence are final. If the government is allowed to garnish Dr. Hough's retirement account at this time, and her conviction or sentence is subsequently reversed on appeal, a host of complex issues could arise concerning return of those funds to Dr. Hough, interest she is owed, and taxability of any sums taken from and later restored to her retirement account. There is simply no need to take such action while Dr. Hough is in prison, without access to her funds, and while she is vigorously contesting her conviction and sentence in the Court of Appeals.[1]

For the foregoing reasons, Dr. Hough respectfully asks that the government's Application for Writ of Garnishment be denied or stayed until following resolution of the pending appeal.

Dated: November 11, 2014.

---

[1] The government notes in its application that demand for payment was made on June 20, 2014, and Dr. Hough has failed to satisfy the debt. The government does not note that Dr. Hough has been in custody since July 18, 2014, after this Court denied her motion for bail pending appeal.

Respectfully submitted,

**BRUCE L. UDOLF, P.A**.
*Counsel for Defendant Hough*
Broward Financial Centre
500 East Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33394
Tel: (954) 858-8831/ Fax (954) 525-2134
budolf@bruceudolf.com
Fla. Bar No. 0899933

By: /s/ Bruce L. Udolf

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system, on this 11th day of November, 2014.

By: /s/ Bruce L. Udolf