UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 2:13-CR-72-FTM-29CM |
| PATRICIA LYNN HOUGH, | : |
| Defendant, | : |
| and | : |
| VALIC RETIREMENT SERVICES COMPANY, | : |
| Garnishee. | : |

**UNITED STATES' RESPONSE TO DEFENDANT'S OPPOSITION TO APPLICATION FOR WRIT OF GARNISHMENT**

The United States of America, by and through its undersigned Assistant United States Attorney, hereby files this response to Patricia Lynn Hough's Opposition to Application for Writ of Garnishment (Doc. 217). The opposition is without merit because the Defendant has not requested a stay in accordance with Federal Rule of Criminal Procedure 38. Should the Court construe the defendant's opposition as a proper request for stay under Rule 38, the United States would not oppose such a stay provided that the defendant is required to post a bond or comply with one of the other measures outlined in Rule 38 to ensure compliance with the restitution order following appeal.

**I.     INTRODUCTION**

On May 12, 2014, a Judgment was entered against the defendant and in favor of the United States which ordered, among other things, that the defendant pay restitution in the amount of $15,518,382.00, and costs of prosecution in the amount of $42,732.27.  Doc. 195.  While the defendant paid a small special assessment in full, she has made no payments towards restitution or costs of prosecution.  As a result, on October 31, 2014, the United States filed an Application for Writ of Garnishment in accordance with 28 U.S.C. § 3205, asking this Court to issue a Writ of Garnishment compelling Valic Retirement Services Company to pay the defendant's nonexempt interest in a retirement account towards her outstanding restitution obligation.  Doc. 214.  On November 11, 2014, the defendant filed her opposition to the application for writ of garnishment, claiming that this Court lacks jurisdiction to take action relating to the restitution order because the defendant has appealed this Court's Judgment.  Doc. 217.  No stay has been issued under Federal Rule of Criminal Procedure 38, however.  Therefore, this Court has jurisdiction to enforce its judgment and issue the requested Writ.  Should the Court construe the defendant's opposition as a request for stay under Rule 38, the United States would not oppose such a stay as long as the defendant is required to post a bond or comply with one of the other measures outlined in Rule 38 to ensure compliance with the restitution order after the appeal is resolved.

**II.     MEMORANDUM OF LAW**

2

A district court retains the power to enforce its judgment where no stay pending appeal has been granted. Here, prior to filing her opposition to the instant garnishment, the defendant had neither sought nor obtained a stay of enforcement, yet she erroneously contends that this Court has no jurisdiction to collect the restitution imposed because she is appealing her judgment. Doc. 217. While the defendant cites authority for the general proposition that the filing of a notice of appeal divests a district court of control over aspects of the case involved in the appeal, she cites no cases directly on the issue of a district court's ability to enforce its restitution order while an appeal is pending. The only authority regarding this issue runs contrary to the defendant's objection and provides that a notice of appeal does not stay enforcement of a district court's order. *See, e.g., United States v. Bird*, 2009 WL 4801374 (W.D.N.C., December 8, 2009) (district court denied defendant's objection to garnishment and request for stay of enforcement of restitution pending appeal). *See also Union Oil Co. v. Leavell*, 220 F.3d 562, 565-66 (7th Cir. 2000); *Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 190 (9th Cir. 1977). The only way to stay enforcement of the judgment is to request a stay, as discussed more thoroughly below.

A sentencing order of restitution is a final judgment, notwithstanding any appeal of the order that may occur. 18 U.S.C. § 3664(o). Pursuant to 18 U.S.C. § 3664(m), an order of restitution included in a criminal judgment may be enforced in accordance with the provisions applicable to the collection of fines contained in

3

subchapter B of chapter 229 of Title 18.  Subchapter B includes 18 U.S.C. § 3613(a), which specifies that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law."

One of the means available to the United States to enforce a civil judgment, and the means used by the United States in this case, is the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*  The United States may garnish any property "in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  28 U.S.C. § 3205(a).  Thus, the collection of a criminal restitution judgment pursuant to the FDCPA operates essentially as a civil enforcement action.  Here, the government has moved to garnish the defendant's retirement account which, upon information and belief, has a current balance of approximately $355,189.28.

Rule 62 of the Federal Rules of Civil Procedure, Rule 38 of the Federal Rules of Criminal Procedure, and Rule 8 of the Federal Rules of Appellate Procedure pertain to stays of the enforcement of restitution judgments.  A monetary judgment is automatically stayed for ten days after entry pursuant to Fed. R. Civ. P. 62(a).  That means that the prevailing party cannot execute on the judgment or take steps to enforce during this period.  Thereafter, Rule 62(d) provides for a further stay as a matter or right if the losing party files a notice of appeal and posts a supersedeas

4

bond.

Rule 38 of the Federal Rules of Criminal Procedure gives the district court discretion whether to stay enforcement of a fine or restitution in a criminal case. Rule 38 provides that a district court "*may* stay" a sentence providing for restitution if the defendant appeals. Fed. R. Crim. P. 38 (emphasis added). In the event the district court decides to stay enforcement of restitution, Rule 38 also gives the district court broad discretion to issue "any order reasonably necessary to ensure compliance with a restitution order after disposition of an appeal," including a restraining order, an injunction, an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry, or an order requiring the defendant to post a bond. Fed. R. Crim. P. 38.

In this matter, all funds garnished by the government would be held by the Clerk of Court for the Middle District of Florida during the pendency of the defendant's appeal. This would allow the funds to be returned to the defendant if she prevails on appeal; however, it also provides protection for the victim who is owed restitution in this case. The United States recognizes, however, that there may be practical difficulties with the liquidation of a retirement account and subsequent return of those funds to their prior position should the defendant prevail in her appeal. Therefore, the United States would not oppose a stay of this garnishment and other enforcement actions to collect restitution during the pendency of this appeal provided that one of the measures outlined in Federal Rule of Criminal Procedure 38(e) is in place to

5

ensure the defendant's compliance with the restitution order should her appeal be denied.

Therefore, should the Court construe the defendant's opposition as a request for a stay under Federal Rule of Criminal Procedure 38, the United States requests that this Court order the defendant to post a bond equal to the amount owed in restitution and court costs.   In the alternative, if the defendant is unable to secure a sufficient bond, the United States requests that the defendant be ordered to make a full and complete disclosure of all of her assets by completing the attached financial disclosure form (Exhibit A), routinely required of all defendants executing plea agreements in the Middle District of Florida, so that a restraining order can be entered against these assets in accordance with Rule 38.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By:   s/ Suzanne C. Nebesky
       SUZANNE C. NEBESKY
       Assistant United States Attorney
       Florida Bar Number 59377
       Financial Litigation Unit/ CLM
       400 North Tampa Street, Suite 3200
       Tampa, Florida   33602
       Telephone:   (813) 274-6021
       Facsimile:    (813) 301-3103
       E-mail: FLUDocket.mailbox@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice to all parties of record.

*s/Suzanne C. Nebesky*
Assistant United States Attorney