UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No: 2:13-cr-72-FtM-29CM

PATRICIA LYNN HOUGH,

    Defendant,
and

VALIC RETIREMENT SERVICES
COMPANY,

    Garnishee.

## ORDER

Before the Court is the government's Application for Writ of Garnishment ("Application") (Doc. 214). Defendant Patricia Lynn Hough filed an Opposition to Application for Writ of Garnishment ("Opposition"), construed as a motion to stay resolution of the Application (Doc. 217), and the government filed a Response to Defendant's Opposition to Application for Writ of Garnishment ("Response") (Doc. 220). The Application was referred to the undersigned on December 16, 2014. For the reasons set forth herein, the resolution of the Application will be stayed pending resolution of Defendant's appeal to the United States Court of Appeals for the Eleventh Circuit, but only upon Defendant's compliance with the directive set forth in this Order.

On May 12, 2014, judgment was entered against Defendant and in favor of the government, and Defendant was ordered to pay a special assessment of $400.00, restitution in the amount of $15,518,382.00, and costs of prosecution in the amount of $42,732.27. Doc. 195. The government asserts that, as of October 30, 2014, Defendant owes a balance of $15,567.160.06 on her restitution obligation.[1] Doc. 214-1 at 2. The government states that it believes Valic Retirement Services Company ("Garnishee") is in possession of property in which Defendant has a substantial, nonexempt interest, specifically a Simplified Employee Pension Plan, account number xxx0588, and requests that a Writ of Garnishment be issued to compel Garnishee to pay Defendant's nonexempt property to the government. Doc. 214 at 2-3. Defendant filed a Notice of Appeal on May 13, 2015. Doc. 198.

Defendant opposes the Application, stating that among the issues Defendant is challenging on appeal is the Court's calculation of tax loss, which determined Defendant's restitution obligation. Doc. 217 at 1-2. Thus, Defendant contends, because the propriety and amount of restitution is directly at issue on appeal, this Court lacks jurisdiction to resolve this issue. Defendant therefore requests that the Application be denied, or resolution of the Application stayed until following resolution of Defendant's appeal. *Id.* at 2. Accordingly, the Court construes the Response as a motion to stay. The government filed a Response to Defendant's

---

[1] This amount is calculated by adding the costs of prosecution ($42,732.27), which does not accrue interest, the principal balance of restitution ($15,518,382.00) and interest accrued on the principal balance ($6,045.79). Doc. 214 at 2. Interest continues to accrue in the amount of .090% per annum. *Id.*

opposition stating that it does not oppose a stay of the proceedings during the pendency of Defendant's appeal, provided Defendant is required to post a bond or otherwise comply with the requirements set forth in Rule 38, Federal Rules of Criminal Procedure, to ensure compliance with the restitution order following resolution of the appeal.   Doc. 220 at 1, 5.

Rule 38, Federal Rules of Criminal Procedure, provides, in pertinent part "[i]f the defendant appeals, the district court . . . may stay—on any terms considered appropriate—any sentence providing for restitution . . . ."  Fed. R. Crim. P. 38(e)(1). "Use of the word 'may' as well as the phrase 'on any terms considered appropriate' shows that the decision to issue a stay is committed to the discretion of the sentencing court."  *United States v. Bird*, No. 2:09cr15, 2009 WL 4801374, *2 (W.D.N.C. Dec. 8, 2009) (citing *United States v. Parikh*, 858 F.2d 688 (11th Cir. 1988)).   Here, although Defendant is not requesting a stay of her sentence in its entirety, the provisions of Rule 38 are instructive.   Upon review of the Application, Opposition and Response, and because the government does not oppose Defendant's request for a stay pending appeal, the Court will exercise its discretion and stay resolution of the Application until Defendant's appeal is resolved by the Eleventh Circuit.

Because the Court intends to stay resolution of the Application pending appeal, the remaining issue before the Court is to determine "appropriate" terms of the stay. Fed. R. Crim. P. 38(e)(1).   The government has requested that Defendant post a bond or otherwise comply with the provisions of Rule 38(e)(2), Federal Rules of Criminal Procedure, to ensure Defendant's compliance with the restitution order after

resolution of the appeal.  The government states that it recognizes "that there may be practical difficulties with the liquidation of a retirement account and subsequent return of those funds to their prior position should the defendant prevail in her appeal," and requests that Defendant be ordered to post a bond equal to the amount owed in restitution or court costs, or "[i]n the alternative, if the defendant is unable to secure a sufficient bond, the United States requests that the defendant be ordered to make a full and complete disclosure of all of her assets" by completing a financial disclosure form so that a restraining order may issue against those assets.  Doc. 220 at 6; *see* Doc. 220-1.  The government's request for a protective measure to ensure Defendant's compliance with the restitution order should her appeal be denied is well-taken.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Opposition to Application for Writ of Garnishment, construed as a motion to stay resolution of the Application (Doc. 217), is **GRANTED in part**.  The motion is granted to the extent that the Court will stay resolution of the Application pending appeal; however, **the stay will not become effective until Defendant has demonstrated compliance with the following:**

   a. Defendant is directed, on or before **February 27, 2015**, either to post and file with the Clerk of Court a bond in the sum equal to the amount owed in restitution and court costs, or, if she is unable to secure such bond, provide full and complete disclosure of her

assets to the government by completing a financial disclosure form.

2. The government's Application for Writ of Garnishment (Doc. 214) is **TAKEN UNDER ADVISEMENT**. The government is directed to notify the Court within **ten (10) days** of the Eleventh Circuit's resolution of Defendant's appeal, at which time the Court will consider the merits of the Application.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record