## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs

PATRICIA LYNN HOUGH

Case Number: 2:13-cr-72-FtM-29CM

USM Number: 58807-018

Bruce L. Udolf, Retained
Suite 1400
500 E Broward Blvd
Ft Lauderdale, FL 33394

## JUDGMENT UPON REMAND FROM THE ELEVENTH CIRCUIT IN A CRIMINAL CASE

The defendant was found guilty to Counts One, Six, Eight, Nine, Six, Eight, and Nine of the Indictment.  Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | April 15, 2011 | One |
| 26 U.S.C. § 7206(1) | Filing a False Tax Return | September 15, 2006 | Six |
| 26 U.S.C. § 7206(1) | Filing a False Tax Return | April 15, 2008 | Eight |
| 26 U.S.C. § 7206(1) | Filing a False Tax Return | April 15, 2009 | Nine |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

The defendant has been found not guilty on Count Seven.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:  May 9, 2014
Date of Re-Sentencing:  January 22, 2016

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

January _____22_____, 2016

**PATRICIA LYNN HOUGH**
**2:13-cr-72-FtM-29CM**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TIME SERVED, as to each count to be served concurrently.

The defendant shall report to her U.S. Probation Officer immediately.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

PATRICIA LYNN HOUGH
2:13-cr-72-FtM-29CM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 Years as to Count One, 1 year as to Counts Six, Eight & Nine, to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived.  However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

PATRICIA LYNN HOUGH
2:13-cr-72-FtM-29CM

11.     The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2.     The defendant shall provide the probation officer access to any requested financial information.

3.     The defendant shall cooperate with the Internal Revenue Service regarding all outstanding taxes, interest, and penalties relating to the offense of conviction.

4.     The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

5.     The mandatory drug testing requirements of the Violent Crime Control Act are waived.  However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

6.     **The defendant shall participate in the Home Detention program for a period of 90 days.**  During this time, the defendant will remain at her place of residence except for employment and other activities approved in advance by the probation office. The defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the probation office.  Further, the defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the probation office based on your ability to pay.

7.     The defendant is authorized to travel domestically and internationally, but defendant first must provide the probation officer and the government in advance with the dates and a written itinerary. All travel must be lawful and funding for travel may not be obtained from any funds directly or indirectly  from the Saba Foundation. The Court authorizes up to three international trips per year without prior Court approval.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

PATRICIA LYNN HOUGH
2:13-cr-72-FtM-29CM

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | COST OF PROSECUTION | Total Restitution |
|---|---|---|
| $400.00 (if not previously paid) | $42,732.27 | $5,529,135.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Tax Year or Period and Items | Amount of Restitution Ordered |
|---|---|---|
| INTERNAL REVENUE SERVICE | 2007 | $5,529,135.00 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Special Assessment in the amount of $400.00 is due in full and immediately, if not previously paid.

**Upon release from imprisonment, the defendant shall pay restitution in the amount of $5,529,135.00. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the Internal Revenue Service. The defendant shall begin making payments comprised of 10% of her net monthly income. This payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay.**

**The defendant is hereby ordered to pay a cost of prosecution of $42,732.27. The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of her ability.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.