UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 2:13-cr-72-FtM-29CM |
| PATRICIA LYNN HOUGH, | : |
| Defendant, | : |
| and | : |
| VALIC RETIREMENT SERVICES COMPANY, | : |
| Garnishee. | : |

## RENEWED APPLICATION FOR WRIT OF GARNISHMENT

Plaintiff United States of America, by and through the undersigned Assistant United States Attorney, makes a renewed application in accordance with 28 U.S.C. § 3205[1] for an order directing the Clerk of Court to issue a Writ of Garnishment upon the Judgment entered against defendant Patricia Lynn

---

[1] Section 3205 states: "(a) In general.--A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located. A court may issue simultaneous, separate writs of garnishment to several garnishees. A writ of garnishment issued under this subsection shall be continuing and shall terminate only as provided in subsection (c)(10)."

Hough, Social Security Number \*\*\*-\*\*-7780, whose last known address is Sarasota, Florida 34236.[2]

On May 12, 2014, a Judgment was entered against defendant and in favor of the United States in the Middle District of Florida for a special assessment of $400.00, restitution in the amount of $15,518,382.00, and costs of prosecution in the amount of $42,732.27.  Doc.195. Subsequently, the defendant filed a Notice of Appeal (Doc. 198) and the Court ordered a stay (Doc. 224) of the government's initial Application for Writ of Garnishment (Doc. 214) pending the outcome of the appeal. On September 9, 2015, the United States appellate court for the Eleventh Circuit vacated the Judgment and ordered the matter returned to the District Court for further proceedings (Doc. 226) in part to resolve the amount of the defendant's restitution obligation. Thereafter, the District Court issued an Order denying the initial Application for Writ of Garnishment without prejudice. Doc. 227.  On January 22, 2016, this Court re-entered a criminal judgment (Doc. 243) against the defendant which included a revised restitution amount of $5,529,135.00.

---

[2] Although the statute calls for the defendant's last known address to be listed, the ECF website states: "All filers must redact ... [i]n criminal cases, home addresses, in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1.  This requirement applies to all documents, including attachments."  In a garnishment, the statute requires the last known address in order for the garnishee and the United States to provide notice to the judgment debtor.  As this account either belongs to the defendant or is an account from which the defendant receives payments, the garnishee has the information necessary to provide notice.  Additionally, the United States has the information necessary to provide notice.

Defendant has paid the special assessment in full, and made payments totaling $2,333.69 toward the restitution.  As of April 18, 2016, the total balance on the debt is $5,574,402.20. This consists of restitution in the amount of $5,531,669.93 (principal in the amount of $5,526,801.31, and interest in the amount of $4,868.62) and the costs of prosecution (which accrues no interest) in the amount of $42,732.27.  Interest continues to accrue on the restitution after April 18, 2016, at the rate of .520% per annum.  (See Declaration attached hereto as Exhibit A.)

Demand for payment of the above-stated debt was made upon defendant on March 15, 2016, at least 30 days has elapsed since that demand, and defendant has failed to satisfy this debt.

Garnishee is believed to be in possession of property in which defendant has a substantial nonexempt interest, including, but not limited to, a Simplified Employee Pension Plan, account number xxx0588.[3]  This Writ is intended to compel Garnishee to pay defendant's nonexempt property to the United States. [4]

---

[3]  The ECF website states: "All filers must redact ... financial account numbers".  This requirement applies to all documents, including attachments."  The garnishee is aware of the account number to which this application applies.

[4]  Retirement and pension benefits may be garnished in order to enforce a restitution order despite ERISA's non-alienation provisions.  The Mandatory Victim Restitution Act (MVRA) contains an "explicit statutory override" of the non-alienation provisions of ERISA.  *United States v. Novak*, 476 F.3d 1041, 1047-48 (9th Cir. 2007) (en banc) ("MVRA's criminal restitution enforcement orders do override ERISA's alienation restrictions"); *see also United States v.Decay,* 620 F.3d 534, 540 (5th Cir. 2010) ("MVRA allows garnishment of defendant's retirement benefits to satisfy a criminal restitution order").

The name and address of Garnishee or its authorized agent is:

Valic Retirement Services Company
c/o Florida Chief Financial Officer as RA
Service of Process Section
P.O. Box 6200
Tallahassee, FL 32314-6200

The United States will serve the garnishee and the judgment debtor with a copy of the Writ of Garnishment once issued, and will certify to the Court that this service was made.

Based upon the foregoing, the United States of America respectfully requests the Court to enter an Order directing the Clerk of Court to issue a Writ of Garnishment.

                                Respectfully submitted,

                                A. LEE BENTLEY, III
                                United States Attorney

By:    s/Suzanne C. Nebesky_____
        SUZANNE C. NEBESKY
        Assistant United States Attorney
        Florida Bar Number 59377
        Financial Litigation Unit/TD
        400 North Tampa Street, Suite 3200
        Tampa, Florida  33602
        Telephone:   (813) 301-3069
        Facsimile:    (813) 301-3103
        E-mail: FLUDocket.mailbox@usdoj.gov

Dated: April 19, 2016