IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cr-00072-FtM-JES |
| | ) | |
| PATRICIA LYNN HOUGH, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT HOUGH'S MOTION FOR EARLY TERMINATION OF SUPERVISED REELEASE

COMES NOW the United States, by and through counsel, and files this opposition to Defendant Patricia Hough's Motion for Early Termination of Supervised Release ("Motion").

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after one year of supervised release and after considering certain factors set forth in section 3553(a), terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and in the interest of justice. In determining the conditions of supervised release, the Court considers numerous factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes from the defendant. *See* 18 U.S.C. § 3553(a), *see also United States v. Reagan*, 162 F.App'x 912, 914 (11th Cir. 2006). District courts in the Eleventh Circuit have stated "early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good

1

15680879.1

behavior." *See United States v. West*, No. 5:00-cr-23(HL), 2011 Wl 1458723, at *1 (M.D. Ga. Apr. 15, 2011); (citing *United States v. Reisner*, No. 4:06-cr-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008)).

The government opposes the defendant's Motion because she has a significant restitution obligation of more than $5 million that remains umpaid.  Pursuant to 18 U.S.C. §§ 3564(c) and 3553(a)(7), restitution is an essential factor to consider when deciding whether to permit a defendant's term of probation to terminate early. On November 17, 2016, Defendant Hough entered into a Payment Agreement to satisfy a portion of her restitution and under the Agreement she has specific obligations. *See* Exhibit 1.  Specifically, the defendant "agrees to sell the property located in [Sarasota, Florida], and to apply 75% of the net proceeds from the sale of the Property to the outstanding restitution obligation." *Id.* at pg. 4. The defendant has until January 31, 2018, to sell the property, otherwise, the defendant agrees to allow the United States to market and sell the Property.  *Id.* at p. 5.  Further, "[i]f any payment outlined above is not received by the noted due date or if Hough does not comply with any terms or conditions above, Hough shall be deemed in default of this Agreement." *Id.* at p. 6.  This Agreement was executed less than one year ago, and it is the government's understanding that the provision concerning the timing of the sale of this property was at the defendant's request.

The government submits that the defendant should remain on supervised release until <u>at least</u> January 31, 2018, to ensure her compliance with the Payment Agreement and the obligations she requested.  The defendant has served just half of

2

the three-year term of supervised release ordered and still owes more than $5 million in restitution.  Continued supervision is the most effective way to ensure she continues paying restitution and that the IRS is afforded full and timely restitution as required by 18 U.S.C. § 3771.

Further, the government is surprised to learn from the defendant's Motion that she has been traveling internationally, as the government has never been notified of any travel, despite this being a special condition of her supervised release.  *See* Dkt. #243, Judgment Upon Remand from the Eleventh Circuit in a Criminal Case, at p. 4 (Condition 7: The defendant is authorized to travel domestically and internationally, but defendant first must provide the probation officer and the government in advance with the dates and a written itinerary. All travel must be lawful and funding for travel may not be obtained from any funds directly or indirectly from the Saba Foundation. The Court authorizes up to three international trips per year without prior Court approval).

The defendant's Motion also states that defense counsel consulted with the defendant's Probation Officer, John Holderman, who "confirmed that Dr. Hough has been fully compliant with all the conditions of her release…" and that "Mr. Holderman does not oppose the relief requested." *Id.*  On July 28, 2017, the undersigned spoke with Mr. Holderman who stated that he informed defense counsel that his position would be that he defers to the Court and does not take a position on the relief.

3

15680879.1

The defendant received a significant downward variance at sentencing and her term of supervised release is part of her punishment.  The conditions are not onerous and help ensure that the defendant continues to satisfy her significant restitution obligation.  While the defendant has reportedly complied with the terms of supervised release and additional payments (though forced garnishment) have been applied toward restitution, she has not demonstrated any exceptional circumstances to justify early termination of supervised release.  *See Reisner*, 2008 WL 3896010, at 1; *see also, e.g., United States v. Atkin*, 38 Fed. Appx. 196, 197 (6th Cir. 2002) (Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior).

WHEREFORE, the United States of America respectfully requests that this Court deny Defendant's request for early termination of supervised release.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By:    *s/ Caryn D. Finley*
CARYN D. FINLEY
Assistant Chief,
Department of Justice, Tax Division
601 D Street, NW
Washington, DC 20004
Telephone:   (202) 514-5145
Facsimile:   (239) 461-2219
E-mail:       caryn.finley@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2017, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notification of that

electronic filing (NEF) to the following:

Bruce L. Udolf
Nathan J. Hochman
Daniel Saunders

> */s/ Caryn D. Finley*
> CARYN D. FINLEY
> Assistant Chief, Department of Justice,
> Tax Division
> 601 D Street, NW
> Washington, DC 20004
> Telephone:   (202) 514-5145
> Facsimile:   (239) 461-2219
> E-mail:        caryn.finley@usdoj.gov

5