UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 2:13-cr-FtM-29CM

PATRICIA LYNN HOUGH

## PAYMENT AGREEMENT

### I.  BACKGROUND

On October 24, 2013, after a twelve-day jury trial, the defendant Patricia Lynn
Hough was found guilty of one count of conspiracy to defraud the United States and
three counts of willfully filing false tax returns.   On January 22, 2016, an amended
judgment was entered in the United States District Court, Middle District of Florida
against Hough which imposed, among other things, restitution in the amount of
$5,529,135.00. Doc. 243.

Demand for payment of the restitution debt was made upon Hough on March 15,
2016.   On June 3, 2016, upon applications by the United States, the Court issued writs
of garnishment to Valic Retirement Services Company (Valic) (Doc. 253) and Bank of
America (BOA) (Doc. 255) for the purpose of garnishing any property of Hough's in their
possession that could be applied to the restitution obligation.   On June 20, 2016, BOA
filed an answer to the writ stating that it had set aside $50,998.90 from an account in
Hough's name, ending in 9374.   Doc. 257.   On July 13, 2016, Valic filed its answer to
the writ stating that Hough has an annuity policy with Valic ending in 0588 with a value

1

of $359,882.81 as of the date of the answer.   Doc. 262.

Although Hough has paid a small portion of her restitution, $3,818.76, as of September 28, 2016, she currently owes $5,542,981.92, consisting of a principal balance of $5,525,316.24, and interest in the amount of $17,665.68, which accrues at the rate of .520% per annum.

In an effort to reach a resolution, and based upon the financial information Hough furnished to the United States Attorney's Office, Financial Litigation Unit, on August 2, 2016, which is attached and incorporated as Exhibit A, the parties have agreed to the terms and conditions below with regards to Hough's repayment of the outstanding restitution.

## II. AGREEMENT

This Payment Agreement (Agreement) is entered into between the United States of America and defendant Patricia Lynn Hough based upon financial information defendant furnished to the United States on August 2, 2016, which is attached and incorporated as Exhibit A.

1.   Hough agrees that she is liable for the current debt balance of $5,542,981.92, consisting of a principal balance of $5,525,316.24, and interest in the amount of $17,665.68, which accrues at the rate of .520% per annum (outstanding restitution). Hough agrees that she is liable for this outstanding restitution.

2.   The outstanding restitution shall be paid as follows:

a.   Hough agrees to relinquish any interest she may have in Valic annuity policy ending in 0588.   She further agrees not to oppose the United States'

pending garnishment action with respect to this account.   Hough agrees that she will sign any documents necessary to effectuate the garnishment and liquidation of this account so that funds ultimately received by the United States from Valic annuity policy ending in 0588 can be applied to her outstanding restitution.

b.      Hough similarly agrees to relinquish any interest she may have in BOA Money Market Savings account ending in 9374.   She further agrees not to oppose the United States' pending garnishment action with respect to this account. Hough agrees that she will sign any documents necessary to effectuate the garnishment and liquidation of this account so that funds ultimately received by the United States from BOA Money Market Savings account ending in 9374 can be applied to her outstanding restitution.

c.      Hough agrees, within 10 days of executing this agreement, to tender a cashier's check for 50% of the current balance of Vanguard investment accounts xxxx-xxxxxxx6089 and xxxx-xxxxxxx6089, held jointly with Charlene Lee Varga, made payable to "Clerk, U.S. District Court" and with the case number referenced on the check, to the United States Attorney's Office, 400 N. Tampa Street, Suite 3200, Tampa, Florida 33602, Attn: Tori Davis. Hough agrees to provide an account statement along with the cashier's check confirming the account balance immediately prior to liquidation and verifying that no additional funds have been withdrawn since September 20, 2016.   Upon receipt of these funds, the United States agrees that it will not pursue the amount remaining in the Vanguard accounts which belong Charlene Lee Varga.

d.      Hough agrees, within 10 days of executing this agreement, to tender a second cashier's check in the amount of $50,000.00, made payable to "Clerk, U.S. District Court" and with the case number referenced on the check, to the United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602, Attn: Tori Davis.

