UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                               CASE NO: 2:13-cr-72-FtM-29CM

PATRICIA LYNN HOUGH

**ORDER**

This matter comes before the Court on defendant's Motion for Early Termination of Supervised Release (Doc. #271), filed on July 26, 2017. The government filed a Response in Opposition (Doc. #272) on July 28, 2017. Early termination of supervised release is permissible if, after considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the conduct of defendant and the interests of justice. 18 U.S.C. § 3583(e)(1).

On May 12, 2014, the Court issued a Judgment in a Criminal Case (Doc. #195) sentencing defendant to a term of 24 months as to each count to be served concurrently, a term of supervised release, and restitution. On January 22, 2016, the Court issued a Judgment Upon Remand From the Eleventh Circuit in a Criminal Case sentencing defendant to time served, a term of supervised release (36 months as to Count One, 12 months as to Counts Six, Eight and Nine, to run concurrently), and restitution in the amount of $5,529,135.00. (Doc. #243.)  On April 21, 2016, the Court returned defendant's

passport to her possession subject to the additional conditions imposed in the Judgment Upon Remand, and specifically:

> The defendant is authorized to travel domestically and internationally, but defendant first must provide the probation officer and the government in advance with the dates and a written itinerary. All travel must be lawful and funding for travel may not be obtained from any funds directly or indirectly from the Saba Foundation. The Court authorizes up to three international trips per year without prior Court approval.

(Doc. #243, p. 4, ¶ 7.)[1]

Defendant argues that she has completed more than half of her period of supervised release, and now seeks early termination so that she can begin employment as the medical director of American Medical Resources Foundation, which requires extensive international travel. Defendant argues that remaining under supervision would be unduly burdensome. Defendant states that defendant's supervising United States Probation Officer does not oppose the relief.[2]

The government argues that defendant has a significant and outstanding restitution obligation. Although defendant has agreed

---

[1] The Court notes that the government was "surprised to learn" that defendant has travelled internationally, and the government was never notified despite this condition. (Doc. #272, p. 3.)

[2] The government states that the response from United States Probation was actually that "he defers to the Court", and takes no position on the motion. (Doc. #272, p. 3.)

to sell property in Sarasota, Florida, and to apply the proceeds from the sale to the obligation, defendant has until January 31, 2018, to sell the property, or the government will market and sell the property. Therefore, the government argues that defendant should remain on supervised release until at least January 31, 2018, to ensure compliance.

Having considered the relevant factors, the Court finds that early termination of supervised release is not warranted at this time. Defendant currently has the ability to travel, including internationally, and defendant has not demonstrated that the current conditions are unduly burdensome. The Court would reconsider a second motion after the January 31, 2018, if the restitution is significantly lowered.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Early Termination of Supervised Release (Doc. #271) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida this \_\_1st\_\_ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
U.S. Attorney
U.S. Probation

3