IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:13-cr-00072-FtM-JES |
| | ) |
| PATRICIA LYNN HOUGH, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT HOUGH'S RENEWED MOTION FOR EARLY TERMINATION OF SUPERVISED REELEASE**

COMES NOW the United States, by and through counsel, and files this opposition to Defendant Patricia Hough's Renewed Motion for Early Termination of Supervised Release ("Motion").

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may, after one year of supervised release and after considering certain factors set forth in section 3553(a), terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and in the interest of justice. In determining the conditions of supervised release, the Court considers numerous factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes from the defendant. *See* 18 U.S.C. § 3553(a), *see also United States v. Reagan*, 162 F.App'x 912, 914 (11th Cir. 2006). District courts in the Eleventh Circuit have stated "early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good

1

behavior." *See United States v. West*, No. 5:00-cr-23(HL), 2011 Wl 1458723, at *1 (M.D. Ga. Apr. 15, 2011); (citing *United States v. Reisner*, No. 4:06-cr-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008)).

The government opposes the defendant's Motion because she still has a significant restitution obligation of more than $5 million that remains unpaid.  The Payment Agreement (Doc. 274-2) is the method under which the United States and the Internal Revenue Service are obtaining collection.  Pursuant to 18 U.S.C. §§ 3564(c) and 3553(a)(7), restitution is an essential factor to consider when deciding whether to permit a defendant's term of probation to terminate early.  On November 17, 2016, Defendant Hough entered into the Payment Agreement to satisfy a portion of her restitution and under the Agreement she has specific obligations. *See* Doc. 274-2.  Specifically, the defendant "agrees to sell the property located in [Sarasota, Florida], and to apply 75% of the net proceeds from the sale of the Property to the outstanding restitution obligation." *Id*. at pg. 4. The Payment Agreement had terms that permitted the defendant until January 31, 2018, to sell the property, otherwise, the defendant agrees to allow the United States to market and sell the Property. *Id*. at p. 5.  Presently, the property has yet to sell and the defendant has received two extensions from the Financial Litigation Unit (FLU) to these terms.  The defendant has engaged a real estate broker to sell the Property and is working with the FLU to assess whether the list price should be reduced.

Further, the government spoke with Revenue Officer (RO) Bryan Morris who is the author of the Internal Revenue Service (IRS) letter attached to defendant's

Motion. *See* Doc. 274-4. RO Morris told the undersigned that the reason the IRS closed the case as "Currently Not Collectible" is because the defendant was subject to the Payment Agreement and there were no other domestic assets presently available for collection. The IRS is relying on the Payment Agreement for collection of the unpaid taxes. Therefore, the need for the defendant to remain on supervised release ensures that the victim – the IRS – collects and receives as much restitution as possible. Continued supervision is the most effective way to ensure she continues paying restitution[1] and that the IRS is afforded full and timely restitution as required by 18 U.S.C. § 3771.

As previously argued, the defendant received a significant downward variance at sentencing and her term of supervised release is part of her punishment. The conditions are not onerous and help ensure that the defendant continues to satisfy her significant restitution obligation. While the defendant has reportedly complied with the terms of supervised release and additional payments (through forced garnishment) have been applied toward restitution, she has not demonstrated any exceptional circumstances to justify early termination of supervised release. *See Reisner*, 2008 WL 3896010, at 1; s*ee also, e.g., United States v. Atkin*, 38 Fed. Appx. 196, 197 (6th Cir. 2002) (Early termination of supervised release is a discretionary

---

[1] The government also understands that the defendant recently began receiving income from her employment with the American Medical Resources Foundation. This new information may cause the FLU to evaluate whether the defendant should be paying over some portion of that income to satisfy restitution.

decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior).

WHEREFORE, the United States of America respectfully requests that this Court deny Defendant's request for early termination of supervised release.

                                        Respectfully submitted,

                                        MARIA CHAPA LOPEZ
                                        United States Attorney

                                        By:    *s/ Caryn D. Finley*
                                        CARYN D. FINLEY
                                        Assistant Chief,
                                        Department of Justice, Tax Division
                                        601 D Street, NW
                                        Washington, DC 20004
                                        Telephone:  (202) 514-5145
                                        Facsimile:   (239) 461-2219
                                        E-mail:        caryn.finley@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Bruce L. Udolf
Nathan J. Hochman
Daniel Saunders

                                                /s/ *Caryn D. Finley*
                                                CARYN D. FINLEY
                                                Assistant Chief, Department of Justice,
                                                Tax Division
                                                601 D Street, NW
                                                Washington, DC 20004
                                                Telephone:   (202) 514-5145
                                                Facsimile:    (239) 461-2219
                                                E-mail:         caryn.finley@usdoj.gov

16521891.1