```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                  CASE NO: 2:13-cr-72-FtM-29CM

PATRICIA LYNN HOUGH

---

**ORDER**

This matter comes before the Court on defendant's *Renewed* Motion for Early Termination of Supervised Release (Doc. #274), filed on May 2, 2018.  The United States Attorney's Office filed a Response in Opposition (Doc. #275) on May 4, 2018.  For the reasons set forth below, the motion is granted.

Early termination of supervised release is permissible if, after considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the conduct of defendant and the interests of justice.  18 U.S.C. § 3583(e)(1). The Probation Office reports that defendant has been compliant, and therefore does not oppose the motion.  The government opposes the motion because defendant still has a significant restitution obligation, and supervision of payment is necessary.

On August 1, 2017, the Court denied a previous request for early termination because defendant had not demonstrated that the conditions were in fact unduly burdensome.  The Court did indicate

that it would entertain a second motion after January 31, 2018, if the restitution was significantly lowered. (Doc. #273.)

In the current motion, defendant states that she has been employed full-time since she began her term of supervised release. Defendant has been working towards having her full medical license reinstated, and has cooperated with payments towards restitution. Since February 2016, 15% of her social security check has been going to the United States Attorney's Office. On November 17, 2016, defendant entered into a formal agreement with the government to sell her home and liquidate her retirement and savings accounts. Thus far, defendant has paid $802,714.54 towards restitution. Once the house is sold, the government will receive 75% of the sale proceeds towards restitution with the remaining amount going to attorney fees. Defendant has now completed more than two thirds of her supervised release, and her employment will require travel to countries with restrictions on persons on supervised release.

In this case, the only factor at issue for the government appears to be the outstanding restitution. Defendant has been actively paying towards that obligation. Given the amount of the restitution, however, it is highly unlikely that restitution will be fully paid even if supervised release was allowed to run its course. As with many other defendants, the restitution obligation will continue after termination of supervised release. The early termination of the remaining period of supervised release would

not change the obligation, or significantly impact collection efforts. Indeed, it may have the opposite effect. Having considered the relevant factors, the Court finds that early termination of supervised release is in the interest of justice.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Early Termination of Supervised Release (Doc. #274) is **GRANTED**. Absent further order of the Court, defendant's supervised release shall terminate at **noon on May 14, 2018**.

**DONE AND ORDERED** at Fort Myers, Florida this __10th__ day of May, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
U.S. Attorney
U.S. Probation

3