e.      Hough agrees to sell the real property located at ▓▓▓ Selby Lane, Unit 7, Sarasota, Florida 34236, currently held in trust by the Patricia Hough Revocable Trust (the Property), and to apply 75% of the net proceeds from the sale of the Property to the outstanding restitution obligation, in accordance with the following terms:

i.      The United States agrees to allow Hough to market the Property for sale utilizing a realtor of her choice, and in connection therewith, pay such realtor a normal fee for services rendered with respect to the sale of the Property, which should not exceed 6% of the sale price.   Hough will promptly provide a copy of the listing agreement to the United States. Prior to the sale of the Property, Hough will allow the United States, at its discretion, to access the Property in order for the United States to conduct an appraisal to evaluate the fair market value of the Property.

ii.      Upon obtaining an offer to purchase the Property on terms and conditions acceptable to Hough, Hough will notify the United States of the intended sale and, unless the United States objects to the sale within 10 business days of receipt of the Offer to Purchase, Hough will move forward toward closing the sale.   Before the United States can approve

4

the sale of the Property, Hough must provide the United States with the anticipated or proposed HUD-1 settlement statement.   The United States will approve the sale provided that the sale price is commercially reasonable, *i.e.,* equals or is within 5% of the fair market value of the Property, as determined by the United States' appraiser, and the seller is obligated to pay only the usual and customary closing costs for Florida real estate transactions.

iii.     At closing, any and all mortgages, or other valid liens against the Property, and property taxes, shall be paid in accordance with their priority under Florida law.   In addition, the United States shall be reimbursed for the costs associated with obtaining the appraisal, if any, of the Property.

iv.     After payment of all usual and customary closing costs associated with the sale, and the amounts set forth in the preceding paragraph, 75% of the net proceeds due to the seller at closing shall be paid to the "Clerk, U.S. District Court," for application towards Hough's restitution obligation.   Proof of payment shall be simultaneously provided to the United States.

v.     If the Property is not sold by January 31, 2018, unless agreed otherwise by the parties, Hough agrees to allow the United States, at its option, to market and sell the Property, in accordance with either the Federal Debt Collection Procedures Act or any applicable federal statute.

5

3.      If any payment outlined above is not received by the noted due date or if Hough does not comply with any terms or conditions above, Hough shall be deemed in default of this Agreement; however, Hough shall have 5 days after notice to Hough and/or to Hough's attorney of the delinquency to cure the default.   It is further agreed that in the event of the failure of Hough to make any of the above-specified payments, or default on this Agreement, the United States Attorney will and may at his/her option, declare this Agreement null and void, and the United States will proceed to execute on the judgment as allowed by law without further notice to Hough.

4.      Hough agrees that she is required to submit a completed financial statement upon request by the United States of America, **but at least annually,** at any time while her restitution obligation remains outstanding and that this Agreement is subject to change based on her ability to pay as reflected in the financial statement. Hough agrees that she has an ongoing obligation to disclose to the United States any material change in her economic circumstances that might affect her ability to pay restitution, including, but not limited to, any new or additional sources of income, and further agrees that the United States may seek a regularly monthly payment from Hough in the event her income increases.

5.      Contingent upon Hough's compliance with the terms of this Agreement, the United States agrees, for purposes of enforcement of the outstanding restitution, not to pursue any additional assets identified by Hough in her August 2, 2016 financial affidavit attached as Exhibit A.

6.      In addition to the payments outlined above, Hough's debt will be submitted

6

to the Department of Treasury for inclusion in the Treasury Offset Program.   Under this program, any federal payment for which Hough would normally be eligible may be offset and applied to this debt.

7.     This Agreement contains a complete description of the bargain between the parties. All material representations, understandings, and promises of the parties are contained in this Agreement.   Any modification must be set forth in writing by all parties. Hough represents that this Agreement is entered into with knowledge of the events described herein. Hough further represents that this Agreement is voluntarily entered into to repay the restitution debt in this case.

Our signatures are proof that each party fully understands the implications of this Agreement.

_____  11/17/2016
PATRICIA L. HOUGH                 DATE

_____  11/17/2016
BRUCE UDOLF, Esquire              DATE
Attorney for the Defendant


FOR THE UNITED STATES:

_____  11/18/16
SUZANNE C. NEBESKY                DATE
Assistant United States Attorney

7